UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 23 P 2: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

## 05 CV 10355 NG

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans | ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, WHITE & WILLIAMS, LLP, SCIALABBA & MORRISON, P.C., ANTHONY L. SCILABBA & ASSOCIATES, P.C. THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMTIVE EMPLOYER CONTRIBUTION PLAN, **Defendants.** | ) ) ) ) ) ) ) ) ) |

Civil Action No. _____

RECEIPT #_____
AMOUNT $_____ 250.00
SUMMONS ISSUED___ ✗___
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.___ M.P.___
DATE_____ 2/23/05

MAGISTRATE JUDGE_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      Plaintiffs are participants in two ERISA plans established by their former

employer, Standard Automotive Corporation ("Standard"), a 401(k) plan and an employer

contribution plan (the "Plans"). Plaintiffs' employment with Standard ended on August 7, 2002

when the division for which they worked was sold to Ranor, Inc. In November 2002, the

plaintiffs, together with the majority of participants in the Plans, requested that their 401(k)

accounts be distributed or "rolled over" into their new employer's 401(k) Plan. This request was

denied by the Plans' administrator without an adequate explanation. Plaintiffs' 401(k) funds, the

vast majority of which derive from employee contributions of their pre-tax wages, have now been

held for over two years beyond their reach. During this period, approximately 34% of each

participant's savings account balance has been deducted for administrative fees and expenses. The plan administrator has just revealed that some $358,871.41 was expended in 2004 alone for fees and expenses that conferred no benefit on Plan participants. On information and belief, plan administrators and those in concert with them have taken approximately $800,000 from total plan assets of approximately $2,300,000.

    2.     Plaintiffs bring this action under ERISA for injunctive relief, to recover benefits due them under the Plans, for relief based upon certain Defendants' fiduciary duty breaches, including payment from the Plans of unreasonable compensation to fiduciaries and other parties in interest, and for failure to provide requested information to plan participants. In short, this action is brought by Plaintiffs to stop the looting of their retirement savings and to seek full restitution to the Plans for the damage done.

## PARTIES

    3.     Plaintiff Mary Desmond is an individual who resides at 124 Lincoln Ave., Winchendon, Massachusetts.

    4.     Plaintiff Thomas Ziobrowski is an individual who resides at 384 Forristall Road, Winchendon, Massachusetts.

    5.     Plaintiff Paul Watts is an individual who resides at 7 Crystal Street, Wakefield, Middlesex County, Massachusetts.

    6.     Defendant Anthony L. Scialabba (hereinafter "Scialabba") is an individual who conducts business at 1002, Lincoln Drive, Marlton, New Jersey and, on information and belief, resides at 7 Progress Place, Vooorhees, New Jersey, 08043.

    7.     Defendant Morton C. Batt ("Batt") is an individual who, on information and

2

belief, resides at 1804 Morris Drive, Cherry Hill, New Jersey.

8.      Defendant White and Williams LLP ("White & Williams") is a Pennsylvania limited liability general partnership with its principal place of business at 1800 One Liberty Place, Philadelphia, Pennsylvania.

9.      CitiStreet LLC (hereinafter, "CitiStreet") is a Delaware limited liability company with its principal place of business at Three Batterymarch Park, Quincy, Norfolk County, Massachusetts.

10.      Scialabba & Morrison, P.C. is a New Jersey professional corporation with its principal place of business  at 1002 Lincoln Drive West, Suite B, Marlton, New Jersey.

11.      Anthony L. Scialabba & Associates, P.C.  ("ALS") is, on information and belief, a New Jersey professional corporation with its principal place of business at 1002 Lincoln Drive, Marlton, New Jersey.

12.      The Standard Automotive Corporation 401(k) Plan and Employer Contribution Plan (the "Plans") are made nominal defendants for the purposes of providing complete relief.

