UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB 23 P 2: 26
U.S. DISTRICT COURT
DISTRICT OF MASS.

MARY DESMOND, THOMAS ZIOBROWSKI, )
PAUL WATTS on their own behalf and on )
behalf of other participants in the defendant ERISA )
Plans )
)
**Plaintiffs**, )
)
v. )
)
MORTON C. BATT, ANTHONY L. SCIALABBA,)
CITISTREET, LLC, WHITE & WILLIAMS, LLP, )
SCIALABBA & MORRISON, P.C., )
ANTHONY L. SCILABBA & ASSOCIATES, P.C. )
THE STANDARD AUTOMOTIVE 401(K) PLAN,)
THE STANDARD AUTOMTIVE EMPLOYER )
CONTRIBUTION PLAN, )
**Defendants**. )
)

05 CV 10355 NG

Civil Action No. _____

### AFFIDAVIT OF W. TERENCE JONES IN SUPPORT OF
### PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF

I, W. Terence Jones declare as follows:

1. I am a member of the law firm of Maselan & Jones, P.C., which maintains offices at One International Place, Boston, Massachusetts 02110.

2. I am a member of the Bars of the Supreme Judicial Court of the Commonwealth of Massachusetts, the State of Rhode Island and the State of Georgia, the United States Tax Court and the United States Bankruptcy Court, and I am in good standing with respect to each of the foregoing.

3. I hold a B.A from Yale College, a J.D. *cum laude* from Boston University School of Law, and a LL.M. (Taxation) from Boston University School of Law, and I have practiced law for more than twenty-eight (28) years.

4. During my practice, I have served as employee benefits counsel for many companies which sponsor pension and profit sharing plans, including Section 401(k) plans.

5. I have served as an expert witness in Federal District Court in employee benefits matters.

6. I have also served as counsel to many companies seeking to terminate one or more pension or profit sharing plans.

7. I am also familiar with the process of administering pension and profit sharing plans, including participant accounting and reporting and disclosure, and preparation and filing of Internal Revenue Service Forms 5500.

8. I am familiar with a plan known as the Standard Automotive Corporation 401(k) Plan (the "Plan"), and I have reviewed the Plan document and Summary Plan Description, and other background materials, including correspondence from the Plan's trustee and plan administrator, Anthony Scialabba and his successor, Morton C. Batt to Plan participants concerning the termination of Plan and the steps leading up to the termination of the Plan, and I have spoken with Plan participants and their representatives.

9. On the basis of my review and my prior experience, I believe that a reasonable amount of time to complete the process of terminating the Plan, filing a Request for Determination with the Internal Revenue Service and obtaining a Favorable Determination Letter from the Internal Revenue Service, should take in neighborhood of six (6) months and in any event should not exceed fifteen (15) months from date of commencement of services.

10. On the basis of my review and my prior experience, I believe that reasonable fees for the following services provided to the Plan would be not more than the following amounts:

    a. Annual trustee fees not involving investment management -- $2500 per year;

    b. Plan Administrator services not involving record keeping -- $2500 per year;

    c. Legal fees involving continued operation of Plan during shutdown of Plan, including preparation of Internal Service Form 5500 -- $5000 per year; and

    d. Legal fees in connection with termination of Plan – not to exceed $10,000; and

    e. Record keeper and prototype sponsor fees -- not to exceed $5000 per year.

    Because ERISA is a federal law, the market for ERISA services is nationwide. A prudent trustee would be able to obtain the above services for an ERISA plan at these rates (or less) by a simple process of seeking comparative rates from the many existing service providers.

11. On the basis of the above estimates, I believe that reasonable aggregate fees incurred by the Plan for services rendered during the period from November, 2002, to the present time would not exceed $35,000 for categories a through d, and $15,000 for category e.

12. Based on my review of the items in paragraph 6 of this Affidavit, I believe that the fees which have been charged against the Plan since on or about November, 2002 are excessive and do not meet the standard in Section 404(a)(1)(A)(ii) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), as enunciated by the U.S. Department of Labor in DOL Advisory Opinions 97-03A, January 23, 1997, and ERISA Opinion Letter No. 2001-01A, January 18, 2001.

13. In my opinion, the $358,871.41 in administrative fees incurred by the plan in 2004 alone exceed reasonable fees for that period by at least $325,000 and the $800,000 in estimated

administrative fees incurred since November 2002 exceed reasonable fees by at least $750,000.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of February, 2005.

                                            W. Terence Jones (BBO # 254200)
                                            MASELAN & JONES, P.C.
                                            One International Place
                                            Boston, MA 02110
                                            Tel: (617) 451-1500
                                            Fax: (617) 451-5174
                                            Email: tjones@maselanjones.com