UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mary Desmond, Thomas Ziobrowski and Paul Watts<br><br>v.<br><br>Morton C. Batt, Anthony L. Scialabba, Citistreet LLC, White and Williams LLP, Scialabba & Morrison, P.C., Anthony L. Scialabba & Associates, P.C., The Standard Automotive 401(k) Plan, and The Standard Automotive Employer Contribution Plan | :<br>:<br>:<br>:<br>: C.A. NO. 05-cv-10355 NG<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM OF LAW OF DEFENDANT, WHITE AND WILLIAMS LLP, OPPOSING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendant, White and Williams LLP, by and through its counsel, Hinckley, Allen & Snyder LLP, respectfully requests that the Court deny the Preliminary Injunction sought by Plaintiffs on the grounds, *inter alia*, of lack of personal jurisdiction, insufficient facts to support likelihood of success on the merits, and failure to show irreparable harm.

### I.   INTRODUCTION

This matter is before the Court at this time on the Plaintiffs' Motion for Preliminary Injunction. Plaintiffs are participants in the Standard Automotive 401(k) Plan and Employer Contribution Plan ("the Plans") and contend that certain expenditures made by the trustees and plan administrators of the Plans were improper. Plaintiffs seek, by way of equitable injunction, to prohibit any further expenditures by the Plans, to prevent the current plan administrator from taking any action in connection with the Plans without this Court's approval, and to mandate that funds already paid by the Plans in prior years be held by the recipients pending the outcome of this litigation.

The facts alleged against White and Williams LLP in this matter are quite sparse and do not support jurisdiction or a proper cause of action against White and Williams, let alone grounds for a preliminary injunction against the firm.

In the Complaint, White and Williams LLP is identified as a Pennsylvania limited liability general partnership with its principal place of business at 1800 One Liberty Place, Philadelphia, Pennsylvania. Complaint, ¶ 8. Other than that, the only further factual averments against the firm are that White and Williams has been a "part[y] in interest" with respect to the Plans, that "$75,000.00 [was] paid to White [and] Williams in 2004," and that as a result of alleged fiduciary duty breaches *by other defendants*, but decidedly *not* by White and Williams, White and Williams must provide "full restitution of amounts received." Complaint, ¶¶ 19, 33(iii) and 35.

Similarly, in Plaintiffs' Motion for Preliminary Injunction and supporting documentation there are just meager references to White and Williams LLP and *no allegations whatsoever* of any wrongdoing on the firm's part. Specifically, Plaintiff's Memorandum at p. 4 again references the payment of "$75,000 to White [and] Williams" in 2004 and claims entitlement to restitution of that amount from this "service provider or 'part[y] in interest'" which, Plaintiffs claim without any support, was unreasonably paid to the firm by the Plans fiduciaries. *Id.*, p. 6.

Plaintiffs' Affidavits filed in support of their motion are equally unenlightening. The Affidavit of W. Terence Jones in alleged support of the requested injunction makes no mention whatsoever of White and Williams LLP. The Affidavit of Mary Desmond makes just mere reference to the same payment of "$75,000 to White [and] Williams," a fact purportedly supported by Exhibit "15" which repeats the same statement, and in Exhibit "13" which indicates

that the firm was retained to investigate and evaluate causes of action against the Plans' record-keeping services provider.

## II.    ARGUMENT

### A.    Plaintiffs have not shown personal jurisdiction over White and Williams LLP.

White and Williams LLP by the filing of this Memorandum of Law specifically asserts its arguments in connection with personal jurisdiction and does not waive jurisdiction.

Plaintiffs allege in their Complaint that White and Williams LLP is a *Pennsylvania* limited liability general partnership with its principal place of business in *Philadelphia, Pennsylvania*. There have been no allegations whatsoever by Plaintiffs, nor could there be, that White and Williams LLP has offices in the Commonwealth of Massachusetts or any connection or minimum contacts with Massachusetts.[1] An injunction should not be ordered against White and Williams LLP where personal jurisdiction has not been established and is in fact lacking.

The burden is Plaintiffs to demonstrate that the Defendant was present in the state, or that the Defendant had such "connections with the state or with events within the state pertinent to the claim as to permit constitutional exercise of jurisdiction under a long arm statute" and due process. Andresen v. Diorio, 349 F.3d 8 (1st Cir. 2003) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).

For a federal district court to have personal jurisdiction over a nonresident defendant, (1) "the claim underlying the litigation must directly arise out of, or relate to, defendant's forum-state activities"; (2) "defendant's in-state contacts must represent purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making defendant's involuntary presence before the state's

---

[1] The time within which White and Williams LLP must plead to raise any such jurisdictional defects has not yet passed, as it was only recently served and Plaintiffs' counsel has agreed to sign a Stipulation briefly extending the time within which it must plead.

courts foreseeable"; and (3) "the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001). These "Gestalt factors" are: defendant's burden of appearing; the forum state's interest in adjudicating the dispute; plaintiff's interest in obtaining convenient and effective relief; the judicial system's interest in obtaining the most effective resolution of the controversy; and the common interest of all sovereigns in promoting substantive social policies. Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 718 (1st Cir. 1996), cert. denied, 520 U.S. 1155, 117 S. Ct. 1333, 137 L. Ed. 2d 493 (1997).

To establish personal jurisdiction the Plaintiffs must demonstrate that the Defendant "intentionally directed an act, tortious or otherwise, toward the forum state." Noonan v. Winston Co., 135 F.3d 85, 90-92 (1st Cir. 1998). Jurisdiction is proper where the contacts of the defendant "proximately result from the actions by the defendant himself that create a substantial connection with the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183-84, 85 L. Ed. 2d 528 (1985) [internal citation omitted]. None of these factors has been demonstrated.

