## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                            )
MARY DESMOND, THOMAS ZIOBROWSKI,            )
PAUL WATTS on their own behalf and on       )
behalf of other participants in the defendant ERISA )
Plans,                                      )
                                            )
                **Plaintiffs,**             )
                                            )
        v.                                  )   Civil Action No.:  05-10355-NG
                                            )
MORTON C. BATT, ANTHONY L. SCIALABBA,)
CITISTREET, LLC, WHITE & WILLIAMS, LLP, )
SCIALABBA & MORRISON, P.C., ANTHONY  )
L. SCIALABBA & ASSOCIATES, P.C., THE )
STANDARD AUTOMOTIVE 401(K) PLAN,     )
THE STANDARD AUTOMOTIVE EMPLOYER )
CONTRIBUTION PLAN,                          )
                                            )
                **Defendants.**             )
_____)

### OPPOSITION OF ANTHONY L. SCIALABBA AND ANTHONY L. SCIALABBA & ASSOCIATES, P.C. TO PLAINTIFFS' MOTION FOR <u>PRELIMINARY INJUNCTION</u>

**I.      Introduction and Factual Background**

Plaintiffs are approximately 57 out of 211 participants in two ERISA retirement plans (the "Plans") established by their former employer Standard Automotive Corporation ("Standard"). They contend that the Plans' fiduciaries and service providers paid or received excessive or unreasonable administrative fees and compensation and engaged in other misconduct with respect to plan administration and servicing. Plaintiffs seek injunctive relief as follows: (1) to prohibit any further expenditures by the Plans; (2) to prevent current retirement plan administrator defendant Morton C. Batt ("Batt") from

taking any action with respect to the Plans; and (3) to require the "segregation" of funds already paid by the Plans to defendants.

Defendants Anthony L. Scialabba ("Scialabba") and Anthony L. Scialabba & Associates, P.C ("Scialabba Firm") (collectively, "Scialabba Defendants"), hereby oppose plaintiffs' request for a preliminary injunction.  Beginning in or about 2002, the Scialabba Firm (and/or its predecessor) provided legal services to the Plans to resolve issues with respect to record-keeping and third-party administration services for the Plans provided by defendant Citistreet LLC ("Citistreet").   In January 2003, Standard appointed Scialabba trustee and plan administrator for the Plans, a position he held until December 2003, when successor and current trustee Batt took over.

The administrative errors the Scialabba Firm addressed were significant, and included the following:  (1) misallocations to certain participants' accounts under the Plans; (2) incorrect postings of participant contributions; (3) inaccurate recordkeeping for loan repayments with regard to certain participants; (4) the inability to accurately reconcile the individual accounts of the participants; and (5) substantial discrepancies between the stated value of the trusts of the Plans and the actual asset value of the trusts of the Plans.  The Scialabba Firm reasonably expended significant time and resources to address these considerable problems.

The Scialabba Defendants at all pertinent times have had offices exclusively in New Jersey, performed all acts or services with respect to the Plans in New Jersey, and maintained all documents with respect to the Plans in New Jersey.  Also, to the knowledge of the Scialabba Defendants, all aspects of plan administration and servicing by others took place in New Jersey.

Plaintiffs are not entitled to the injunctive relief sought, for at least the following reasons:

- This Court lacks personal jurisdiction over the Scialabba Defendants;[1]

- Venue is not appropriate in this Court pursuant to 29 U.S.C s. 1132(e)(2), since the plan at issue was not administered in Massachusetts, any alleged breach did not occur in Massachusetts, and no defendant resides or may be found in Massachusetts. Alternatively, this action should be transferred to the District of New Jersey pursuant to 28 U.S.C. s. 1404(a);

- Plaintiffs do not and cannot aver facts sufficient to demonstrate a substantial likelihood of success on the merits;

- Plaintiffs do not and cannot demonstrate that they will suffer irreparable harm, an any harm alleged here can be addressed by money damages; and

- The injunctive relief sought is overly broad, since plaintiffs purport to represent approximately one-fourth of all plan participants, yet appear to seek relief as fees and compensation paid by the Plans as a whole.

This Court should deny plaintiffs' request for injunctive relief.

## II. Argument

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER THE SCIALABBA DEFENDANTS.

It is elemental that this Court cannot order injunctive relief with respect to parties over which it does not have personal jurisdiction.[2] Plaintiffs accurately allege in their Complaint that the Scialabba Defendants conduct business and/or reside in New Jersey.

---

[1] Plaintiffs have stipulated that the time for the Scialabba Defendants to answer or otherwise respond to the complaint be extended until and including April 26, 2005. The Scialabba Defendants anticipate responding to the complaint with a motion to dismiss based on lack of personal jurisdiction and/or improper venue, or to transfer pursuant to 28 U.S.C. s. 1404(a).

