UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
MARY DESMOND, THOMAS ZIOBROWSKI,   )
PAUL WATTS on their own behalf and on              )
behalf of other participants in the defendant ERISA )
Plans                                                                  )
                                                                    )
             **Plaintiffs**,                                    )
                                                                    )
             v.                                                     )          Civil Action No. 05-cv-10355 NG
                                                                    )
MORTON C. BATT, ANTHONY L. SCIALABBA,)
CITISTREET, LLC, WHITE & WILLIAMS, LLP, )
SCIALABBA & MORRISON, P.C.,                      )
ANTHONY L. SCIALABBA & ASSOCIATES,     )
P.C.                                                                 )
 THE STANDARD AUTOMOTIVE 401(K) PLAN,)
THE STANDARD AUTOMOTIVE EMPLOYER   )
CONTRIBUTION PLAN,                                  )
             **Defendants**.                                 )
_____)

**PLAINTIFFS' REPLY IN SUPPORT
OF MOTION FOR PRELIMINARY INJUNCTION
AND REQUEST FOR EXPEDITED DISCOVERY**

Pursuant to the Court's instruction at the Preliminary Injunction Hearing on April 4, 2005, the Plaintiffs submit this reply memorandum to respond to issues raised in the *Opposition to Plaintiffs' Motion for Preliminary Injunction filed by Defendants Anthony L. Scialabba and Anthony L. Scialabba and Associates, P.C.* and the *Opposition to Plaintiff's Motion for Preliminary Injunction filed by Defendant White and Williams LLP* and to request expedited discovery.

Plaintiffs request for an injunction should be granted because:

•   This Court has personal jurisdiction over each of the defendants in this ERISA case and venue is proper here.  See United Elec., Radio & Mac. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir., 1992) and Cole v. Central States Southeast, 225 F.Supp. 2d 96 (D. Mass. 2002).

- Plaintiffs' factual demonstration that deductions of some $800,000 from their 401(k) retirement savings exceeded reasonable compensation by some $750,000 stands **uncontradicted** by any factual submissions of Defendants. Defendants unsubstantiated assertions cannot overcome the showing made by Plaintiffs in the affidavits of Mary Desmond and W. Terrence Jones, Esq.

- Plaintiffs have the right to have their retirement savings used for their exclusive benefit and administered with "care, skill, prudence and diligence" ERISA § 404(a)(1); 29 USC 1104(a)(1)**.** If the requested injunction is not granted, Plaintiffs will irreparably lose these rights.

Further, the Court should allow expedited discovery in this action which would consist of immediate Fed. R. Civ. P. 26(a)(1) initial disclosures [including copies of records of all fees paid from the Plan since November 2002 (with invoices and detailed billing support) and the work product for which these substantial bills were paid (*e.g.*, correspondence with the IRS and DOL, legal memoranda, legal filings, correspondence between the trustees and CitiStreet, and the trustees and other service providers], and depositions of the named plan fiduciaries, Morton Batt and Anthony Scialabba.

## Argument

I. **PERSONAL JURISDICTION EXISTS OVER EACH OF THE DEFENDANTS FOR THE ALLEGED VIOLATIONS OF ERISA.**

1. **Under ERISA, Defendants Who Have Minimum Contacts With the United States Are Subject to Personal Jurisdiction in Any Federal Court Handling an ERISA Action.**

Under ERISA, personal jurisdiction exists over all properly served United States defendants even if the defendant has **no** contacts with the court's district. Minimum contacts with the United States is sufficient. See, *e.g.*, Cripps v. Life Ins. Co. of North America, 980 F.2d 1261 (9th Cir. 1992)(personal jurisdiction conferred over non-resident defendant by

