UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mary Desmond, Thomas Ziobrowski and Paul Watts | : : : |
| vs. | : : C.A. NO. 05-cv-10355 NG |
| Morton C. Batt, Anthony L. Scialabba, Citistreet LLC, White and Williams LLP, Scialabba & Morrison, P.C., Anthony L. Scialabba & Associates, P.C., The Standard Automotive 401(k) Plan, and The Standard Automotive Employers Contribution Plan | : : : : : : : |

SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT,
WHITE AND WILLIAMS LLP, IN RESPONSE TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to the Court's instruction at the preliminary injunction hearing on April 4, 2005, defendant White and Williams LLP, by and through its counsel, Hinckley, Allen & Snyder LLP, submits this supplemental reply memorandum in response to the plaintiffs' reply memorandum in support of their motion for preliminary injunction. Defendant White and Williams LLP respectfully requests that the Court deny the Preliminary Injunction sought by Plaintiffs on the grounds, *inter alia*, of lack of personal jurisdiction, insufficient facts to support likelihood of success on the merits, and failure to show irreparable harm.

In their original motion for preliminary injunction and in their reply memorandum, plaintiffs have utterly failed to establish, or even properly allege, any of the elements required to obtain a preliminary injunction against White and Williams LLP. Moreover, the plaintiffs cannot establish personal jurisdiction over White and Williams LLP or that Massachusetts is the proper venue.

I.   **LEGAL ARGUMENT**

A.   **ERISA national contacts test has been questioned by lower courts in the First Circuit under a due process analysis.**

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, does not specifically address personal jurisdiction. Section 502(e)(2) [29 U.S.C. §1132(e)(2)] of ERISA addresses venue and nationwide service of process, and subject matter jurisdiction is conferred by §502(e)(2) [29 U.S.C. §1132(e)(2)], but no section in ERISA confers nationwide personal jurisdiction. Rather, personal jurisdiction in ERISA cases has only been implied by the nationwide service of process provision of §502(e)(2). Personal jurisdiction in ERISA-applicable matters and service of process have been held to be "inexplicably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992), on remand 987 F.2d 39 (D.Mass.1993). Proper service of process under Fed.R.Civ.P. 4 is a prerequisite to personal jurisdiction in an ERISA matter, but such proper service alone is not sufficient.

So that the suit does not "offend 'traditional notions of fair play and substantial justice,'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1940), once a defendant is properly served, the Court must ensure that the exercise of personal jurisdiction through that process complies with due process. Jurisdictional due process analysis generally involves a determination as to whether the defendant has minimum contacts with the forum and whether the exercise of jurisdiction is fair and reasonable based on those contacts. Burger King Corp. v. Rudzewick, 471 U.S. 462 (1985). Under nationwide service of process statutes, to satisfy minimum contacts, the question

becomes minimum contacts with *what*: the United States or the forum in which the lawsuit has been brought?

The United States Supreme Court has not yet ruled as to what minimum contacts are required in ERISA cases. Lower courts have taken two approaches and the First Circuit appears to side with the majority approach, which is minimum contacts with the United States. United Elec., Radio & Mach. Workers, supra, 960 F.2d at 1985. The minority review, however, which is minimum contacts with the forum state, has not been without some support in the courts within the First Circuit. Lower courts in the First Circuit continue to "question . . . whether the national contacts test should be deemed sufficient to safeguard defendants' Due Process rights under the Fifth Amendment or whether, as the Tenth Circuit has held, 'due process requires something more.'" Cole v. Central States Health & Welfare Fund, 225 F.Supp.2d 96, 97 (D.Mass. 2002), quoting Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206 (10th Cir. 2000). As pointed out in Cole, Judge Nathaniel Gorton has noted that it is somewhat "anomalous [to] interpret[] defendants' rights to Due Process with Congress' statutory provision for service of process" in ERISA cases. Univ. of Mass. Med. Ctr. V. C.&M. Corp., 16 F.Supp.2d 110, 112 (D.Mass. 1998).

While the majority view is consistent with the theory that by authorizing nationwide service of process, Congress intended to confer personal jurisdiction to the widest extent possible, such must still be adjudicated within the confines of due process. Courts of the minority view contend that because ERISA is silent as to personal jurisdiction while authorizing nationwide service of process, the court should apply the long-arm statute of the state in which it sits.

