UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans,<br><br>**Plaintiffs,**<br><br>v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, WHITE & WILLIAMS, LLP, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C., THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br><br>**Defendants.** | Civil Action No.:05 cv 10355 NG |

## AFFIDAVIT OF ANTHONY L. SCIALABBA

I, Anthony L. Scialabba, declare as follows:

1. I am a shareholder of the law firm of Scialabba & Associates, P.C. which maintains offices at 1002 Lincoln Drive West, Suite B, Marlton, NJ 08053 ("Scialabba Firm"). I have approximately 20 years experience in handling retirement plan matters. This includes drafting, plan design, and government submission. I also have significant experience in handling retirement plan matters with the Internal Revenue Service and the Department of Labor. I have authored over 50 law journal articles on retirement plan topics. In addition, I am an Editorial Board Advisor for The Journal of Pension Benefits. I make this affidavit upon personal

knowledge and in opposition to plaintiffs' motion for a preliminary injunction.

2. Beginning in or about the latter parts of 2001, the Scialabba Firm (and/or its predecessor) was retained by the Standard Automotive Corporation ("Standard") to provide legal services to the Standard Automotive Corporation 401(k) Plan ("401(k) Plan") and the Standard Automotive Corporation Employer Contribution Plan (collectively referred to as the "Plans") to resolve certain issues with respect to record-keeping and third-party administration services for the Plans provided by defendant Citistreet LLC ("Citistreet").

3. The administrative errors the Scialabba Firm addressed were significant, and included the following: (1) misallocations to certain Participants' accounts under the Plans; (2) incorrect postings of Participant contributions; (3) inaccurate recordkeeping for loan repayments with regard to certain Participants; (4) the inability to accurately reconcile the individual accounts of the Participants; and (5) substantial discrepancies between the stated value of the trusts of the Plans and the actual asset value of the trusts of the Plans.

4. The Scialabba Firm was retained not only to resolve such errors for the purpose of determining accurate account balances on both a trust and participant level but also, due to these errors, to guide the Plans through several different government sponsored voluntary correction programs that relate to "tax-qualified" retirement plans. Such programs are necessary in order to ensure the acceptability to the government of any and all corrective acts taken in relation to the Plans and to maintain for the participants of the Plans the tax benefits associated with such a retirement plan. My efforts and the efforts of the Scialabba Firm to correct these significant problems were necessary and reasonable, given the nature and extent of these problems.

5. All services or acts by the Scialabba Firm with respect to servicing the Plans took place in New Jersey, and none took place in Massachusetts. Further, I am informed and believe that all acts of plan servicing by others took place in New Jersey, and not Massachusetts, including acts of plan servicing performed by CitiStreet. It is my understanding and belief that all acts of CitiStreet in its capacity as third-party plan administrator and recordkeeper to the 401(k) Plan occurred at its East Brunswick, New Jersey location.

6. In December 2002, Standard appointed me trustee and plan administrator for the Plans, a position I held until December 2003, when my successor and current trustee Morton C. Batt ("Batt") replaced me.

7. Any and all actions that I took in my capacity as trustee and plan administrator took place in New Jersey, and none took place in Massachusetts. I am informed and believe that all actions taken by Batt in his capacity as trustee and plan adminstrator during the pertinent times also took place in New Jersey, and none in Massachusetts. Notwithstanding the foregoing, I understand and believe that in approximately October of 2004, Batt moved his personal residence from New Jersey to Florida. I and, upon information and belief, Batt have not stepped foot in Massachusetts in connection with the Plans, other than appearing before the Court at the recent hearing in order to defend the plaintiffs' request for injunctive relief.

SIGNED UNDER THE PENALTIES OF PERJURY ON APRIL 20, 2005

_____
Anthony L. Scialabba