**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                                         )
MARY DESMOND, THOMAS ZIOBROWSKI,     )
PAUL WATTS on their own behalf and on            )
behalf of other participants in the defendant ERISA )
Plans,                                                                   )
                                                                         )
        **Plaintiffs,**                                         )
                                                                         )
        v.                                                        ) Civil Action No.: 05-10355-NG
                                                                         )
MORTON C. BATT, ANTHONY L. SCIALABBA,)
CITISTREET, LLC, WHITE & WILLIAMS, LLP, )
SCIALABBA & MORRISON, P.C., ANTHONY       )
L. SCIALABBA & ASSOCIATES, P.C., THE           )
STANDARD AUTOMOTIVE 401(K) PLAN,            )
THE STANDARD AUTOMOTIVE EMPLOYER     )
CONTRIBUTION PLAN,                                       )
                                                                         )
        **Defendants.**                                         )
_____)

**MOTION OF DEFENDANTS ANTHONY L. SCIALABBA AND**
**ANTHONY L. SCIALABBA & ASSOCIATES, P.C. TO DISMISS**
**FOR LACK OF JURISDICTION OR IMPROPER VENUE,**
<u>**OR IN THE ALTERNATIVE, TO TRANSFER**</u>

Defendants Anthony L. Scialabba and Anthony L. Scialabba & Associates, P.C. (collectively, "Scialabba Defendants") have in prior submissions to the Court in connection with plaintiff's preliminary injunction motion demonstrated why this Court does not have personal jurisdiction over them, that venue is not proper in this Court, and even if venue is proper in this Court, that transfer to the United States District Court for the District of New Jersey is warranted. Specifically, the Scialabba Defendants refer to and incorporate herein by reference the following, filed electronically on April 20, 2005:

- SUPPLEMENTAL MEMORANDUM OF LAW OF ANTHONY L. SCIALABBA AND ANTHONY L. SCIALABBA & ASSOCIATES, P.C. IN

Case 1:05-cv-10355-NG   Document 32   Filed 05/16/2005   Page 2 of 5

OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION ("Supplemental Memo") (pp. 1-7); and

- AFFIDAVIT OF ANTHONY L. SCIALABBA.[1]

For the reasons set forth therein, and summarized below, the Scialabba Defendants hereby move to dismiss the complaint against them pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and/or 12(b)(3) and 28 U.S.C. §1406(a) for improper venue. Alternatively, the Scialabba Defendants hereby move that this action be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1404(a).

In sum, and as set forth fully in the above-referenced prior submissions:

1. To the extent this Court sides with the minority (but better reasoned) view that minimum contacts with the forum is required for the exercise of personal jurisdiction in ERISA cases, this action should be dismissed as to the Scialabba Defendants pursuant to Fed. R. Civ. P. 12(b)(2) for want of personal jurisdiction, since the Scialabba Defendants do not have the requisite minimum contacts with this forum. (Supplemental Memo, pp. 3-4).

2. This action should be dismissed as to the Scialabba Defendants pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1404(a) for improper venue, since the

---

[1] It is entirely appropriate for this Court to consider an affidavit in the context of a motion to dismiss for lack of jurisdiction and/or improper venue. Callahan v. Harvest Board Int'l, Inc., 138 F.Supp.2d 147, 152-153 (D. Mass. 2001) ("The consideration of materials outside the complaint is appropriate in ruling on a motion to dismiss for lack of personal jurisdiction.") (citing, inter alia, Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)); U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 16 F.Supp.2d 326, 332-333 (S.D.N.Y. 1998), modified on other grounds (court may consider affidavits in deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction and a Rule 12(b)(3) motion to dismiss for improper venue); Wright and Miller, 5B Federal Practice and Procedure, §1351 at 305 and §1352 at 324 (court may consider facts outside pleadings in ruling on Rule 12(b)(2) and 12(b)(3) motions).

2

requirements of 29 U.S.C. §1132(e)(2) have not been met.  (Supplemental Memo, pp. 4-6).

3**.**     Alternatively, this action should be transferred to the United State District Court for the District of New Jersey, pursuant to 28 U.S.C. §1404(a) for the convenience of parties and witnesses, and in the interests of justice.  (Supplemental Memo at 6-7).

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss the complaint as to the Scialabba Defendants pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and/or Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a) for improper venue. Alternatively, this Court should transfer this action to United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1404(a).

[Intentionally left blank]

## REQUEST FOR ORAL ARGUMENT

    The Scialabba Defendants respectfully request that the within motion be heard at the motion hearing currently scheduled for June 28, 2005, at 10:00 a.m.

                          ANTHONY L. SCIALABBA,
                          and ANTHONY L. SCIALABBA &
                          ASSOCIATES, P.C.

                          By their attorneys,

                          /s/Anthony L. Scialabba
                          Anthony L. Scialabba, Esq.
                          Geoffrey M. Strunk, Esq.
                          SCIALABBA & ASSOCIATES, P.C.
                          1002 Lincoln Drive West, Suite B
                          Marlton, NJ  08053
                          (856) 396-0499
                          (Admitted Pro Hac Vice)

                          -and-

                          /s/Ronald M. Jacobs
                          Ronald M. Jacobs (BBO# 561535)
                          CONN KAVANAUGH ROSENTHAL
                              PEISCH & FORD, LLP
                          Ten Post Office Square
                          Boston, MA  02109
Dated:  May 16, 2005            (617) 482-8200

## LOCAL RULE 7.1(A)(2) CERTIFICATION

    I hereby certify that I conferred with plaintiffs' counsel Thomas Smith on May 13, 2005, and in good faith unsuccessfully attempted to resolve or narrow the issues presented.

                                                  /s/Ronald M. Jacobs

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served on those parties whose counsel have registered with the Court's ECF service by employing such service for filing this document and upon pro so defendant Morton C. Batt on May 16, 2005 by mailing a copy to Morton C. Batt, 2424 NW 63rd Street, Boca Raton, FL  33496-3626

                                                  /s/Ronald M. Jacobs

226653.1

5