UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
MARY DESMOND, THOMAS ZIOBROWSKI,             )
PAUL WATTS on their own behalf and on        )
behalf of other participants in the defendant ERISA )
Plans                                        )
                                            )
       **Plaintiffs**,                       )
                                            )
             v.                              )   Civil Action No. 05-cv-10355 NG
                                            )
MORTON C. BATT, ANTHONY L. SCIALABBA,)
CITISTREET, LLC, WHITE & WILLIAMS, LLP, )
SCIALABBA & MORRISON, P.C.,                 )
ANTHONY L. SCIALABBA & ASSOCIATES,          )
P.C.                                        )
 THE STANDARD AUTOMOTIVE 401(K) PLAN,)
THE STANDARD AUTOMOTIVE EMPLOYER    )
CONTRIBUTION PLAN,                          )
       **Defendants**.                       )
_____)

**PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANTS ANTHONY L.
SCIALABBA AND ANTHONY L. SCIALABBA & ASSOCIATES, P.C. TO
DISMISS FOR LACK OF JURISDICTION OR IMPROPER VENUE
OR IN THE ALTERNATIVE TO TRANSFER**

Plaintiffs Mary Desmond, Thomas Ziobrowski and Paul Watts hereby oppose the motion of defendants Anthony L. Scialabba and Anthony L. Scialabba and Associates, P.C. to dismiss for lack of jurisdiction or improper venue or in the alternative to transfer this action to New Jersey.

As grounds for this opposition, Plaintiffs rely upon the black letter law of the First Circuit providing that, in an action under ERISA, a defendant's minimum contacts with the United States confers personal jurisdiction over a defendant in any judicial district of the United States. United Elec., Radio & Mac. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir., 1992); see also Cole v. Central States SouthEast, 225 F.Supp.2d 96, 97 (D. Mass. 2002).

Further, venue is unquestionably and independently proper in this district under each of the three alternative venue tests set forth in 29 U.S.C. § 1132(e)(1). Finally, respect for Plaintiff's choice of forum for this ERISA action requires a denial of any request for transfer.[1]

### Argument

I.  **PERSONAL JURISDICTION EXISTS OVER DEFENDANTS SCIALABBA AND ANTHONY L. SCIALABBA & ASSOCIATES FOR THEIR ALLEGED VIOLATIONS OF ERISA.**

Under ERISA, personal jurisdiction exists over all properly served United States defendants even if the defendant has **no** contacts with the court's district. Minimum contacts with the United States are sufficient. See, *e.g.*, Cripps v. Life Ins. Co. of North America, 980 F.2d 1261 (9th Cir. 1992)(personal jurisdiction conferred over non-resident defendant by ERISA's nationwide service of process provision); Medical Mutual of Ohio v. DeSoto, 245 F.3d 561, 566 (6th Cir. 2001)(in determining personal jurisdiction under ERISA "a court should ask whether the defendant has sufficient minimum contacts with the United States"); Administrative Committee of the Wal-Mart Stores, Inc. v. Soles, 204 F.Supp.2d 1884 (W.D. Ark. 2002)("a defendant need not have contacts with the judicial district in which venue lies so long as the defendant has contacts with the United States").

The First Circuit has joined the overwhelming majority of other federal courts in adopting the "minimum contacts with the United States" test for personal jurisdiction in ERISA cases. As the Court stated:

---

[1] In support of this motion, Plaintiffs also rely upon their previous filings in this action including Memorandum in Support of Motion for Preliminary Injunction (Docket # 3, 2/24/2005), Affidavit of Terrence Jones (Docket #4, 2/24/2005), Affidavit of Mary Desmond (Docket # 5, 2/24/2005) and Reply to Opposition to Motion for Preliminary Injunction (Docket #22, 4/11/2005).

