## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Mary Desmond, Thomas Ziobrowski and**
**Paul Watts**

**vs.**

**Morton C. Batt, Anthony L. Scialabba,**
**CitiStreet LLC, White and Williams LLP,**
**Scialabba & Morrison, P.C., Anthony L.**
**Scialabba & Associates, P.C., The Standard**
**Automotive 401 (k) Plan, and The Standard**
**Automotive Employers Contribution Plan**          **C.A. No.05-cv-10355 NG**

### REPLY OF DEFENDANT MORTON C. BATT (pro se)
### TO PLAINTIFFS' COMPLAINT AND
### MOTION FOR PRELIMINARY INJUNCTION

Defendant Morton C. Batt ("Batt"), who is not an attorney and at this time appears pro se, is not qualified to reply with respect to legal issues regarding the complaint and motion for preliminary injunction filed by Plaintiffs .

Batt disputes the allegations that he violated his fiduciary duty in (I) paying excessive compensation to himself and others and, (ii) failing to promptly and skillfully terminate the Plans and distribute Participants' funds. Batt declares that , at all times, he directed the administration the Plans to achieve an expeditious termination with distribution to participants after recovering damages caused by CitiStreet and , at the same time retaining the tax qualified status of the 401 (k) plan.

1

Following his appointment on December 09, 2003, as Trustee and Administrator, Batt directed all efforts to have CitiStreet, the existing third party administrator, provide documentation and information to resolve outstanding Plan issues consisting of the need to verify the integrity of account balances, completion of Forms 5500 and, to insure the continuity of the tax qualified status of the Plan. The Trustee learned that, prior to his appointment, the accounting firms of Arthur Anderson LLP and Detweiler Hershey identified a deficiency of at least $200,000 in the accounts maintained by CitiStreet. Sometime in 2003 Detweiler Hershey began requesting certain specific information from CitiStreet needed to resolve the above issues however CitiStreet failed to satisfy those requests. In January of 2004 I sent a letter to CitiStreet requesting the information identified by Detweiler Hershey but , again, CitiStreet failed to comply with the
requested documentation..

The Trustee then determined that , absent a Court Order directing compliance, the failure of CitiStreet to provide information would continue and accordingly directed that an Order to Show Cause be filed in the Superior Court of New Jersey. An Order Granting Evidence Petition was signed on June 23 2004 which directed CitiStreet to turnover specific documents . CitiStreet failed to comply with the June 23 Order and an Order Enforcing Litigants Rights was signed on October 08, 2004 in which CitiStreet was cited for violating the previous Order and was assessed a sanction of $1,500 for attorneys fees.

Sometime in September of 2004 I determined that it would be necessary to engage a large and qualified law firm for purposes of investigating potential causes of action against CitiStreet and any other individuals or entities relating to the Plan. After interviewing several such firms I selected White & Williams and signed an engagement letter dated October 25, 2004. At that time I advised all of my professionals that all services should be suspended pending receipt of the White and Williams report and further advising that payment of all open fees would be suspended until such time as damages were recovered and the Plan was ready to be terminated.

White and Williams issued their report on January 25, 2005 which identified a cause of action to recover damages from CitiStreet and to recover certain payments made to Anthony L. Scialabba & Associates identified as prohibited transactions. Immediately upon receiving this report I requested that White and Williams begin drafting a complaint against CitiStsreet and began efforts to reach a reasonable settlement with Anthony L. Scialabba & Associates regarding the prohibited transactions.

2

The Complaint, dated February 23, 2005, filed by the Plaintiffs has caused the filing of the Complaint against CitiStreet as well as efforts to reach a settlement with Anthony L. Scialabba & Associates to be put on hold.

The expeditious goals of the Trustee and the Plaintiffs to terminate the Plan and distribute assets to the participants are one and the same. The Trustee will agree to voluntarily provide Plaintiffs' counsel with the detailed time records for which he paid his professionals.

Morton C. Batt , by reason of the foregoing, asks that the Court dismiss , without prejudice, the Complaint and Motion for Preliminary Injunction as filed by the Plaintiffs and allow an opportunity for the Defendants and Plaintiffs to reach an agreement with regard to achieving a proper termination of the Plan and distribution of assets to the participants.

Respectfully submitted,

Morton C. Batt, pro se

Dated: May 20, 2005

3

**REPLY OF MORTON C. BATT**
**DATED MAY 20, 2005**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was mailed via USPS to the following service list on May 23, 2005:

Henry C. Dinger, Esq.
Goodwin Procter
53 State Street
Boston MA 02109

Ronald M. Jacobs, Esq.
Conn Kavanaugh et al
Ten Post Office Square
Boston MA 02109

Michael O. Kassak, Esq
White and Williams
457 Haddonfield Road
Suite 400
Cherry Hill NJ 08002

Michael F. Kraemer, Esq.
Hinckley Allen & Snyder
1500 Fleet Center
Providence RI 02903

Anthony L. Scialabba, Esq.
ALS & Assoc
1002 Lincoln Drive West
Marlton NJ 03053

Thomas P. Smith, Esq.
Caffrey & Smith
300 Essex Street
Lawrence MA 01840

Morton C. Batt, pro se