**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans, | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | ) |
| v. | ) Civil Action No.: 05-10355-NG |
| MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, WHITE & WILLIAMS, LLP, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C., THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

_____)

**ANSWER OF ANTHONY L. SCIALABBA AND ANTHONY L. SCIALABBA & ASSOCIATES, P.C. TO THE COMPLAINT, AND CROSS-CLAIM**

Defendant Anthony L. Scialabba ("Scialabba") and Anthony L. Scialabba & Associates, P.C., ("Scialabba Firm") (collectively, "the Scialabba Defendants") hereby respond to the correspondingly-numbered paragraphs of the Complaint as follows:

**FIRST DEFENSE**

**INTRODUCTION**

1.  The Scialabba Defendants admit that plaintiffs requested a "roll over" distribution

from the Standard Automotive Corporation 401(k) ("401(k) Plan") plan but deny that said request was denied without adequate explanation. The Scialabba Defendants deny that portion of the seventh sentence of this paragraph to the extent it suggests that fees and expenses from the plans in question conferred no benefit on participants, and deny the allegations in the eighth sentence of this paragraph. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. The allegations of this paragraph are conclusory in nature and/or purport to set forth conclusions of law to which no response is required. To the extent a response is required, the Scialabba Defendants deny the allegations in paragraph 2 of the Complaint.

## THE PARTIES

3. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Scialabba admits that he resides at 3202 Avalon Court, Voorhees, New Jersey, 08043 and conducts business at 1002 Lincoln Drive, Marlton, New Jersey, and denies the remaining allegations in paragraph 6 of the Complaint.

7. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. The Scialabba Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denied. Answering further, the Scialabba Defendants state that Scialabba & Morrison, P.C., formerly was a New Jersey Professional Corporation, with a principal place of business of 1002 Lincoln Drive, Marlton, New Jersey, and no longer exists.

11. Admitted.

12. The Scialabba Defendants admit that the Standard Automotive Corporation 401(k) Plan and the Standard Automotive Employer Contribution Plan are named defendants in the above-captioned lawsuit. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint.

## JURISDICTION

13. Paragraph 13 of the Complaint purports to state conclusions of law to which no response is required. To the extent a response is required, the Scialabba Defendants admit that Plaintiffs purport to bring an action under ERISA and deny the remaining allegations of this paragraph.

14. Paragraph 14 of the Complaint purports to state conclusions of law to which no response is required. To the extent a response is required, the Scialabba Defendants admit that Plaintiffs purport to bring an action under ERISA and deny the remaining allegations of this paragraph.

## STATEMENT OF FACTS

15. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, the Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Scialabba admits that he served as trustee and plan administrator under the 401(k) Plan and an employer contribution plan (the "Plans") from approximately December 2002 until December 2003. Scialabba is informed and believes that defendant Morton C. Batt is currently a trustee and plan administrator under the Plans. The remaining allegations of this paragraph purport to state conclusions of law to which no response is required. To the extent a response is required, the Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

19. The Scialabba Defendants admits that the Scialabba Firm provided legal services to the plans. The remaining allegations either are directed to entities that are not (or no longer are) parties to this action and/or purport to state conclusions of law to which no response is required. To the extent a response is required, the Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. The Scialabba Defendants deny that they at any time failed or refused to perform

4

any obligation to plaintiffs concerning "roll over" distributions with respect to the 401(k) Plan. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23. The Scialabba Defendants admit that Scialabba, while he was trustee and plan administrator, was unable to grant requests to "roll over" amounts in the plans because he could not properly terminate the plans as a result of multiple significant errors including the recordkeeping and trust accounting of the 401(k) Plan. Scialabba is informed and believes that these issues persist until the present. The Scialabba Defendants deny the remaining allegations of this paragraph. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint.

24. The Scialabba Defendants deny the allegations of this paragraph to the extent directed toward Scialabba and the Scialabba Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint.

25. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 26 of the Complaint. The Scialabba Defendants deny that it "caused or permitted" the Plans to pay over $800,000 in excessive fees and expenses since January 2003. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint to the extent they apply to the other defendants.

## COUNT I
### Breach of Fiduciary Duty Under ERISA 29 U.S.C. §1109 and 1132(a)(2) (Plaintiffs v. Scialabba, et al.)

27. Scialabba incorporates by reference his answers to paragraphs 1 through 26 as if fully set forth herein. Further answering, Scialabba states that to the extent that this Count includes allegations against other defendants, no response is required.

28. Paragraph 28 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 28 of the Complaint to the extent that the allegations apply to him. Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 to the extent they apply to other defendants.

29. Paragraph 29 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 29 of the Complaint to the extent that the allegations apply to him. Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 to the extent they apply to other defendants.

30. Paragraph 30 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 30 of the Complaint to the extent that the allegations apply to him. Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 to the extent they apply to other defendants.

31. Paragraph 31 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 31 of the Complaint to the extent that the allegations apply to him.

Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 to the extent they apply to other defendants.

