UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARY DESMOND, THOMAS ZIOBROWSKI, AND PAUL WATTS, on their own behalf and on behalf of other participants in the defendant ERISA Plans,

    Plaintiffs,

v.

MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, WHITE & WILLIAMS, LLP, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C., THE STANDARD AUTOMOTIVE 401(K) PLAN, AND THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,

    Defendants.

Civil Action No. 05-10355-NG

## CITISTREET, LLC'S ANSWER TO THE CROSS-CLAIM

Defendant CitiStreet, LLC ("CitiStreet") responds to the Cross-Claim of Plaintiffs-In-Cross-Claim Anthony L. Scialabba ("Scialabba") and Anthony L. Scialabba and Associates, P.C. (the "Scialabba Firm") (collectively, "Plaintiffs-In-Cross-Claim") as follows:

### FIRST DEFENSE

### PARTIES

1.     CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Cross-Claim.

2.     CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Cross-Claim.

3.     CitiStreet admits that it is a Delaware limited liability company with a principal place of business at One Heritage Drive, North Quincy, Massachusetts.

**GENERAL ALLEGATIONS**

4. Admitted.

5. CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Cross-Claim.

6. CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Cross-Claim.

7. CitiStreet admits that all of CitiStreet's conduct affecting the Standard Automotive Corporation 401(k) Plan was undertaken pursuant to a Recordkeeping Services Agreement dated January 1, 2000 (a copy of which was attached as Exhibit A to CitiStreet's Answer to the Complaint) (the "Services Agreement"). CitiStreet otherwise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Cross-Claim.

8. CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Cross-Claim. CitiStreet denies that it failed to perform record keeping and administration services as required by the Services Agreement.

9. CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 9 of the Cross-Claim. The second sentence of paragraph 9 states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 9. To the extent that paragraph 9 of the Cross-Claim alleges that CitiStreet committed errors that required the services of the Scialabba Firm, CititStreet denies such allegations.

10. Paragraph 10 states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet lacks knowledge or information sufficient concerning the services, if any, performed by Scialabba or the Scialabba Firm to form a belief as to the allegations contained in paragraph 10 of the Cross-Claim. To the extent that paragraph 10 of the Cross-Claim alleges that CitiStreet committed errors that required the services of the Scialabba Firm, CititStreet denies such allegations.

11. Paragraph 11 states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet lacks knowledge or information sufficient concerning the services, if any, performed by Scialabba or the Scialabba Firm to form a belief as to the allegations contained in paragraph 11 of the Cross-Claim, but, in reliance on the allegations of a complaint filed against Scialabba by the Department of Labor in the United States District Court for the District of New Jersey, denies that the compensation paid to the Scialabba Defendants was reasonable. To the extent that paragraph 11 of the Cross-Claim alleges that CitiStreet committed errors that required the services of the Scialabba Firm, CititStreet denies such allegations.

12. Paragraph 12 states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet lacks knowledge or information concerning the services, if any, performed by Scialabba or the Scialabba Firm sufficient to form a belief as to the allegations contained in paragraph 12 of the Cross-Claim, but, in reliance on the allegations of a complaint filed against Scialabba by the Department of Labor in the United States District Court for the District of New Jersey, denies that the services compensation approved by Scialabba was reasonable. To the extent that paragraph 11 of the Cross-Claim alleges that CitiStreet committed errors that required the services of the Scialabba Firm, CititStreet denies such allegations.

13. Paragraph 13 states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet admits that Scialabba was a fiduciary with respect to the Plans for at least some of the time in question in the Complaint.

14. Paragraph 14 states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet lacks knowledge or information concerning the services, if any, performed by Scialabba or the Scialabba Firm sufficient to form a belief as to the allegations contained in paragraph 14 of the Cross-Claim, but, in reliance on the allegations of a complaint filed against Scialabba by the Department of Labor in the United States District Court for the District of New Jersey, denies that Scialabba acted solely in the interest of the Plans' participants and beneficiaries, for the exclusive purpose of providing plan benefits or for defraying reasonable expenses of plan administration, with appropriate skill, care and prudence, and in accordance with the Plans' documents and instruments.

15. CitiStreet lacks knowledge or information sufficient concerning the services, if any, performed by Scialabba or the Scialabba Firm to form a belief as to the allegations contained in paragraph 15 of the Cross-Claim.

