BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| **In re Standard Automotive ERISA Litigation** | ) ) ) ) | MDL Docket No. _____ |

**BRIEF
IN SUPPORT OF
MOTION TO TRANSFER AND CONSOLIDATE**

<u>**Attorneys for Movants
Anthony L. Scialabba and Anthony
L. Scialabba & Associates, P.C.**</u>

SCIALABBA & ASSOCIATES,P.C.
1002 Lincoln Drive West, Suite B
Marlton, NJ 08053
(856) 396-0499

CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office
SquareBoston, MA 02109
(617) 482-8200

ARTHUR D. GOLDMAN, ESQ.
P.O. Box 115
Paoli, PA 19301
(484) 343-2856

<u>**Attorneys for Movant
Morton C. Batt**</u>

WHITE AND WILLIAMS LLP
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
(856) 317-3600

**INTRODUCTION**

Defendants Anthony L. Scialabba ("Scialabba") and Anthony L. Scialabba & Associates, P.C. (collectively, "Scialabba Defendants") and Morton C. Batt ("Batt") submit this brief in support of their motion pursuant to 28 U.S.C. s. 1407 to transfer either of two related proceedings pending in different Districts (Massachusetts and New Jersey) to the other District for coordinated or consolidated pretrial proceedings.[1] While the movants respectfully suggest that consolidation in New Jersey would best achieve the objectives of the Multidistrict Litigation statute, their overriding concern is having to face substantively identical proceedings in different Districts, and they have no objection to consolidation in Massachusetts. As set forth in the margin, the movants understand that the remaining defendants, Citistreet, LLC ("Citistreet") and John E. Elliott, II ("Elliott"), agree that relief under Section 1407 is appropriate.[2]

The relief sought should be granted because: (1) both actions involve the Standard Automotive 401(k) Plan and allegations of breaches of fiduciary duty and related claims under the Employee Retirement Security Act of 1974, as amended ("ERISA"), against current plan trustee Batt, former plan trustee Scialabba, and third-party retirement plan service provider Citistreet; (2) both

---

[1] Defendants reserve the right to later seek consolidation in the transferee District for all purposes, including trial.

[2] Citistreet, a defendant in the Massachusetts proceeding and third-party defendant in the New Jersey proceeding, agrees that such relief is appropriate but takes no position as to whether consolidation is preferable in New Jersey as opposed to Massachusetts. Elliott, a defendant in the New Jersey proceeding, likewise agrees that such relief is appropriate but contends that consolidation should occur only in New Jersey.

actions involve common issues of fact and the desired remedy of restitution; (3)

transfer and consolidation would serve the convenience of the parties and

witnesses and promote the just and efficient conduct of the litigation; and (4)

transfer and consolidation would eliminate the potential for needlessly duplicative

discovery and potentially inconsistent pretrial rulings.[3]

## STATEMENT OF FACTS

Each of the actions arises from the same common nucleus of operative

facts during the same time period. Specifically, each action involves the Standard

Automotive 401(k) Plan (the "401(k) Plan"), an employee pension benefit plan

within the meaning of ERISA. The 401(k) Plan was sponsored by Standard

Automotive Corporation ("Standard Automotive"), a Delaware corporation with

headquarters in New Jersey. Standard Automotive filed for bankruptcy protection

on March 19, 2002 in the United States Bankruptcy Court for the Southern

District of New York. Scialabba was Trustee of the 401(k) Plan from December

1, 2002 until December 9, 2003. Batt has been Trustee since then. All actions as

trustee by Batt during pertinent times and by Scialabba at all times took place in

New Jersey, and none in Massachusetts. At various times, the law firm Anthony

L. Scialabba & Associates, P.C. (the "Scialabba Firm") provided legal services to

the 401(k) Plan. All of these services took place in New Jersey. Specifically, the

---

[3]

In accordance with J.P.M.L. Rule 7.2(a)(ii), a Schedule of Actions appears at Tab A to the accompanying Appendix of Exhibits to Motion to Transfer and Consolidate. Copies of the Complaints in the respective actions are also included in the Appendix at Tab B (Massachusetts) and Tab C (New Jersey).