**JURISDICTION**

13.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this case is based upon one or more causes of action arising under the laws of the United States, including under Section 502(a)(3) of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(3) (hereinafter, "ERISA").

14.      This District is an appropriate venue for this case pursuant to 28 U.S.C. § 1391(b) and ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

15.    Standard Automotive Corporation sponsored two employee benefit plans the Standard Automotive Corporation 401(k) Plan and the Standard Automotive Employer Contribution Plan (together, the "Plans").

16.    The Plans are employee pension and benefits plan subject to the protections and requirements of ERISA.

17.    At all relevant times and currently, Plaintiffs are Participants in the Plans.

18.    At all relevant times and currently, Defendants Batt, Scialabba and CitiStreet have served as fiduciaries under the Plans.

19.    At all relevant times and currently, Defendants ALS, Scialabba & Morrison, P.C., White and Williams LLP, Scialabba and CitiStreet have been "parties in interest" with respect to the Plans.

20.    On or about August 7, 2002, the Plaintiffs' employment with Standard terminated when Standard sold their division to Ranor, Inc.

21.    In or about November 2002, Plaintiffs properly sought a distribution or "roll over" of their 401(k) accounts into the 401(k) plan of their new employer.

22.    Defendants failed and refused to "roll over" Plaintiffs accounts and continue to hold Plaintiffs funds over two years after Plaintiffs filed their request for distributions.

23.    Defendants Scialabba's and Batt's purported reason for withholding Plaintiffs' distributions was because of issues with plan termination.   On information and belief, termination of the Plans should have taken only  six (6) months with administrative costs of $35,000 or less.

4

24.    On information and belief, Defendants Scialabba's and Batt's actual purpose in withholding Plaintiffs distributions was to take excessive and unreasonable "administrative" fees for themselves and their affiliates in violation of their fiduciary duties.

25.    Since January 1, 2003, Plaintiffs have had over 30% of their retirement savings deducted from the Plans as "administrative" fees.

26.    On information and belief, the Plans had assets of approximately $2,300,00.00 in January 2003.  As such, Defendants have caused or permitted the Plan has pay over $800,000 in excessive fees and expenses since that time.

### COUNT I – Breach of Fiduciary Duty Under ERISA
### [29 U.S.C. § 1109 and 1132(a)(2)]
### (Plaintiffs v. Defendants Batt, Scialabba, and CitiStreet)

27.    Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1- 26  above as though fully set forth herein.

28.    Defendants Batt, Scialabba and Citistreet have violated their fiduciary duties under ERISA – including the duty to act with the care, skill, prudence, and diligence of a prudent person acting in a like capacity and familiar with these matters – by paying excessive compensation to themselves and others and/or following instructions that permitted such excessive compensation to be paid in violation of ERISA.  In addition, Batt and Scialabba violated their fiduciary duties by failing to promptly and skillfully terminate the Plans and distribute participants' funds.

29.    As a reasonable and proximate result of the foregoing violation, harm has been done both to the Plans and to Plaintiffs personally, in violation of ERISA.

30.    Defendants Batt and Scialabba and CitiStreet are personally liable to reimburse

5

the Plans for harm caused thereto as a result fo their fiduciary duty breaches including

reimbursement of all unreasonable fees paid by and to them.

31.    Plaintiffs also are entitled to such further equitable relief as may be available to

enforce their rights under the Plans, including (without limitation) removal of Batt as plan

administrator/trustee and appointment of a skilled and independent plan administrator to

terminate the plan and properly disburse retirement funds to the participants.

### COUNT II –VIOLATIONS OF ERISA
### [29 U.S.C. §1132(a)(3)]
**(Plaintiffs v. Defendants Batt, Scialabba, CitiStreet, White & Williams, Scialabba & Morrison and ALS )**

32.    Plaintiffs restate and incorporate by reference all of the allegations in

Paragraphs 1-31 above as though fully set forth herein.