Again, an injunction should not be ordered against White and Williams LLP at this time, where Plaintiffs have failed to show personal jurisdiction.

**B.    Plaintiffs cannot show "likelihood of success on the merits" against White and Williams LLP.**

Injunctive relief is extraordinary relief which courts should be hesitant to impose. In order to justify its request for preliminary injunctive relief, Plaintiffs must satisfy the familiar four-part standard:

      (1)    the likelihood of success on the merits;

      (2)    the potential for irreparable harm if the injunction is denied;

      (3)    the balance of relevant impositions [...]; and

(4)   the effect (if any) of the court's ruling on the public interest.

<u>Charlesbank Equity Fund II v. Blinds To Go, Inc.</u>, 370 F.3d 151, 162 (1st Cir. 2004) (citing <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 102 F.2d 12, 16 (1st Cir. 1996)).

Under the facts (or actually lack thereof) asserted against White and Williams LLP, Plaintiffs cannot possibly show likelihood of success on the merits against the firm. As mentioned in Section I, above, there are just scant references to White and Williams LLP herein and the mere fact that the firm was retained for investigation, evaluation and possible ERISA litigation, which is all that is alleged against the firm, is insufficient to support the cause of action alleged in the Complaint.

An injunction should not be ordered against White and Williams LLP when the Plaintiffs cannot show "likelihood of success on the merits."

**C.   Plaintiffs have an adequate remedy at law and cannot show "irreparable harm."**

Plaintiffs have an adequate remedy at law and cannot show "irreparable harm," i.e. that "money damages won't do," making issuance of a preliminary injunction improper. As a general rule, mischief or damage, which is susceptible of compensation in money damages is not *irreparable* and does not warrant equitable injunction.

An injury stated in terms of money damages is necessarily *not irreparable*. The United States Supreme Court has cited with approval that "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974) (quoting <u>Virginia Petroleum Jobbers Assn. v. FPC</u>, 104 U.S.App. D.C. 106, 259 F.2d 921 (1958)). Similarly, in the District of Massachusetts, "[w]hen monetary damages can serve as an

adequate remedy later on, a preliminary injunction is usually inappropriate." Fidelity Summer Street Trust v. Toronto Dominion, 2002 U.S. Dist. LEXIS 15276, *18 (D.Ma. 2002). Charlesbank also held that "in most cases [...] irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." Charlesbank Equity Fund II, 370 F.3d at 162. In Charlesbank, plaintiff argued that without an injunction it risked no money damages being available at the end of the trial on the merits. The court was not persuaded, however, finding "[t]hat sort of statement can be made by virtually every person who sues another for money damages. Its very ubiquity indicates why it cannot conceivably be enough to justify the issuance of a prejudgment injunction of this nature." Id. at 163; (citing In re Rare Coin Galleries, 862 F.3d 896. 902 (1st Cir. 1988) and Public Service Co. of N.H. v. Town of W. Newbury, 835 F.2d 380, 383 (1st Cir. 1987)).

An injunction should not be ordered against White and Williams LLP when an adequate remedy at law exists and "irreparable harm" cannot be shown.

**D.  Plaintiffs' broad form of order is improper.**

Plaintiffs seek an Order giving them equitable injunctive relief generically or against *all* Defendants. Rule 65(d) of the Federal Rules of Civil Procedure requires injunction orders to "be specific in terms" and "set forth the reasons for [their] issuance." The order Plaintiffs have proposed violates this federal rule vis a vis White and Williams LLP as the order improperly implies that White and Williams has some authority over the Plans assets, which clearly the firm does not have, and never did, as Plaintiffs' Complaint itself tacitly acknowledges. Furthermore, Plaintiffs' proposed order at ¶ 2 is improper in that it seeks a segregation of the fees or retainer Defendants, including White and Williams LLP, received in 2004, impermissibly presuming that

White and Williams LLP has not already expended portions of the retainer it received in 2004 in connection with the work outlined in Plaintiffs' own Exhibit "13."

Again, no allegation of wrongdoing is alleged *against White and Williams LLP* in connection with the amount it was paid and the generic order Plaintiffs seek is improper as to the firm.

### III. CONCLUSION

For all the reasons set forth above, Defendant, White and Williams LLP, respectfully asserts that the equitable injunction Plaintiffs seek herein is contrary to law, as Plaintiffs have not shown personal jurisdiction, cannot show "likelihood of success on the merits" or "irreparable harm," and, further, seek an Order that is entirely too broad.

Respectfully submitted,

**HINCKLEY, ALLEN & SNYDER LLP**


By: /s/ Michael F. Kraemer
    Michael F. Kraemer (#657156)
    1500 Fleet Center
    Providence, Rhode Island 02903
    (401) 274-2000
    (401) 277-9600 (Fax)


**WHITE AND WILLIAMS LLP**
Michael O. Kassak
Elizabeth A. Venditta
1800 One Liberty Place
Philadelphia, Pennsylvania 19103
(215) 864-7000
(215) 864-7123 (Fax)

## CERTIFICATION

| | |
|---|---|
| Matthew A. Caffrey, Esq.<br>Thomas P. Smith, Esq.<br>Caffrey & Smith, P.C.<br>300 Essex Street<br>Lawrence, MA 01840 | Henry C. Dinger, Esq.<br>Goodwin Proctor LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109 |

    I hereby certify that I mailed a copy of the within to counsel of record, as above, on the 1st day of April, 2005.

                                                          /s/ Michael F. Kraemer

#651480v1