[2] Defendant White and Williams LLP ("White and Williams"), in its opposition to the injunctive relief sought, has demonstrated that it, too, is not subject to personal jurisdiction in this Court. In its opposition memorandum at pp. 3-4, White and Williams summarizes the law in this Circuit with respect to personal jurisdiction over a non-resident defendant. The Scialabba Defendants will not repeat here and instead, for purposes of the present issue, will adopt that exposition by reference.

Further, any legal or other services that the Scialabba Defendants provided for the Plans took place in New Jersey, which is also where all documents for the Plans were reviewed, maintained, and held by the Scialabba Defendants. Plaintiffs do not and cannot allege a sufficient connection between the Scialabba Defendants and Massachusetts, and this Court does not have personal jurisdiction over the Scialabba Defendants. Consequently, this Court should deny the injunctive relief sought.

### B.  VENUE DOES NOT PROPERLY LIE IN THIS DISTRICT, AND THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY.

The pertinent ERISA venue provision, 29 U.S.C. s. 1132(e)(2) , provides as follows:

> "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district court where the plan is administered, where the breach took place, or where a defendant resides or may be found."

As set forth above, all services or acts by the Scialabba Defendants with respect to the Plans took place in New Jersey, and the Scialabba Defendants are informed and believe that all acts of plan administration and servicing by others took place in New Jersey as well, where Batt is alleged to reside, and where Citistreet has an office. Even if this Court were to find that venue were proper in this District due to the fact that Citistreet has some presence here,[3] it should in the alternative transfer this matter, pursuant to 28 U.S.C. s. 1404(a), to the District of New Jersey, where not only the Scialabba Defendants

---

[3] While Citistreet apparently has an office in Massachusetts, plaintiffs do not allege that any services with respect to the Plan took place in Massachusetts, and the Scialabba Defendants believe that no services with respect to the Plan took place in Massachusetts, at the Citistreet Massachusetts location or otherwise.

4

may be found but also Batt, Citistreet, and White and Williams.[4]  Since this action should proceed in New Jersey, if at all, injunctive relief by this Court would be inappropriate.

> **C.  PLAINTIFFS DO NOT AND CANNOT AVER FACTS SUFFICIENT TO DEMONSTRATE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS SO AS TO ENTITLE THEM TO INJUNCTIVE RELIEF.**

Plaintiffs allege that unreasonable fees and excessive compensation were paid to the Scialabba Defendants.  The sole basis for the claim by the plaintiffs that the fees charged to the plans were unreasonable appears to be the opinion set forth in the Affidavit of W. Terrence Jones, Esquire.  Attorney Jones's general, unsubstantiated opinion, however, does not take into account that the Scialabba Defendants were retained to attempt to resolve significant administrative recordkeeping and administrative errors that had occurred in connection with the plans.  Such errors were generally and repeatedly disclosed to the plaintiffs. (Affidavit of Mary Desmond, Exhibits 3, 4, 9, 10, 11, 13).  The specific errors include:  (1) erroneous misallocations to certain participants' accounts under the Plans; (2) incorrect postings of participant contributions; (3) inaccurate record-keeping for loan repayments with regard to certain participants; (4) the inability to accurately reconcile the individual accounts of the participants; and (5) substantial discrepancies between the stated value of the trusts of the plans and the actual asset value of the trusts of the plans.  The efforts of the Scialabba Defendants correct these significant problems were reasonable, given the nature and extent of these problems.  Nowhere in his affidavit does Attorney Jones address or appear to take into

---

[4]  Batt in his capacity as Plan Administrator and Trustee has already commenced proceedings in New Jersey State Court against Citistreet apparently due to Citistreet's failure to produce certain documents pertaining to the Plans.  (Affidavit of Mary Desmond, Exhibit 12).  That a prior related action is already pending in New Jersey is another reason why this action should proceed, if at all, in New Jersey.

5

consideration these problems, the efforts reasonably required to address them, or the Scialabba Defendants' considerable experience and expertise.

Plaintiffs also allege that Scialabba refused to provide the plaintiffs with certain information that he was required to provide to them under ERISA. Complaint, ¶¶ 43 - 45. Plaintiffs, however, have always been provided with the information and documentation that is required to be disseminated to them under ERISA.[5]

Even this brief recitation of some of the relevant facts demonstrates that plaintiffs have failed to and cannot demonstrate a substantial likelihood of success on the merits. Thus, injunctive relief is inappropriate.