ERISA's nationwide service of process provision); Medical Mutual of Ohio v. DeSoto, 245 F.3d 561, 566 (6th Cir. 2001)(in determining personal jurisdiction under ERISA "a court should ask whether the defendant has sufficient minimum contacts with the United States"); Administrative Committee of the Wal-Mart Stores, Inc. v. Soles, 204 F.Supp.2d 1884 (W.D. Ark. 2002)("a defendant need not have contacts with the judicial district in which venue lies so long as the defendant has contacts with the United States")

The First Circuit has adopted the "minimum contacts with the United States" test for personal jurisdiction in ERISA cases. As the Court stated:

> Because the instant [ERISA] case is premised on a federal question, it is distinguishable from cases that address personal jurisdiction in the context of diversity jurisdiction . . .. The distinction is of potential consequence. When a district court's subject matter jurisdiction is founded upon a federal question, the constitutional limits of the court's personal jurisdiction are fixed, in the first instance, not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991) (per curiam); Whistler Corp. v. Solar Elecs., Inc., 684 F. Supp. 1126, 1128 (D. Mass. 1988). Inasmuch as the federalism concerns which hover over the jurisdictional equation in a diversity case are absent in a federal question case, a federal court's power to assert personal jurisdiction is geographically expanded. **In such circumstances, the Constitution requires only that the defendant have the requisite "minimum contacts" with the United States, rather than with the particular forum state (as would be required in a diversity case)**. See Lorelei, 940 F.2d at 719; Trans-Asiatic Oil Ltd. v. Apex Oil Co., 743 F.2d 956, 959 (1st Cir. 1984).

United Elec., Radio & Mac. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir., 1992)(emphasis supplied); see also Cole v. Central States SouthEast, 225 F.Supp.2d 96, 97 (D. Mass. 2002).

Each of the defendants have minimum contacts with the United States. White and Williams LLP is a Pennsylvania corporation with offices in Pennsylvania, New Jersey, New York and Delaware. According to its web site, the "firm has won some of the most important

civil trials and handled some of the most sophisticated business transactions in the United States."  Defendant Morton Batt resided in New Jersey and now resides in Florida.  Defendant Anthony L. Scialabba resides in New Jersey, and his two affiliated law firms, Scialabba & Morrison, P.C. and Anthony L. Scialabba and Associates, P.C. are organized under New Jersey law.  CitiStreet is a Delaware corporation with its principal place of business here in Massachusetts.  Clearly, each of the Defendants has minimum contacts with the United States sufficient to confer personal jurisdiction in this Court in this ERISA case.

As such, Defendants claims that lack of personal jurisdiction should prevent a Court from issuing an injunction are without merit.

**2.      Venue Is Proper In This Court**

Venue is entirely proper in this Court.  "ERISA venue provisions should be interpreted so as to give beneficiaries a wide choice of venue."  Cole v. Central States Southeast, 225 F.Supp.2d 96, 98 (D.Mass. 2002); see also Varsic v. United States District Court, 607 F.2d 245 (9th Cir. 1979)(Congress "clearly struck the balance in favor of liberal venue"); Keating v. Whitmore Mf'g Co., 981 F.Supp. 890, 892 (E.D. Pa. 1997)(with ERISA, Congress intended "to remove jurisdictional and procedural obstacles [that] hampered effective enforcement of fiduciary responsibilities").  In this case, Plaintiffs have established proper venue under each one of the three alternative venue provisions contained in ERISA.

The ERISA venue provision states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, *or* where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(1)(emphasis supplied).   In this action, venue is independently proper in this

Court under each of the three alternative tests. First, and dispositively, it is not contested that at least one of the defendants, CitiStreet, may be found in Massachusetts. CitiStreet is registered to do business in Massachusetts, has designated a resident agent for service of process in the Commonwealth, and has its corporate headquarters and a major operations facility in North Quincy, Massachusetts.[1] Second, many of the plan participants, including the named plaintiffs herein, reside and work in Massachusetts. They failed to receive their 401(k) benefits in this forum. Accordingly, "the breach took place" here in Massachusetts. See Cole v. Central States, 227 F.Supp. 2d 190 (D. Mass. 2002).[2] Third, some 100 plan participants worked at Standard Automotive Corporation's Ranor facility in Westminster, Massachusetts. Many administrative tasks including execution of plan documents, roll over requests, and loan administration were processed in Massachusetts. Massachusetts is one forum where the plan "is administered." In short, venue is proper in this Court under each of the three alternative venue provisions.