The Tenth Circuit in <u>Peay v. BellSouth Med. Assistant Plan</u>, <u>supra</u>, the case cited in the District of Massachusetts' <u>Cole v. Central States Health & Welfare Fund</u>, <u>supra</u>, observed that because the personal jurisdiction requirement flows from the due process clause, the proper focus is on protecting an individuals' liberty interest in avoiding the burden of litigating in an unfair or unreasonable forum. Therefore, the defendant must have adequate contacts with the federal district in which suit is brought, not just the United States as a whole. <u>Peay</u>, <u>supra</u>, 205 F.3d at 1211.

Plaintiffs here have conceded that White and Williams LLP has no offices in the Commonwealth of Massachusetts nor any connection nor minimum contacts with Massachusetts. From a due process perspective Plaintiffs cannot demonstrate that White and Williams LLP was present in the Commonwealth, or that it had such "connections with the state or with events within the state pertinent to the claim as to permit constitutional exercise of jurisdiction under a long-arm statute." <u>Anderson v. Diorio</u>, 349 F.3d 8 (1st Cir. 2003)(citing <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291-92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

For a federal district court to have personal jurisdiction under a long-arm statute over a nonresident defendant, (1) "the claim underlying the litigation must directly arise out of, or relate to, defendant's forum-state activities"; (2) "defendant's in-state contacts must represent purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's law and making defendant's involuntary presence before the state's courts foreseeable; and (3) "the exercise of jurisdiction must, in light of the <u>Gestalt</u> factors, be reasonable." <u>Barrett v. Lombardi</u>, 239 F.2d 23, 27 (1st Cir. 2001). These "<u>Gestalt</u> factors" are: defendant's

4

burden of appearing; the forum state's interest in adjudicating the dispute; plaintiff's interest in obtaining convenient and effective relief; the judicial system's interest in obtaining the most effective resolution of the controversy; and the common interest of all sovereigns in promoting substantive social policies. Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 718 (1st Cir. 1996), cert. denied, 520 U.S. 1155, 117 S.Ct. 1333, 137 L.Ed. 2d 493 (1997).

Although the First Circuit currently adheres to the majority minimum contacts with the United States approach, courts within this Circuit have questioned that due process is sufficiently safeguarded thereunder. White and Williams LLP posits that due process, fair play and substantial justice should prevent personal jurisdiction or the entry of an injunction against the firm under the meager facts alleged against it in this case.

**B.    Cole is distinguishable on the ERISA venue issue.**

Section 502(e)(2) of ERISA, [29 U.S.C. §1132(e)(2)], provides that an action may be brought (1) where the benefit plan is administered, (2) where the breach took place, and/or (3) where a defendant resides or may be found.

In determining "where the plan is administered," courts usually look to the place where the plan is *managed* to determine where proper venue lies. Trustees of the Hotel Employees and Restaurant Int'l Union Welfare Pension Fund v. Amivest Corp., 733 F.Supp. 1180 (N.D. Ill. 1990); Wallace v. American Petrofina, Inc., 659 F. Supp. 829, 831 (E.D. Tex. 1987); Spritzen v. Supreme Court of N.J., 478 F.Supp. 722 (S.D.N.Y. 1979). Plaintiffs have not met their burden of showing where the Standard Automotive Plan is *managed,* impliedly conceding that the locus of plan management is decidedly *not* Massachusetts.

As for "where the breach took place," courts have relied on contract law to determine where the breach took place, i.e. the place of occurrence. The Cole case on which plaintiffs rely was a case involving an alleged wrongful denial of health benefits. The court in that "benefits case" held that venue could be had where the benefits were to be received. On the other hand, in breach of fiduciary duty claims, the breach is usually considered to have taken place *where the fiduciary breached its duty or failed to perform the required actions.* Boyer v. J.A. Majors Co. Employees Profit Sharing Plan, 481 F.Supp. 454 (N.D.Ga. 1979) (breach took place where plan committee instructed bank to take action and where decision was made). Under the latter approach on this factor, given that the essence of plaintiffs' claims herein are for breach of fiduciary duty, plaintiffs' venue choice would fail.