> Because the instant [ERISA] case is premised on a federal question, it is distinguishable from cases that address personal jurisdiction in the context of diversity jurisdiction . . .. The distinction is of potential consequence.  When a district court's subject matter jurisdiction is founded upon a federal question, the constitutional limits of the court's personal jurisdiction are fixed, in the first instance, not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment. See Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991) (per curiam); Whistler Corp. v. Solar Elecs., Inc., 684 F. Supp. 1126, 1128 (D. Mass. 1988). Inasmuch as the federalism concerns which hover over the jurisdictional equation in a diversity case are absent in a federal question case, a federal court's power to assert personal jurisdiction is geographically expanded. **In such circumstances, the Constitution requires only that the defendant have the requisite "minimum contacts" with the United States, rather than with the particular forum state (as would be required in a diversity case)**. See Lorelei, 940 F.2d at 719; Trans-Asiatic Oil Ltd. v. Apex Oil Co., 743 F.2d 956, 959 (1st Cir. 1984).

United Elec., Radio & Mac. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir., 1992)(emphasis supplied); see also Cole v. Central States SouthEast, 225 F.Supp.2d 96, 97 (D. Mass. 2002).

As the First Circuit has noted, "The legislative history of ERISA indicates that Congress intended the federal courts to construe the Act's jurisdictional requirements broadly in order to facilitate enforcement of its remedial provisions." Vartanian v. Monsanto Co., 14 F.3d 697, 702 (1st Cir. 1994).  The legislative history leaves no doubt but that Congress intended federal courts to exercise the broadest possible personal jurisdiction in ERISA matters noting

> The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law or recovery of benefits due to participants."

Id. (quoting S. Rep. No. 127, 93 Cong.., 2d Sess., 3 (1974), reprinted in 1974 U.S.C.C.A.N. 4639, 4871).

Defendants Scialabba and Anthony L. Scialabba and Associates, P.C. indisputably have minimum contacts with the United States.  Defendant Anthony L. Scialabba resides in New

Jersey, and his two affiliated law firms, Scialabba & Morrison, P.C. and Anthony L. Scialabba and Associates, P.C. are organized under New Jersey law.  These contacts with the United States are sufficient to confer personal jurisdiction in this Court over Anthony Scialabba and his law firms in this  ERISA case.

As such, Defendants motion to dismiss for lack of personal jurisdiction must be denied.

## II.   VENUE IS PROPER IN THIS COURT UNDER 29 U.S.C. § 1132(e)(1)

Venue is entirely proper in this Court.  "ERISA venue provisions should be interpreted so as to give beneficiaries a wide choice of venue."  Cole v. Central States Southeast, 225 F.Supp.2d 96, 98 (D.Mass. 2002); see also Varsic v. United States District Court, 607 F.2d 245 (9th Cir. 1979)(Congress "clearly struck the balance in favor of liberal venue"); Keating v. Whitmore Mf'g Co., 981 F.Supp. 890, 892 (E.D. Pa. 1997)(with ERISA, Congress intended "to remove jurisdictional and procedural obstacles [that] hampered effective enforcement of fiduciary responsibilities").  In this case, Plaintiffs have established proper venue under each one of the three alternative venue provisions contained in ERISA.

The ERISA venue provision states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought [1] in the district where the plan is administered, [2] where the breach took place, *or* [3] where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(1)(numeration and emphasis supplied).   In this action, venue is independently proper in this Court under each of the three alternative tests. First, and dispositively, it is not contested that **at least** one of the defendants, CitiStreet, may be found in Massachusetts.  CitiStreet is registered to do business in Massachusetts, has designated a resident agent for service of process in the Commonwealth, and has its corporate headquarters and a

major operations facility in North Quincy, Massachusetts.[2]  Second, many of the plan participants, including the named plaintiffs herein, reside and work in Massachusetts.  They failed to receive their 401(k) benefits in this forum.  Accordingly, "the breach took place" here in Massachusetts.  See Cole v. Central States, 227 F.Supp. 2d 190 (D. Mass. 2002). The Plaintiffs have brought claims for unlawful denial of benefits (Complaint, Count III)  as well as for breach of fiduciary duty (Complaint, Count I).   Thus while some breaches may have occurred in New Jersey, New York or Pennsylvania, others clearly occurred here in Massachusetts where plaintiffs were denied their ERISA benefits.  Third, some 100 plan participants worked at Standard Automotive Corporation's Ranor facility in Westminster, Massachusetts. Many administrative tasks including execution of plan documents, roll over requests, and loan administration were processed in Massachusetts.  Massachusetts is one forum where the plan "is administered."