## COUNT II
### Violations of ERISA - 29 U.S.C. §1132(a)(3)
### (Plaintiffs v. Scialabba Defendants, et al.)

32.     The Scialabba Defendants incorporate by reference their answers to paragraphs 1 through 31 as if fully set forth herein.  Further answering, the Scialabba Defendants states that to the extent that this Count includes allegations against other defendants or entities that are not (or no longer are) parties to this action, no response is required.

33.     Paragraph 33 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, the Scialabba Defendants deny the allegations contained in paragraph 33 of the Complaint to the extent that the allegations apply to the Scialabba Defendants.  The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 to the extent they apply to other defendants.

34.     Paragraph 34 of the Complaint purports to state a conclusion of law to which no response is required.  To the extent a response is required, the Scialabba Defendants deny the allegations contained in paragraph 34 of the Complaint to the extent that the allegations apply to the Scialabba Defendants.  The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 to the extent they apply to other defendants.

35.     Paragraph 35 of the Complaint purports to state a conclusion of law to which no response is required.  To the extent a response is required, the Scialabba Defendants deny the allegations contained in paragraph 35 of the Complaint to the extent that the allegations apply to

the Scialabba Defendants. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 to the extent they apply to other defendants.

36. Paragraph 36 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, the Scialabba Defendants deny the allegations contained in paragraph 36 of the Complaint to the extent that the allegations apply to the Scialabba Defendants. The Scialabba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 to the extent they apply to other defendants.

### COUNT III
### Unlawful Denial of Benefits Under ERISA
### 29 U.S.C. §1132(a)(1)(B)
### (Plaintiffs v. Scialabba, et al.)

37. Scialabba incorporates by reference his answers to paragraphs 1 through 36 as if fully set forth herein. Further answering, Scialabba states that to the extent that this Count includes allegations against other defendants, no response is required.

38. Paragraph 38 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 39 of the Complaint to the extent that the allegations apply to him. Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 39 to the extent they apply to other defendants.

40. Paragraph 40 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 41 of the Complaint to the extent that the allegations apply to him. Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 to the extent they apply to other defendants.

42. Paragraph 42 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is required, Scialabba denies the allegations contained in paragraph 42 of the Complaint to the extent that the allegations apply to him. Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 to the extent they apply to other defendants.

## COUNT IV
**Unlawful Refusal to Supply ERISA Mandated Information**
**29 U.S.C. §1132(c)(1)**
**(Plaintiffs v. Scialabba, et al.)**

43. Scialabba incorporates by reference his answers to paragraphs 1 through 42 as if fully set forth herein. Further answering, Scialabba states that to the extent this Count consists of allegations against other defendants, no response is required.

44. Scialabba admits that while he was trustee and plan administrator he received requests for information from individuals who asserted they were participants in the plans in

question.  Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint.

45.    Paragraph 45 purports to state conclusions of law to which no response is required.  To the extent a response is required, Scialabba denies the allegations in Paragraph 45 of the Complaint to the extent they apply to him.  Scialabba lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' claimed injuries and damages were not proximately caused by any acts or omissions of the Scialabba Defendants.

## FIFTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any injury cognizable under 29 U.S.C. §§1109 and 1132(a) & (c).

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, laches and/or estoppel.

## SEVENTH DEFENSE

All services provided by the Scialabba Defendants, or any of them, were reasonable and necessary to the operation of the Plans.

## EIGHTH DEFENSE

All services approved by Scialabba in his capacity as trustee and plan administrator with respect to the Plans were reasonable and necessary to the operation of the Plans.

## NINTH DEFENSE

The compensation paid the Scialabba Defendants, or any of them, for services provided to the Plans was reasonable in amount under the circumstances.

## TENTH DEFENSE

The compensation approved by Scialabba in his capacity as trustee and plan administrator with respect to the Plans to be paid to third party service providers was reasonable in amount under the circumstances.

## ELEVENTH DEFENSE

Scialabba was not a fiduciary with respect to the Plans for some of the time in question.

## TWELFTH DEFENSE

Scialabba, while a fiduciary with respect to the Plans, acted solely in the interests of the Plans' participants and beneficiaries, for the exclusive purpose of providing plan benefits or for

defraying reasonable expenses of plan administration, with appropriate skill, care, and prudence, and in accordance with the Plan's documents and instruments.

### THIRTEENTH DEFENSE

The 401(k) Plan was an orphan plan during some or all of the time that Scialabba was a trustee and plan administrator and that the Scialabba Firm provided services thereto.

### FOURTEENTH DEFENSE

The Scialabba Defendants reserves the right to assert such other defenses as may be warranted in light of information generated during the course of litigation.

WHEREFORE, the Scialabba Defendants respectfully request that the Court:

(A) Enter judgment in their favor on all claims asserted against them;

(B) Award them their costs and attorneys' fees; and

(C) Award them such other relief this Court deems just, proper, and equitable.

### CROSS-CLAIM
### PARTIES

1.      Defendant/plaintiff-in-cross-claim Anthony L. Scialabba ("Scialabba") is an individual residing at 3202 Avalon Court, Voorhees, New Jersey 08043.