16. CitiStreet admits that the Plaintiffs-In-Cross-Claim purport to deny that they breached their fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), violated ERISA, unlawfully denied benefits under ERISA, or unlawfully refused to supply ERISA mandated information, as alleged in the Complaint. CitiStreet otherwise lacks knowledge or information sufficient concerning the services, if any, performed by Scialabba or the Scialabba Firm to form a belief as to the remaining allegations contained in paragraph 16 of the Cross-Claim, but, in reliance on the allegations of a complaint filed against Scialabba by the Department of Labor in the United States District Court for the District of New

Jersey, states that some or all of the Scialabba Defendants did breach fiduciary duties imposed by ERISA.  CitiStreet denies that the Scialabba Defendants are entitled to contribution from CitiStreet under any legal theory if they are determined to have violated ERISA.

17. CitiStreet denies that it is at fault for any of the violations alleged in the Complaint or Cross-Claim and denies that CitiStreet's conduct caused in any way the Plaintiffs-In-Cross-Claim to be exposed to liability, including without limitation liability without any fault of the Plaintiffs-In-Cross-Claim.  Further answering, CitiStreet denies that the Plaintiffs-In-Cross-Claim are entitled to any indemnification from CitiStreet.  CitiStreet otherwise lacks knowledge or information sufficient concerning the services, if any, performed by Scialabba or the Scialabba Firm to form a belief as to the remaining allegations contained in paragraph 17 of the Cross-Claim, but, in reliance on the allegations of a complaint filed against Scialabba by the Department of Labor in the United States District Court for the District of New Jersey, denies that the Scialabba Defendants have been exposed to liability without any fault of their own.

## COUNT I

18. CitiStreet incorporates by reference its answers to paragraphs 1 through 17 as if fully set forth herein.

19. Paragraph 19 of the Cross-Claim states a conclusion of law to which no response is required.  To the extent a response is required, CitiStreet denies the allegations contained in paragraph 19 of the Cross-Claim.

## COUNT II

20. CitiStreet incorporates by reference its answers to paragraphs 1 through 19 as if fully set forth herein.

21.     Paragraph 21 of the Cross-Claim states a conclusion of law to which no response is required. To the extent a response is required, CitiStreet denies the allegations contained in paragraph 21 of the Cross-Claim.

## SECOND DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs-In-Cross-Claim's claims are barred by applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs-In-Cross-Claim's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiffs-In-Cross-Claim's claims are barred because Plaintiffs-In-Cross-Claim's claimed injuries and damages were not proximately caused by any acts or omissions of CitiStreet.

## SIXTH DEFENSE

Plaintiffs-In-Cross-Claim's claims are barred because Plaintiffs-In-Cross-Claim have not suffered any injury cognizable under 29 U.S.C. §§ 1109 and 1132(a) & (c).

## SEVENTH DEFENSE

Plaintiffs-In-Cross-Claim's claims are barred by the doctrines of waiver, laches and/or estoppel.

## EIGHTH DEFENSE

CitiStreet has never been an ERISA fiduciary with regard to the Standard Automotive Corporation 401(k) Plan or the Standard Automotive Employer Contribution Plan, and Plaintiffs-In-Cross-Claim's therefore have no claim against CitiStreet.

## NINTH DEFENSE

All of CitiStreet's conduct affecting the Standard Automotive Corporation 401(k) Plan was undertaken pursuant to a Recordkeeping Services Agreement dated January 1, 2000 (a copy of which is attached as Exhibit A to this Answer).  Under the terms of that agreement, all claims against CitiStreet arising out of CitiStreet's performance of services with respect to Standard Automotive Corporation 401(k) Plan assets are subject to final and binding arbitration. Plaintiffs-In-Cross-Claim's claims against CitiStreet are subject to this arbitration requirement.

## TENTH DEFENSE

CitiStreet reserves the right to assert such other defenses as may be warranted in light of information generated during the course of litigation.

WHEREFORE, CitiStreet prays that the Cross-Claim be dismissed, that judgment be entered in CitiStreet's favor, and that CitiStreet be awarded its costs of action, including a reasonable attorney's fee.

Respectfully submitted,

CITISTREET, LLC

By its attorneys,

/s/ Henry C. Dinger
Henry C. Dinger (BBO # 125340)
Joshua L. Stayn (BBO # 652344)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
Tel: (617) 570-1000
Fax: (617) 523-1231

Dated: August 15, 2005

LIBA/1574672.1