Scialabba Firm was retained to resolve certain significant administrative issues
with respect to record-keeping and third-party administration services for the Plan
provided in New Jersey by Citistreet. In sum, all challenged actions by Batt,
Scialabba, and Citistreet took place in New Jersey, all aspects of plan
administration and servicing by others took place in New Jersey, and the
overwhelming majority if not all of the most important witnesses and documents
can be found in New Jersey.

1.    **The Massachusetts Action.**

On or about February 23, 2005, three former Standard Automotive
employees filed suit on behalf of themselves and purportedly other participants in
the 401(k) Plan (and an employer contribution plan sponsored by Standard
Automotive) against Batt, Scialabba, the Scialabba Firm, Citistreet, and others.[4]
The action is styled <u>Mary Desmond, Thomas Ziobrowski, Paul Watts on their own
behalf and on behalf of other participants in the defendant ERISA Plans v. Morton
C. Batt, et al.</u>, United States District Court for the District of Massachusetts, C.A.
No. 05-10355-NG (the "Massachusetts Action"). A copy of the complaint in the
Massachusetts Action is attached at Tab B to the accompanying Appendix. The
plaintiffs in the Massachusetts Action purport to represent all plan participants.
Among the allegations in the Massachusetts Action are breaches of ERISA

---

[4]

Other named defendants included Scialabba & Morrison, P.C. (which no longer exists and has not been served),
White & Williams, LLP (which has been dismissed by the plaintiffs without prejudice), and the ERISA plans
themselves. The Scialabba Defendants asserted a cross-claim against Citistreet.

fiduciary duties by Batt and Scialabba, including payment from Plan assets of

unreasonable compensation to service providers. The plaintiffs also challenge the

propriety of payments made to the Scialabba Firm for services provided, and the

approval by the trustees of those payments. The plaintiffs, among other relief,

seek restitution to restore losses allegedly suffered by the 401(k) Plan and its

participants.

The Massachusetts Action has not proceeded beyond the pleading stage,

and discovery has not yet begun.[5]  A court-annexed mediation took place on

November 29, 2005 (no settlement was reached),[6] and a stipulated injunction is in

place preventing any deductions or withdrawals absent written approval from the

plaintiffs or further Order of Court.

## 2.    The New Jersey Action.

On or about July 22, 2005, the DOL filed suit against Batt, Scialabba,

---

[5]

At the outset of the Massachusetts Action, and before the filing of the New Jersey Action described below, the Scialabba Defendants moved to transfer the Massachusetts Action to New Jersey pursuant to 28 U.S.C. s. 1404(a) for the convenience of parties and witnesses, and in the interests of justice. District Judge Gertner, in an exercise of her discretion, denied the motion. That denial does not preclude transfer now. See In re Regents of the Univ. of California, 964 F.2d 1128, 1133 (Fed. Cir. 1992) (upholding Section 1407 transfer notwithstanding prior denials of section 1404(a) transfer); In re American Financial Corp. Litigation, 434 F. Supp. 1232, 1234 (J.P.M.L. 1977) (prior denial of Section 1404(a) transfer is not dispositive of a Section 1407 transfer). Moreover, since the New Jersey Action was not then pending, it was not raised by the Scialabba Defendants as a ground for transfer or considered by District Judge Gertner

[6]

The mediation in the Massachusetts Action was scheduled before the Department of Labor ("DOL") filed the second lawsuit in New Jersey. After the mediation was scheduled, and upon learning of the New Jersey Action, the movants had hoped that DOL would be willing to participate in the mediation. After consulting with the DOL, the movants learned that would not be the case. The DOL's unwillingness to attend the mediation was an unfortunate impediment to settlement, since Batt and Scialabba cannot be expected to agree to any settlement unless DOL approves it. Indeed, it is not clear that any global resolution of this matter, which presumably all parties would prefer over the burdens and uncertainty of litigation, can occur without DOL's participation. This highlights another reason why transfer and consolidation is appropriate.