33.    Defendants have violated specific provisions of ERISA by paying and or

receiving compensation from the Plans that was more than reasonable in light of the services

rendered including, without limitation,

(i)    over $700,000 (or over one third of participant funds) in administrative fees from January 2003 to the present;

(ii)    $256,933.21 paid to ALS in 2004 alone;

(iii)    $75,000 paid to White & Williams in 2004 alone

(iv)    $23,286.70 paid to Batt in 2004 alone.

34.    As a reasonable and proximate result of the foregoing violation, harm has been

done both to the Plans and to Plaintiffs personally, in violation of ERISA.

35.    Defendants Batt, Scialabba and CitiStreet are personally liable to reimburse the

6

Plans for harm caused thereto as a result of their fiduciary duty breaches and Defendants White & Williams, ALS and Scialabba and Morrison are liable as parties in interest to provide full restitution of amounts received in violation of ERISA.

36.    Plaintiffs also are entitled to such further equitable relief as may be available to enforce their rights under ERISA and the Plans, including injunctive relief, restitution, rescission and "make whole relief" .

## COUNT III – Unlawful Denial of Benefits Under ERISA
### [29 U.S.C. § 1132(a)(1)(B)]
### (Plaintiffs v. Defendant Plans, Batt, CitiStreet and Scialabba)

37.    Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1-36 above as though fully set forth herein.

38.    Having taken all necessary preliminary steps, Plaintiffs and other similarly situated Plan participants are entitled to "roll over" distributions of their Plan accounts in the 401(k) plans of their new employer.

39.    Defendants failed to fulfil their obligation to provide "roll over" distributions under the Plans.

40.    Plaintiffs have exhausted all administrative prerequisites to judicially compel Defendants to fulfill their obligations under the Plans.

41.    As a result of Defendants failure to make requested "roll over" distributions Plaintiffs and those participants similarly situated have suffered monetary loss and injury to their reasonable retirement plans and expectations.

42.    The foregoing conduct of Defendants are in violation of ERISA.

7

**COUNT IV - Unlawful Refusal to Supply ERISA Mandated Information**
**[29 U.S.C. § 1132(c)(1)]**
**(Plaintiffs v. Defendants Batt and Scialabba)**

43.    Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1-42 above as though fully set forth herein.

44.    Since approximately January 2003, Plaintiffs, and other Plan participants, have requested information from Scialabba and Batt during the periods each acted as plan administrator.

45.    Batt and Scialabba failed and refused to provide the requested information as required by ERISA within 30 days of the requests.


**WHEREFORE,** Plaintiffs respectfully request that this Court

A.    Issue a temporary restraining order preventing any further deductions or withdrawals from the Plans to pay any expenses, whether characterized as "administrative expenses" or otherwise, pending further order of this Court; ordering those defendants that have received funds from the Plans to segregate and hold those funds pending the outcome of this litigation; and ordering Morton C. Batt to take no action as administrator or trustee of the Plans without prior approval of this Court;

B.    Issue an order for expedited discovery in this action commencing immediately, and set a schedule for trial of this matter within six months;

C.    After hearing, issue a preliminary injunction preventing any further deductions or withdrawals from the Plans to pay any expenses, whether characterized as "administrative expenses" or otherwise, pending further order of this Court; ordering those defendants that have

8

received funds from the Plans to segregate and hold those funds pending the outcome of this litigation; and ordering Morton C. Batt to take no action as

D.    Enter a judgment in favor of Plaintiffs and against Defendants on Count I ordering that full restitution be made to the Plans by Scialabba, CitiStreet and Batt for unreasonable compensation paid from the Plans and other damage done to the Plans by the unreasonable and excessive delay in terminating the Plans and providing participants with benefits due under the Plans.

E.    Enter a judgment in favor of Plaintiffs and against Defendants on Count II, ordering Defendants to reimburse the Plans for all damages caused, and further awarding Plaintiffs such further equitable relief as may be available and just.