### D.     PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND CANNOT SHOW IRREPARABLE HARM.

This case quite literally is about money, and any alleged wrong can be redressed by money damages. It is well-established in this Circuit that any harm compensable by money damages, such as the harm alleged here, is, by definition, not irreparable. Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). Plaintiffs in support of their irreparable harm argument contend, weakly and without any factual predicate whatsoever, that it is not clear whether "defendants" will be able to satisfy any award against them here. In Charlesbank, the First Circuit rejected this very type of argument, asserting that this sort of statement "can be made by virtually every other person who sues another for money damages. Its very ubiquity indicates why it

---

[5] According to the plaintiffs, the failure to provide this information in a timely manner should result in a fine under certain provisions of ERISA. The penalty provisions of ERISA to which plaintiffs cite in connection with this issue includes a clear exception if a " . . . failure or refusal [to provide required information] results from matters reasonably beyond the control of the [individual] . . .". 29 U.S.C. s. 1132(c)(1). In this case, the administrative errors mentioned above precluded the compilation of accurate financial information in connection with the Plans. Therefore, to the extent Scialabba was unable to provide plaintiffs with any requested financial information, even if not required by ERISA, it was due to the aforementioned administrative errors, which occurred due to circumstances beyond his control.

6

cannot conceivably be enough to justify the issuance of a prejudgment injunction." Charlesbank, 370 F.3d at 162. Thus, since money damages can compensate plaintiffs for any alleged harm, injunctive relief is inappropriate.

### E.  PLAINTIFFS' PROPOSED INJUNCTIVE RELIEF IS OVERLY BROAD AND OTHERWISE INAPPROPRIATE.

In their papers, plaintiffs fail to acknowledge that while they are challenging *all* fees paid by the Plans, they represent only approximately 57 plan participants, who are seeking to "roll over" account balances to their new common employer, (Affidavit of Mary Desmond, at 5), and there is a total of approximately 211 participants in the Plans. Nonetheless, the relief plaintiffs seeks is a segregation and holding of *all* of the fees or retainers paid to the Defendants. Such relief is overly broad for at least two reasons. First, *all* of the challenged fees or retainers paid to the Defendants were not paid from the accounts of the Plaintiffs. The fees and retainers at issue were paid solely from the accounts of all of the participants by allocating a portion of the amount of such fees and retainers to the account of each participant based upon the proportion that each participant's account bore to the total value of the accounts of all of the participants. Therefore, each participant paid a percentage share of the total fees or retainers paid from the Plans based on the relative value of that participant's account to the value of all plan assets. Plaintiffs, however, represent only approximately 27% (57/211) of all participants.

Although it is presently impossible to accurately determine the value of the assets of the plans that is attributable to the plaintiffs due to the recordkeeping errors discussed above, it is not unreasonable to assume that the total value of the assets of the Plans that

7

correspond to the plaintiffs also approximates 27 %. Therefore, based on the allocation methodology set forth above and the plaintiffs' fractional relationship to the total participants, only 27% of the total amount of challenged fees and retainers that were paid from the Plans came from plaintiffs' accounts. Thus, it is inappropriate for the plaintiffs to demand that any more than 27% of the total fees and retainers paid to the Defendants be segregated and held as set forth within ¶ 2 of the proposed injunctive order. Further, the relief plaintiffs seek carries with it a supposition that *all* fees and retainers paid were inappropriate (which surely they do not contend), as opposed to a certain portion of the amounts paid.[6]

Thus, even if some form of injunctive relief were appropriate, which the Scialabba Defendants contest, the relief sought is terribly overly broad. Moreover, implicit in the relief plaintiffs seek (specifically Prayer 2, seeking a segregation of funds), is the presumption that amounts received have not already been expended.

---

[6] Plaintiffs also fail to account for any harm that the other 157 plan participants might suffer if the injunctive relief sought is granted.

### III. Conclusion

For the reasons set forth above, the Scialabba Defendants respectfully request that the Court deny plaintiffs' motion for preliminary injunction.

                                  ANTHONY L. SCIALABBA,
and ANTHONY L. SCIALABBA &
ASSOCIATES, P.C.

By their attorneys,

/s/Ronald M. Jacobs
Ronald M. Jacobs (BBO# 561535)
CONN KAVANAUGH ROSENTHAL
    PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Of Counsel:

Anthony L. Scialabba, Esq.
Geoffrey M. Strunk, Esq.
SCIALABBA & ASSOCIATES, P.C.
1002 Lincoln Drive West, Suite B
Marlton, NJ  08053
(856) 396-0499

(Application for Admission
    Pro Hac Vice pending)

Dated:  April 4, 2005

223705.1