## II.   DEFENDANTS' UNSUPPORTED – AND SUSPECT – ASSERTIONS CANNOT PRECLUDE ISSUANCE OF AN INJUNCTION.

The facts established by the Affidavits of Mary Desmond and W. Terrence Jones are uncontradicted by any factual submissions on the part of Defendants. These affidavits establish that, since late 2002 when the Defendant Trustees took control of the plaintiffs' 401(k) plans,

---

[1] The Plans, named as defendants, may also be found in Massachusetts because they have participants who worked under the Plans and made contributions to them here. Varsic v. United States District Court, 607 F.2d at 249; Ransom v. Administrative Committee, 820 F.Supp. 1429, 1433 (N.D. Ga. 1992)(venue proper "when an employee covered by the plan performs his work and earns his pension credit in the district").

[2] The Plaintiffs have brought claims for unlawful denial of benefits (Complaint, Count III) as well as for breach of fiduciary duty (Complaint, Count I). Thus while some breaches may have occurred in New Jersey, New York or Pennsylvania, others clearly occurred here in Massachusetts where plaintiffs were denied their ERISA benefits.

some $800,000 has been paid out to these trustees and others without conferring any visible benefit on the Participants.[3]   The expert affidavit of W. Terrence Jones, Esq. also establishes that these expenses exceed reasonable market expenses for these services by some $750,000.

In response to these factual showings, Defendants merely state – through non-evidentiary assertions of their counsel – that they worked really hard and deserved the money.  They offer no billing statements, billing detail, work product or correspondence that would justify the extraordinary level of fees they have deducted from plaintiffs retirement savings[4].  In fact, the defendant fiduciaries have the  burden of proof that the fees paid were reasonable.  Patelco Credit Union v. Sahni, 262 F.3d 897 (9th Cir. 2001).

Likewise, Defendant Scialabba and his law firm assert, in an entirely non-evidentiary fashion, that only 27% of the Plan's funds should be subject to any injunction.  This argument is spurious on both legal and factual grounds.  Legally, the plaintiffs, under ERISA, seek relief from unreasonable fees on behalf of **all** participants, not simply themselves.  Unreasonable expenses cannot be deducted from employee participant accounts regardless of whether particular participants are separately represented.  Factually, the account balances of Ranor and former Ranor participants constitute the great majority of funds in the Plan for two reasons.  First, the Ranor participants rolled over substantial sums of money into Standard Automotive

---

[3] Plaintiff's have on many occasions over the past two years requested an explanation for, and detail of, these expenses, but Defendants have provided no sufficient explanation.   See Desmond Affidavit & Exhibits.

[4] Even at a billing rate of $250 per hour, some 3200 hours of work would have had to have been done to justify expenses of $800,000.  Given that the plans appear to be in the same condition that they were in two and one half years ago when the defendant trustees took over, it is not possible that any such level of effort was expended.

401(k) plan when Ranor was acquired by Standard Automotive in 1999. Desmond Aff., ¶ 3. Second, most of the non-Ranor participants were allowed to take their funds from the Plan. Only the Ranor participant funds have been frozen as a group.

Accordingly, because the Defendants have submitted no proper factual support for their arguments, this Court should issue the requested injunction. Moreover, the Court should permit expedited discovery on the central factual issues of what amounts the fiduciaries have spent, why they have spent it, and what results they have achieved with this use of participant retirement funds.