And finally, as to "where a defendant resides or may be found," there has been and can be no averment that White and Williams LLP resides in or can be found in Massachusetts. Massachusetts is certainly an inconvenient forum for White and Williams LLP. Cole is clearly distinguishable on this ground because Cole, as in the typical "benefits case" was going to be decided on an administrative record alone. The evidence was limited to that administrative record. Cole, supra, 225 F.Supp. at 99. In Cole there were "no questions to be considered regarding the convenience of the witnesses, which is often a decisive consideration." *Id.*, citing Brant Point Corp. v. Poetzcch, 671 F.Supp.2, 3 (D.Mass. 1987).

An injunction against White and Williams LLP should not be ordered as plaintiffs have not proven personal jurisdiction or appropriate venue on due process grounds.

C.   **Plaintiffs cannot show likelihood of success on the merits against White and Williams LLP.**

Based on the facts alleged in the plaintiffs' Complaint, and the arguments in plaintiffs' memorandum and reply memorandum, they cannot possibly show likelihood of success on the merits against the firm. The only allegation contained in the Complaint relating to the potential liability of White and Williams LLP is that White and Williams LLP is a party in interest with respect to the Plans and that $75,000.00 was paid to White and Williams LLP in 2004. The plaintiffs do not allege breach of fiduciary duty or any breach of duty by White and Williams LLP. In their reply memorandum plaintiffs also fail to provide any additional support or justification for their claims against White and Williams LLP. Since no allegations of wrongdoing have been made, it is axiomatic that plaintiffs cannot establish a likelihood of success on the merits.

D.   **Plaintiffs have an adequate remedy at law and cannot show irreparable harm.**

In their reply memorandum, plaintiffs refer to the apparent lack of insurance of Batt and Anthony Scialabba. This argument, however, does not apply to plaintiffs' claims against White and Williams LLP. Plaintiffs' cause of action against White and Williams LLP is limited to restitution of the $75,000.00 paid to White and Williams LLP. It is nonsensical for plaintiffs to argue that they will suffer irreparable harm since any imagined harm could be rectified by White and Williams LLP returning some or all of the retainer. Additionally, White and Williams[1] has more than sufficient assets to satisfy any judgment up to $75,000.00 and, in fact, has insurance to satisfy judgments well in excess of this amount.

---

[1] White and Williams LLP, according to Martindale Hubbell, is a law firm of more than 200 lawyers with offices in Pennsylvania, New Jersey, New York and Delaware.

The plaintiffs' argument that ERISA authorizes injunctive relief also does not justify a preliminary injunction as to White and Williams LLP. As the plaintiff notes in their own memorandum, ERISA contemplates the use of preliminary injunctive relief <u>only</u> where a showing of an ERISA violation has been made. Plaintiffs, however, have provided no evidence which would suggest that White and Williams LLP has committed an ERISA violation as plaintiffs do not even allege a breach of fiduciary duty by White and Williams LLP.

## II.  <u>CONCLUSION</u>

For all the reasons set forth above, defendant White and Williams LLP respectfully asserts that the equitable injunction plaintiffs seek herein is contrary to law as plaintiffs have not shown personal jurisdiction or proper venue, cannot show likelihood of success on the merits or irreparable harm, and further seek an Order that is entirely too broad.

Respectfully submitted,

**HINCKLEY, ALLEN & SNYDER LLP**

BY /s/ Michael F. Kraemer
    Michael F. Kraemer (#657156)
    1500 Fleet Center
    Providence, Rhode Island 02903
    (401) 274-2000
    (401) 277-9600 (Fax)

**WHITE AND WILLIAMS LLP**
Michael O. Kassak
Elizabeth A. Venditta
1800 One Liberty Place
Philadelphia, Pennsylvania 19103
(215) 864-7000
(215) 864-7123 (Fax)

CERTIFICATION

     I, Michael F. Kraemer, served a copy of the foregoing document on those parties whose counsel have registered with the Court's EFC service by employing such service for filing this document and upon pro se defendant Morton C. Batt on April 15, 2005 by mailing a copy to .

Morton C. Batt
2424 NW 63rd Street
Boca Raton, FL 33496-3626

                                      /s/ Michael F. Kraemer

#653999v1 (58437/125207)