   In short, because venue is proper in this Court under each of the three alternative and independently sufficient venue provisions, Plaintiff's Motion to Dismiss for improper venue must be denied.

### III.   THIS ERISA ACTION SHOULD NOT BE TRANSFERRED UNDER 28 U.S.C. § 1404(a).

---

[2]The Plans, named as defendants, may also be found in Massachusetts because they have participants who worked under the Plans and made contributions to them here.  Varsic v.United States District Court, 607 F.2d at 249; Ransom v. Administrative Committee, 820 F.Supp. 1429, 1433 (N.D. Ga. 1992)(venue proper "when an employee covered by the plan performs his work and earns his pension credit in the district").

The plaintiffs in this action, and numerous members of the plan participants whose interests the named plaintiffs represent in this action, live and work in Massachusetts. One of the Defendants, CitiStreet, is located here. The Scialabba defendants dealt with numerous Plan participants in Massachusetts and directed numerous letters and telephone communications to this forum. See <u>Desmond Affidavit</u>, ¶¶ 6, 7, 8, 10, 11 and Exhibits 3, 4 and 8. Moreover, the Scialabba defendants have received some $700,000 in excessive fees from the 401(k) retirement funds of Massachusetts plan participants. <u>Id</u>., ¶ 17.

Transfer to New Jersey would be extremely burdensome to the Plaintiffs, who will testify as witnesses in this action, and would frustrate their choice of forum. These considerations require a denial of the request for transfer. As this Court has noted,

> The moving party bears the heavy burden of establishing that the transfer to another district is proper and must overcome the considerable weight the court give to a plaintiff's choice of forum. **This is especially true with respect to ERISA actions**, because Congress' intent in drafting ERISA's liberal venue provision was to expand an ERISA plaintiff's choice of forum and limit the forum choice of corporate fiduciaries.

<u>Vartanian v. Monsanto Co.</u>, 880 F.Supp. 63, 73 (D. Mass. 1995)(denying transfer and noting "the cost and burden to [plaintiff], an individual retiree would be considerable. Taking into account the financial means possessed by the respective parties, a transfer would be far more burdensome to the plaintiff than retaining the case will be for defendant" ); *see also* <u>Berrigan v. Greyhound Lines, Inc.</u> 560 F. Supp. 165, 169 (D. Mass. 1982)(denying request for transfer noting "A factor entitled to great weight is the plaintiff's choice of forum . . . The burden is on the defendant to show that a transfer is warranted. . . It is not enough, without more, that the claim arose elsewhere or that defendants would prefer another forum. Nor should a transfer be ordered if the result is merely to shift the inconvenience to the plaintiff."); <u>Cole v. Central States</u>,

225 F.Supp.2d 96, 99 (D. Mass. 2002)(denying request for transfer in ERISA action); <u>Cole v. Central States</u>, 227 F.Supp. 2d 190, 199 (D.Mass. 2002)(same).

**Conclusion**

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants Anthony L. Scialabba and Anthony L. Scialabba and Associates, P.C.'s Motion to Dismiss for Lack of Jurisdiction or Improper Venue, or in the Alternative to Transfer.

Plaintiffs,

By their attorneys,

 /s/   Thomas P. Smith_____
 Thomas P. Smith (BBO #555513)
 Matthew A. Caffrey (BBO #558901)
  CAFFREY & SMITH, P.C.
  300 Essex Street
  Lawrence, MA 01840
  Telephone: (978) 686-6151
  Telecopy: (978) 686-3399

Date: May 27, 2005

CERTIFICATE OF SERVICE

    I, Thomas P. Smith, served a copy of the foregoing document on those parties whose counsel have registered with the Court's ECF service by employing such service for filing this document and upon pro se defendant Morton Batt by mailing a copy, postage prepaid, to:

Morton C. Batt
2424 NW 63rd Street
Boca Raton, FL 33496-3626


Date: May 27, 2005                            /s/ Thomas P. Smith
                                                  Thomas P. Smith