2.      Defendant/plaintiff-in-cross-claim Anthony L. Scialabba and Associates, P.C. (the "Scialabba Firm") is a New Jersey professional corporation with a principal place of business at 1002 Lincoln Drive West, Marlton, New Jersey.

3. Cross-claim defendant CitiStreet, LLC ("CitiStreet") is, upon information and belief, a Delaware limited liability company with a principal place of business at Three Batterymarch Park, Quincy, MA.

## GENERAL ALLEGATIONS

4. Scialabba and the Scialabba Firm (collectively, the "Scialabba Defendants") and CitiStreet have been sued herein for various alleged misconduct with respect to the Plans (as defined in the Complaint).

5. Scialabba for a period of time was trustee and plan administrator for the Plans.

6. The Scialabba Firm for a period of time provided legal services for the Plans.

7. CitiStreet provided, among other things, third-party record keeping and administrative services with respect to the Standard Automotive Corporation 401(k) Plan ("401(k) Plan").

8. The Scialabba Firm was retained to resolve certain significant administrative issues with respect to record keeping and third-party administration services for the 401(k) Plan provided by CitiStreet.

9. The Scialabba Firm was retained not only to resolve such errors for the purpose of determining accurate account balances on both the trust and participant level, but also, due to these errors, to guide the Plans through several different government sponsored, voluntary correction programs that relate to tax-qualified retirement plans. Such programs are necessary in order to ensure the acceptability to the government of any and all corrective acts taken in relation to the Plans and to maintain for the participants of the Plans the tax benefits associated with such retirement plans.

10. The efforts of Scialabba and the Scialabba Firm to correct these significant problems were necessary and reasonable, given the nature and extent of these problems.

13

11.     The compensation paid to the Scialabba Defendants, or any of them, for services provided to the Plans was a reasonable amount under the circumstances.

12.     The services and compensation approved by Scialabba in his capacity as Trustee and Plan Administrator with respect to the Plans were reasonable under the circumstances.

13.     Scialabba was not a fiduciary with respect to the Plans for some of the time in question in the Complaint.

14.     Scialabba, while a fiduciary with respect to the Plans, acted solely in the interest of the Plans' participants and beneficiaries, for the exclusive purpose of providing plan benefits or for defraying reasonable expenses of plan administration, with appropriate skill, care, and prudence, and in accordance with the Plans' documents and instruments.

15.     The 401(k) Plan was an orphan plan during some or all of the time that Scialabba was a trustee and plan administrator and that the Scialabba Firm provided services thereto.

16.     The Scialabba Defendants deny that they breached any fiduciary duty under ERISA, violated ERISA in any way, or breached any obligation whatsoever, if any, to the Plans and/or the plaintiffs.  Should it be determined otherwise, however, they are entitled to contribution from CitiStreet as set forth in Mass. Gen. L. c. 231B, §1 and other applicable law.

17.     The Scialabba Defendants, because of CitiStreet's conduct, have been exposed to liability without any fault of their own.  In addition, because of the relationship between them and CitiStreet, and/or because of the differing degrees of fault, if any, between them and CitiStreet, the Scialabba Defendants are entitled to indemnification from CitiStreet for any amounts awarded against them plus their legal fees and expenses associated with this action.

## CAUSES OF ACTION

### COUNT I
### CONTRIBUTION

18.     The Scialabba Defendants reallege and incorporate herein by reference the preceding allegations of this complaint.

19.     The Scialabba Defendants are entitled to contribution from CitiStreet.

WHEREFORE, Scialabba and the Scialabba Firm demand judgment against CitiStreet in an amount to be determined by the Court, plus costs, interest, and attorneys' fees.

### COUNT II
### INDEMNIFICATION

20.     The Scialabba Defendants reallege and incorporate herein by reference the preceding allegations of this complaint.

21.     The Scialabba Defendants are entitled to indemnification from CitiStreet.

WHEREFORE, Scialabba and the Scialabba Firm demand judgment against CitiStreet in an amount to be determined by the Court, plus costs, interest, and attorneys' fees.

ANTHONY L. SCIALABBA,
and ANTHONY L. SCIALABBA &
ASSOCIATES, P.C.

By their attorneys,

/s/Anthony L. Scialabba
Anthony L. Scialabba, Esq.
Geoffrey M. Strunk, Esq.
SCIALABBA & ASSOCIATES, P.C.
1002 Lincoln Drive West, Suite B
Marlton, NJ  08053
(856) 396-0499
(Admitted Pro Hac Vice)

-and-

/s/Ronald M. Jacobs
Ronald M. Jacobs (BBO# 561535)
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Dated:  July 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on those parties whose counsel have registered with the Court's ECF service by employing such service for filing this document and upon pro so defendant Morton C. Batt on July 25, 2005 by mailing a copy to Morton C. Batt, 2424 NW 63rd Street, Boca Raton, FL  33496-3626.

/s/Ronald M. Jacobs

231414.1