Elliott, and the 401(k) Plan.[7]  The action is styled <u>Elaine L. Chao, Secretary of</u>

<u>Labor, United States Department of Labor v. Anthony L. Scialabba, et al.,</u> United

States District Court for the District of New Jersey, C.A. No. 05CV3732(JBS)

(the "New Jersey Action").  A copy of the complaint in the New Jersey Action is

attached at Tab C to the accompanying Appendix.  Among the allegations in the

New Jersey Action are breaches of ERISA fiduciary duties by Batt and Scialabba

in approving payments to service providers from the 401(k) Plan assets for

services, it is alleged, that were not necessary for the operation of the 401(k) Plan,

and that were reimbursed by the 401(k) Plan at unreasonable rates of

compensation.  Scialabba has asserted a third-party claim against Citistreet.  The

DOL also challenges the propriety of payments made to the Scialabba Firm for

services provided, and the approval by the trustees of those payments.  The DOL,

among other relief, seeks restitution from Batt and Scialabba to restore

allegedlosses by the 401(k) Plan.  The New Jersey Action, like the Massachusetts

Action, has not proceeded beyond the pleading stage, nor has discovery begun.

## ARGUMENT

## I.    COMMON QUESTIONS OF FACT PREDOMINATE.

The touchstone of Section 1407 relief is factual commonality.  Here,

common factual questions between the two actions abound.  Among the common

questions are whether Scialabba and/or Batt caused or permitted the 401(k) Plan

---

[7]  Elliott is Chairman of the Board of Directors and the Chief Restructuring Officer of Standard Automotive.

to pay for services that were not necessary for operation of the plan and that were reimbursed by the plan at unreasonable rates of compensation, and whether there was anything improper about the payments to the Scialabba Firm.

The primary apparent difference between the two lawsuits – the nominal identity of the plaintiffs – is not a practical difference at all in that the same relief is sought in both actions, restitution to the 401(k) Plan for the benefit of all plan participants.[8] Moreover, this Court has pointed out that "transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." In re MLR, LLC, Patent Litigation, 269 F.Supp.2d 1380, 1381 (J.P.M.L. 2003). Here, there is no colorable argument that there is not at least a "majority of common factual issues." To the contrary, the predominance of common factual issues in these nearly identical lawsuits militates in favor of Section 1407 transfer.

## II.    TRANSFER AND CONSOLIDATION IN ONE DISTRICT WILL SERVE THE CONVENIENCE OF THE PARTIES AND WITNESSES AND PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS.

That there are only two proceedings involved in and of itself does not speak against transfer, where, as here, Section 1407's requirements and

---

[8]

One additional superficial difference is that the Standard Automotive Employer Contribution Plan is a nominal defendant in the Massachusetts Action "for the purposes of providing complete relief," but not the New Jersey Action. Tab B, Complaint, para. 12. While the plaintiffs in the Massachusetts Action do not distinguish between this plan and the 401(k) Plan, there is no factual allegation in the Massachusetts Action (or, for that matter, the New Jersey Action) that pertains to the employer contribution plan, which was funded entirely in the form of Standard Automotive company stock. That stock became worthless upon Standard Automotive's bankruptcy. None of the challenged transfers came from the employer contribution plan, and there is no specific allegation to the contrary.

7

considerations are satisfied.  See In re GMAC Insurance Management Corp.
Overtime Pay Litigation, 342 F.Supp.2d 1357 (J.P.M.L. 2004) (Section 1407
relief granted with respect to two actions with common questions of fact arising
out of similar allegations where relief would serve the convenience of the parties
and witnesses and promote the just and efficient conduct of the litigation and was
necessary in order to avoid duplication of discovery, prevent inconsistent pretrial
rulings, and conserve the resources of the parties, their counsel and the judiciary);
In re Starmed Health Personnel, Inc. Fair Labor Standards Act Litigation, 317
F.Supp.2d 1380 (J.P.M.L. 2004) (same).