F.    Enter a judgment in favor of Plaintiffs and against Defendants on Count III, ordering Defendants and the Plans to permit a "roll over" distribution of funds of the Plaintiffs and other similarly situated participants.

G.    Enter a judgment in favor of Plaintiffs and against Defendants on Count IV and award Plaintiffs $100 per day for each violation of 29 U.S.C. § 1132(c)(1).

E.    Award Plaintiffs the cost of this suit, including reasonable attorneys' fees and enter an order awarding Plaintiffs such further and additional relief as may be available in law or equity, and which is just in this case.

*    *    *

9

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts so triable.

Plaintiffs,

By their attorneys,

_____
Thomas P. Smith (BBO #555513)
Matthew A. Caffrey (BBO #558901)
CAFFREY & SMITH, P.C.
300 Essex Street
Lawrence, MA 01840
Telephone: (978) 686-6151
Telecopy: (978) 686-3399

Dated: February 23, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Paul Watts, Mary Desmond, Thomas Ziobrowski

**DEFENDANTS**
Anthony Scialabba, Morton Stein, CitiStreet LLC, White & Williams LLP Anthony L. Scialabba 23 Assoc. Scia-

FILED
IN CLERKS OFFICE

**(b)** County of Residence of First Listed Plaintiff **Middlesex MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

labba NOT OF OTHERWISE DISTRICT COURT
DISTRICT OF MASS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas P. Smith, Caffrey & Smith, P.C.
300 Essex St., Lawrence, MA 01840
978-685-6151

Attorney (If Known)

# 05 - 10355 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC sec. 1109
Brief description of cause: ERISA breach of fiduciary duty

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 800,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): none
JUDGE
DOCKET NUMBER

DATE 2/23/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)___Watt v. Scialabba FILED___
    IN CLERKS OFFICE

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See
    local rule 40.1(a)(1)).

    2005 FEB 23 P 2:23

    [ ]   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    U.S. DISTRICT COURT
    DISTRICT OF MASS.
    [XX]  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    [ ]   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,    05 c 10355 NG
                 380, 385, 450, 891.

    [ ]   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.     150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.
            none

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES [ ]     NO [XX]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)
                                                                        YES [ ]     NO [XX]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES [ ]     NO [XX]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES [ ]     NO [XX]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                                        YES [ ]     NO [XX]

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division [ ]          Central Division [ ]          Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies,  residing in Massachusetts reside?

         Eastern Division [XX]         Central Division [ ]          Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)
                                                                        YES [ ]     NO [XX]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Thomas P. Smith
ADDRESS   Caffrey & Smith, P.C., 300 Essex St., Lawrence, MA  01840
TELEPHONE NO.   978-686-6151

(Coversheetlocal.wpd - 10/17/02)

*Caffrey & Smith, P.C.*

Thomas J. Caffrey
Matthew A. Caffrey *
Thomas P. Smith
Alanna Caffrey Rosenberg
Sumer Obeid
*also admitted in N.H.

P.O. Box 1317
300 Essex Street, Lawrence, Ma 01842
978-686-6151
Fax 978-683-3399
E-Mail SOBEID@CAFFREYSMITH.COM

February 23, 2005

**05ᴄ 10355 NG**

**VIA HAND DELIVERY**

Civil Clerk's Office
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Mary Desmond, Thomas Ziobrowski, et al. v. Morton C.
Batt, Anthony L. Scialabba, Citistreet, LLC, et al.;
United States District Court, District of
Massachusetts; Civil Action No. _____

Dear Sir or Madam:

Enclosed please find the following documents for filing in connection with the above-referenced matter:

1.  Complaint;

2.  Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and associated affidavits; and

3.  Plaintiffs' Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction.

I have also enclosed a check in the amount of $250.00 to cover the filing fee.

Kindly acknowledge receipt of said documents by stamping the enclosed copy of this letter and returning it to me.