### III. PLAINTIFFS HAVE MADE A SUFFICIENT SHOWING OF IRREPARABLE HARM TO JUSTIFY AN INJUNCTION UNDER ERISA.

ERISA specifically authorizes injunctive relief in suits by participants to enforce its provisions. ERISA § 502; 29 U.S.C. § 1132(a)(3)("a civil action may be brought . . by a participant (A) *to enjoin any act or practice that violates any provision of this subchapter* or the terms of the plan, or (B) *to obtain other appropriate equitable relief* . . .") (emphasis supplied). In enforcing ERISA, many courts have held that ERISA contemplates the use of preliminary injunctive relief where a showing of an ERISA violation has been made. See, e.g., IBEW v. Community Construction Co. Inc., 812 F. Supp. 948, 951 (W.D. Mich. 1992)(issuing injunction to prevent further violation fo ERISA and noting "while the instant case is not yet ripe for judgment, these sections of ERISA evidence Congressional approval for the use by federal district courts of injunctive relief"); Lewart v. Woodhull Care Center Associates, 549 F. Supp. 879 (S.D.N.Y. 1982) (an ERISA collection action in which the Court stated "under ERISA, this Court has been affirmatively authorized by Congress to issue an injunction in this type of

situation"); Schwartz v. Interfaith Medical Center, 715 F. Supp. 1190, 1198 (E.D.N.Y. 1989)(preliminary injunction granted to ERISA beneficiaries where likelihood shown that plan not being administered in accordance with ERISA; court noted "Most importantly, if the Hospital goes into bankruptcy, plaintiffs may never obtain the monetary relief to which they are entitled."); Foltz v. U.S. News & World Report, Inc., 613 F. Supp. 634, 649 (D.D.C. 1985)(preliminary injunction issued against plan administrator based on a finding: "that a distribution of the Plan's assets which leaves insufficient assets with which to pay the benefits due plaintiffs constitutes irreparable harm because the funds could not likely be recaptured from current Plan beneficiaries")

     In this action, Plaintiffs have made a preliminary showing, unrebutted by any factual material from Defendants, that their ERISA protected retirement savings have been depleted by approximately **one third** due to unreasonable fees paid by and to fiduciaries.  This fundamentally violates Plaintiffs' ERISA rights to have their retirement funds administered for their 'exclusive benefit' and "with care, skill, prudence, and diligence." ERISA § 404(a)(1); 29 U.S.C .1104(a)(1).  Moreover, based on Defendants' in-court admissions at the April 4, 2005 hearing, Defendant fiduciaries Morton Batt and Anthony Scialabba apparently do not have insurance to cover the claims against them in this action.

     Accordingly, the Plaintiffs have made a sufficient showing of irreparable harm to justify the requested injunction in this matter.

**Conclusion**

For all the foregoing reasons, Plaintiffs respectfully request that the Court issue the requested injunction and order expedited discovery including immediate Fed. R. Civ. P. 26(a)(1) initial disclosures [including copies of records of all fees paid from the Plan since November 2002 (with invoices and detailed billing support) and the work product for which these substantial bills were paid (e.g., correspondence with the IRS and DOL, legal memoranda, legal filings, correspondence between the trustees and CitiStreet, and the trustees and other service providers], and depositions of the named plan fiduciaries, Morton Batt and Anthony Scialabba.

    Plaintiffs,

    By their attorneys,

    /s/   Thomas P. Smith
    Thomas P. Smith (BBO #555513)
    Matthew A. Caffrey (BBO #558901)
    CAFFREY & SMITH, P.C.
    300 Essex Street
    Lawrence, MA 01840
    Telephone: (978) 686-6151
    Telecopy: (978) 686-3399

Date: April 11, 2005

CERTIFICATE OF SERVICE

    I, Thomas P. Smith, served a copy of the foregoing document on those parties whose counsel have registered with the Court's ECF service by employing such service for filing this document and upon pro se defendant Morton Batt by mailing a copy, postage prepaid, to:

Morton C. Batt
2424 NW 63rd Street
Boca Raton, FL 33496-3626

                                            /s/ Thomas P. Smith
                                            Thomas P. Smith