Transfer here will avoid duplication of discovery.  Discovery in each of
the actions will undoubtedly focus upon the services for which the trustees
approved expenditure from the 401(k) Plan, their necessity, and the
reasonableness of their cost, and the propriety of approving payments to the
Scialabba Firm as a service provider.  It makes no sense to subject some or all of
the defendants to overlapping discovery in different fora, nor does it make sense
for different parties in different fora to undertake what is largely the same
discovery.  See In re MLR, LLC, Patent Litigation, 269 F.Supp.2d at 1381
(observing that one of the benefits of Section 1407 transfer is ensuring that parties
and witnesses are not subject to duplicate discovery).  Section 1407 relief would
also avoid the potential for inconsistent pretrial rulings that exists due to the
overlapping nature of the claims in the actions and the commonality of factual
allegations, and would spare the judiciary and the defendants of the inefficiencies

from nearly identical lawsuits in different fora.  For all of these reasons, Section

1407 transfer is appropriate.

### III.   IN PARTICULAR, TRANSFER TO AND CONSOLIDATION IN NEW JERSEY WILL BEST SERVE THE CONVENIENCE OF THE PARTIES AND WITNESSES.

Both actions are in their infancy, still in the pleading stage, with discovery

not yet begun.  Thus, neither District Court is substantially more familiar with this

action than the other.  Other practical considerations, however, do suggest that

New Jersey is most convenient taking into account all parties and witnesses in the

two actions.  See McFarland v. Yegen, 699 F. Supp. 10, 15 (D. N.H. 1988)

(transferring ERISA case to New Jersey, where the defendants could be found,

where the documents were located, where the plan was managed, and where any

alleged breaches occurred).   While New Jersey is no doubt less convenient for the

plaintiffs in the Massachusetts Action, what is at issue here concerns plan

administration and the provision of legal services, and it is incontrovertible that all

plan administration and all legal services at issue took place in New Jersey.

Plaintiffs will have little if any "live" testimony to offer during the discovery

process, and any such testimony in the form of a deposition presumably would be

given in Massachusetts, where they can be found.  Conversely, all documents and

the overwhelming majority if not all of the most important deponents are found in

New Jersey.  See Central States, Southeast and Southwest Areas Pension Fund v.

Brown, 587 F. Supp. 1067, 1070 (N.D. Ill. 1984) ("In considering the convenience

of potential witnesses [in the context of s. 1404(a) analysis], the Court must

consider not only the number of witnesses located in the respective District, but also the nature and quality of their testimony in relationship to the issues in the case."). In sum, all challenged actions by Batt, Scialabba, and Citistreet took place in New Jersey, where all aspects of plan administration and servicing occurred, and where the overwhelming majority if not all of the most important witnesses and documents can be found. Thus, this action should proceed in New Jersey.

Notwithstanding the foregoing, the movants' overriding concern is having to face largely duplicative litigation in more than <u>one</u> District. Of secondary importance is the precise District in which that litigation is to proceed. While the movants have demonstrated that New Jersey is most appropriate, alternatively they have no objection to consolidation in Massachusetts. In that regard, transferring this case to Massachusetts will not unduly inconvenience the DOL due to the fact that the DOL maintains offices in every jurisdiction.

## CONCLUSION

For the reasons set forth above, the movants respectfully request an Order transferring the Massachusetts Action to New Jersey for pretrial consolidation and coordination with the New Jersey Action. Alternatively, the movants request an Order transferring the New Jersey Action to Massachusetts for pretrial

consolidation and coordination with the Massachusetts Action. The movants

request such other relief the Panel deems just, proper, and equitable.

**ANTHONY L. SCIALABBA,**
**and ANTHONY L. SCIALABBA**
**& ASSOCIATES, P.C.**

**MORTON C. BATT**

By his attorneys,

Michael O. Kassak, Esq.
Elizabeth A. Venditta, Esq.
WHITE AND WILLIAMS LLP
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
(856) 317-3600

By their attorneys,

Anthony L. Scialabba, Esq.
Geoffrey M. Strunk, Esq.
SCIALABBA & ASSOCIATES, P.C.
1002 Lincoln Drive West, Suite B
Marlton, NJ 08053
(856) 396-0499

-and-

Ronald M. Jacobs, Esq.
(BBO# 561535)
CONN KAVANAUGH
ROSENTHAL PEISCH & FORD,
LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

-and-

Dated: December 21, 2005

240374.4

Arthur D. Goldman, Esq.
(Atty. I.D. 56983)
P.O. Box 115
Paoli, PA 19301
(484) 343-2856

11