BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

_____
                                          )
**In re Standard Automotive ERISA Litigation**    )          **MDL Docket No.**
                                          )
_____)          _____

## APPENDIX OF EXHIBITS TO MOTION TO
## TRANSFER AND CONSOLIDATE

A.     Schedule of Actions Pursuant to Rules of Procedure of the Judicial Panel on
       Multi-District Litigation, Rule 7.2(a)(ii)

B.     Complaint in <u>Mary Desmond, Thomas Ziobrowski, Paul Watts on their own
       behalf and on behalf of other participants in the defendant ERISA Plans v.
       Morton C. Batt, et al.,</u> United States District Court for the District of
       Massachusetts, C.A. No. 05-10355-NG

C.     Complaint in <u>Elaine L. Chao, Secretary of Labor, United States Department of
       Labor v. Anthony L. Scialabba, et al.,</u> United States District Court for the
       District of New Jersey, C.A. No. 05CV3732(JBS)

242046.1

# EXHIBIT A

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re Standard Automotive ERISA Litigation** ) | **MDL Docket No.** |
| ) | _____ |

## SCHEDULE OF ACTIONS
## PURSUANT TO RULE 7.2(a)(ii)

1.    <u>Mary Desmond, Thomas Ziobrowski, Paul Watts on their own behalf and on behalf of other participants in the defendant ERISA Plans v. Morton C. Batt, Anthony L. Scialabba, Citistreet, LLC, White & Williams, LLP, Scialabba & Morrison, PC, Anthony L. Scialabba & Associates, PC, the Standard Automotive 401(k) Plan, the Standard Automotive Employer Contribution Plan,</u> United States District Court for the District of Massachusetts, C.A. No. 05-10355-NG, District Judge Nancy Gertner.

2.    <u>Elaine L. Chao, Secretary of Labor, United States Department of Labor v. Anthony L. Scialabba, Morton Batt, John E. Elliott, II, and Standard Automotive Corporation 401(k) Plan,</u> United States District Court for the District of New Jersey, C.A. No. 05CV3732(JBS), District Judge Jerome B. Simandle.

# EXHIBIT B

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 FEB 23 ᴾ 2: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, ) <br> PAUL WATTS on their own behalf and on ) <br> behalf of other participants in the defendant ERISA ) <br> Plans ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> MORTON C. BATT, ANTHONY L. SCIALABBA,) <br> CITISTREET, LLC, WHITE & WILLIAMS, LLP, ) <br> SCIALABBA & MORRISON, P.C., ) <br> ANTHONY L. SCILABBA & ASSOCIATES, P.C. ) <br> THE STANDARD AUTOMOTIVE 401(K) PLAN,) <br> THE STANDARD AUTOMTIVE EMPLOYER ) <br> CONTRIBUTION PLAN, ) <br> **Defendants.** ) | **05 ᶜᵛ 10355 NG** <br><br> Civil Action No. _____ <br><br> RECEIPT #_____ <br> AMOUNT $_____ 250.00 <br> SUMMONS ISSUED__✗__ <br> LOCAL RULE 4.1_____ <br> WAIVER FORM_____ <br> MCF ISSUED_____ <br> BY DPTY. CLK___M.P.__ <br> DATE_____ 2/23/05 <br><br> MAGISTRATE JUDGE _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      Plaintiffs are participants in two ERISA plans established by their former

employer, Standard Automotive Corporation ("Standard"), a 401(k) plan and an employer

contribution plan (the "Plans"). Plaintiffs' employment with Standard ended on August 7, 2002

when the division for which they worked was sold to Ranor, Inc. In November 2002, the

plaintiffs, together with the majority of participants in the Plans, requested that their 401(k)

accounts be distributed or "rolled over" into their new employer's 401(k) Plan. This request was

denied by the Plans' administrator without an adequate explanation. Plaintiffs' 401(k) funds, the

vast majority of which derive from employee contributions of their pre-tax wages, have now been

held for over two years beyond their reach. During this period, approximately 34% of each

participant's savings account balance has been deducted for administrative fees and expenses. The plan administrator has just revealed that some $358,871.41 was expended in 2004 alone for fees and expenses that conferred no benefit on Plan participants.  On information and belief, plan administrators and those in concert with them have taken approximately $800,000 from total plan assets of approximately $2,300,000.

2.      Plaintiffs bring this action under ERISA for injunctive relief, to recover benefits due them under the Plans, for relief based upon certain Defendants' fiduciary duty breaches, including payment from the Plans of unreasonable compensation to fiduciaries and other parties in interest, and for failure to provide requested information to plan participants.  In short, this action is brought by Plaintiffs to stop the looting of their retirement savings and to seek full restitution to the Plans for the damage done.

## PARTIES

3.      Plaintiff Mary Desmond is an individual who resides at 124 Lincoln Ave., Winchendon, Massachusetts.

4.      Plaintiff Thomas Ziobrowski is an individual who resides at 384 Forristall Road, Winchendon, Massachusetts.

5.      Plaintiff Paul Watts is an individual who resides at 7 Crystal Street, Wakefield, Middlesex County, Massachusetts.

6.      Defendant Anthony L. Scialabba (hereinafter "Scialabba") is an individual who conducts business at 1002, Lincoln Drive, Marlton, New Jersey and, on information and belief, resides at 7 Progress Place, Vooorhees, New Jersey, 08043.

7.      Defendant Morton C. Batt ("Batt") is an individual who, on information and

2

belief, resides at 1804 Morris Drive, Cherry Hill, New Jersey.

8.    Defendant White and Williams LLP ("White & Williams") is a Pennsylvania limited liability general partnership with its principal place of business at 1800 One Liberty Place, Philadelphia, Pennsylvania.

9.    CitiStreet LLC (hereinafter, "CitiStreet") is a Delaware limited liability company with its principal place of business at Three Batterymarch Park, Quincy, Norfolk County, Massachusetts.

10.    Scialabba & Morrison, P.C. is a New Jersey professional corporation with its principal place of business at 1002 Lincoln Drive West, Suite B, Marlton, New Jersey.

11.    Anthony L. Scialabba & Associates, P.C. ("ALS") is, on information and belief, a New Jersey professional corporation with its principal place of business at 1002 Lincoln Drive, Marlton, New Jersey.

12.    The Standard Automotive Corporation 401(k) Plan and Employer Contribution Plan (the "Plans") are made nominal defendants for the purposes of providing complete relief.

### JURISDICTION

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this case is based upon one or more causes of action arising under the laws of the United States, including under Section 502(a)(3) of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(3) (hereinafter, "ERISA").

14.    This District is an appropriate venue for this case pursuant to 28 U.S.C. § 1391(b) and ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3

## FACTS

15.    Standard Automotive Corporation sponsored two employee benefit plans the Standard Automotive Corporation 401(k) Plan and the Standard Automotive Employer Contribution Plan (together, the "Plans").

16.    The Plans are employee pension and benefits plan subject to the protections and requirements of ERISA.

17.    At all relevant times and currently, Plaintiffs are Participants in the Plans.

18.    At all relevant times and currently, Defendants Batt, Scialabba and CitiStreet have served as fiduciaries under the Plans.

19.    At all relevant times and currently, Defendants ALS, Scialabba & Morrison, P.C., White and Williams LLP, Scialabba and CitiStreet have been "parties in interest" with respect to the Plans.

20.    On or about August 7, 2002, the Plaintiffs' employment with Standard terminated when Standard sold their division to Ranor, Inc.

21.    In or about November 2002, Plaintiffs properly sought a distribution or "roll over" of their 401(k) accounts into the 401(k) plan of their new employer.

22.    Defendants failed and refused to "roll over" Plaintiffs accounts and continue to hold Plaintiffs funds over two years after Plaintiffs filed their request for distributions.

23.    Defendants Scialabba's and Batt's purported reason for withholding Plaintiffs' distributions was because of issues with plan termination.   On information and belief, termination of the Plans should have taken only  six (6) months with administrative costs of $35,000 or less.

4

24.    On information and belief, Defendants Scialabba's and Batt's actual purpose in withholding Plaintiffs distributions was to take excessive and unreasonable "administrative" fees for themselves and their affiliates in violation of their fiduciary duties.

25.    Since January 1, 2003, Plaintiffs have had over 30% of their retirement savings deducted from the Plans as "administrative" fees.

26.    On information and belief, the Plans had assets of approximately $2,300,00.00 in January 2003.   As such, Defendants have caused or permitted the Plan has pay over $800,000 in excessive fees and expenses since that time.

### COUNT I – Breach of Fiduciary Duty Under ERISA
### [29 U.S.C. § 1109 and 1132(a)(2)]
### (Plaintiffs v. Defendants Batt, Scialabba, and CitiStreet)

27.    Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1- 26 above as though fully set forth herein.

28.    Defendants Batt, Scialabba and Citistreet have violated their fiduciary duties under ERISA -- including the duty to act with the care, skill, prudence, and diligence of a prudent person acting in a like capacity and familiar with these matters – by paying excessive compensation to themselves and others and/or following instructions that permitted such excessive compensation to be paid in violation of ERISA.  In addition, Batt and Scialabba violated their fiduciary duties by failing to promptly and skillfully terminate the Plans and distribute participants' funds.

29.    As a reasonable and proximate result of the foregoing violation, harm has been done both to the Plans and to Plaintiffs personally, in violation of ERISA.

30.    Defendants Batt and Scialabba and CitiStreet are personally liable to reimburse

the Plans for harm caused thereto as a result fo their fiduciary duty breaches including

reimbursement of all unreasonable fees paid by and to them.

31.     Plaintiffs also are entitled to such further equitable relief as may be available to

enforce their rights under the Plans, including (without limitation) removal of Batt as plan

administrator/trustee and appointment of a skilled and independent plan administrator to

terminate the plan and properly disburse retirement funds to the participants.

### COUNT II –VIOLATIONS OF ERISA
[29 U.S.C. §1132(a)(3)]
**(Plaintiffs v. Defendants Batt, Scialabba, CitiStreet, White & Williams,
Scialabba & Morrison and ALS )**

32.     Plaintiffs restate and incorporate by reference all of the allegations in

Paragraphs 1-31 above as though fully set forth herein.

33.     Defendants have violated specific provisions of ERISA by paying and or

receiving compensation from the Plans that was more than reasonable in light of the services

rendered including, without limitation,

    (i)     over $700,000 (or over one third of participant funds) in administrative fees from

           January 2003 to the present;

    (ii)    $256,933.21 paid to ALS in 2004 alone;

    (iii)   $75,000 paid to White & Williams in 2004 alone

    (iv)    $23,286.70 paid to Batt in 2004 alone.

34.     As a reasonable and proximate result of the foregoing violation, harm has been

done both to the Plans and to Plaintiffs personally, in violation of ERISA.

35.     Defendants Batt, Scialabba and CitiStreet are personally liable to reimburse the

6

Plans for harm caused thereto as a result of their fiduciary duty breaches and Defendants White & Williams, ALS and Scialabba and Morrison are liable as parties in interest to provide full restitution of amounts received in violation of ERISA.

36.    Plaintiffs also are entitled to such further equitable relief as may be available to enforce their rights under ERISA and the Plans, including injunctive relief, restitution, rescission and "make whole relief" .

### COUNT III – Unlawful Denial of Benefits Under ERISA
### [29 U.S.C. § 1132(a)(1)(B)]
### (Plaintiffs v. Defendant Plans, Batt, CitiStreet and Scialabba)

37.    Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1-36 above as though fully set forth herein.

38.    Having taken all necessary preliminary steps, Plaintiffs and other similarly situated Plan participants are entitled to "roll over" distributions of their Plan accounts in the 401(k) plans of their new employer.

39.    Defendants failed to fulfil their obligation to provide "roll over" distributions under the Plans.

40.    Plaintiffs have exhausted all administrative prerequisites to judicially compel Defendants to fulfill their obligations under the Plans.

41.    As a result of Defendants failure to make requested "roll over" distributions Plaintiffs and those participants similarly situated have suffered monetary loss and injury to their reasonable retirement plans and expectations.

42.    The foregoing conduct of Defendants are in violation of ERISA.

7

**COUNT IV - Unlawful Refusal to Supply ERISA Mandated Information**
**[29 U.S.C. § 1132(c)(1)]**
**(Plaintiffs v. Defendants Batt and Scialabba)**

43.    Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1-42 above as though fully set forth herein.

44.    Since approximately January 2003, Plaintiffs, and other Plan participants, have requested information from Scialabba and Batt during the periods each acted as plan administrator.

45.    Batt and Scialabba failed and refused to provide the requested information as required by ERISA within 30 days of the requests.

**WHEREFORE,** Plaintiffs respectfully request that this Court

A.    Issue a temporary restraining order preventing any further deductions or withdrawals from the Plans to pay any expenses, whether characterized as "administrative expenses" or otherwise, pending further order of this Court; ordering those defendants that have received funds from the Plans to segregate and hold those funds pending the outcome of this litigation; and ordering Morton C. Batt to take no action as administrator or trustee of the Plans without prior approval of this Court;

B.    Issue an order for expedited discovery in this action commencing immediately, and set a schedule for trial of this matter within six months;

C.    After hearing, issue a preliminary injunction preventing any further deductions or withdrawals from the Plans to pay any expenses, whether characterized as "administrative expenses" or otherwise, pending further order of this Court; ordering those defendants that have

8

received funds from the Plans to segregate and hold those funds pending the outcome of this litigation; and ordering Morton C. Batt to take no action as

D.     Enter a judgment in favor of Plaintiffs and against Defendants on Count I ordering that full restitution be made to the Plans by Scialabba, CitiStreet and Batt for unreasonable compensation paid from the Plans and other damage done to the Plans by the unreasonable and excessive delay in terminating the Plans and providing participants with benefits due under the Plans.

E.     Enter a judgment in favor of Plaintiffs and against Defendants on Count II, ordering Defendants to reimburse the Plans for all damages caused, and further awarding Plaintiffs such further equitable relief as may be available and just.

F.     Enter a judgment in favor of Plaintiffs and against Defendants on Count III, ordering Defendants and the Plans to permit a "roll over" distribution of funds of the Plaintiffs and other similarly situated participants.

G.     Enter a judgment in favor of Plaintiffs and against Defendants on Count IV and award Plaintiffs $100 per day for each violation of 29 U.S.C. § 1132(c)(1).

E.     Award Plaintiffs the cost of this suit, including reasonable attorneys' fees and enter an order awarding Plaintiffs such further and additional relief as may be available in law or equity, and which is just in this case.

*     *     *

9

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts so triable.

Plaintiffs,

By their attorneys,

Thomas P. Smith (BBO #555513)
Matthew A. Caffrey (BBO #558901)
CAFFREY & SMITH, P.C.
300 Essex Street
Lawrence, MA 01840
Telephone: (978) 686-6151
Telecopy: (978) 686-3399

Dated: February 23, 2005

10

# EXHIBIT C

Jennifer D. Weekley, Esq.
U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, New York 10012
Tel. (212) 337-2094
JW(6254)

SOL:JDW:SR
(04)01134

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ELAINE L. CHAO, Secretary of Labor,           :
United States Department of Labor,

                              :

                    Plaintiff,      :         Civil Action File

                              :
            v.                                No. *05CV 3732*

                              :         C O M P L A I N T  *(JBS)*
ANTHONY L. SCIALABBA, MORTON BATT,
JOHN E. ELLIOTT II, and STANDARD             :
AUTOMOTIVE CORPORATION 401(K) PLAN,

                              :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Elaine L. Chao, Secretary of Labor, United States

Department of Labor (the "Secretary of Labor"), alleges:

    1.   This  action  arises  under  the  Employee  Retirement

Income  Security  Act  of  1974  ("ERISA"),  29  U.S.C.  §  1001,  et

seq., and is  brought  by  the  Secretary  of  Labor  under  ERISA  §§

502(a)(2) and (5), 29 U.S.C. §§ 1132 (a)(2) and (5), to enjoin

acts  and  practices  which  violate  the  provisions  of  Title  I  of

ERISA, to  obtain  appropriate  relief  for  breaches  of  fiduciary

duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain other

                              1

appropriate relief to redress violations and enforce the provisions of that Title.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.   Venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## THE PARTIES

4.   The Secretary of Labor, pursuant to §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), has authority to enforce the provisions of Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who violate ERISA.

5.   The Standard Automotive Corporation 401(k) Plan ("the Plan") is and at all times relevant to the allegations of this Complaint has been an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2). The Plan was sponsored by Standard Automotive Corporation, a Delaware corporation headquartered in Hillsborough Township, New Jersey, which filed for bankruptcy protection on March 19, 2002 in the United States Bankruptcy Court for the Southern District of New York.   The Plan is named as a defendant in this Complaint for the purpose of ensuring complete relief among the parties under Federal Rule of Civil Procedure 19.   The Plan was established on

January 1, 1998 by sponsor Standard Automotive Corporation. At the close of 1999, the last year for which the Plan filed a Form 5500 with the U.S. Department of Labor, the Plan had approximately 357 participants and assets valued at over $5,800,000. As of September 2003, the Plan had assets of approximately $2,634,635.00. As of January 2005, the Plan had assets of $2,520,316.00.

6.   Defendant Anthony L. Scialabba was, during the period December 1, 2002 to December 9, 2003, the Trustee of the Plan and had and/or exercised discretionary authority and/or discretionary control respecting management or disposition of the Plan's assets and/or respecting administration of the Funds, and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, at all times relevant to the allegations herein, defendant Anthony L. Scialabba was a principal in the law firm of Anthony L. Scialabba & Associates, a service provider of the Plan and a party-in-interest with respect to the Plan within the meaning of ERISA §3(14)(B). Anthony L. Scialabba therefore was and continues to be a party-in-interest with respect to the Plan under ERISA §§ 3(14)(A),(B) and (H), 29 U.S.C. §§ 1002(14)(A), (B) and (H).

7.   Defendant Morton Batt has been the Trustee of the Plan since December 9, 2003 and has and/or exercises discretionary

3

authority and/or discretionary control respecting management or disposition of the Plan's assets and/or respecting administration of the Plan and thus is a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

8.   Defendant John E. Elliot II is and has been since February 11, 2002, the Chairman of the Board of Directors and the Chief Restructuring Officer of Standard Automotive Corporation.   Defendant Elliot has discretionary authority and/or discretionary control respecting administration of the Plan because he authorized the appointment and retention of Plan Trustees/Defendants Scialabba and Batt.. Defendant Elliot was, therefore, and continues to be, a fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21).

## FACTUAL ALLEGATIONS

9.   During the period September 2001 to November 2002, legal services were provided to the Plan by Defendant Anthony L. Scialabba and his firm Anthony L. Scialabba and Associates which were, or should have been, initially billed to Standard Automotive Corporation, the Plan sponsor, in the amount of $257,366.00. Standard Automotive Corporation never paid any portion of these bills and filed for bankruptcy protection on March 19, 2002.

10.   On October 24, 2002, the United States Bankruptcy Court for the Southern District of New York denied the motion of

4

debtor Standard Automotive Corporation to appoint law firm Anthony L. Scialabba and Associates as special counsel to be paid, for both past and future services, from the debtor's bankruptcy estate.

11.  On December 1, 2002, defendant Anthony L. Scialabba was appointed Trustee of the Plan; at the time he was also a party-in-interest with respect to the Plan.

12.  Defendant Anthony L. Scialabba was appointed Trustee of the Plan by Defendant John E. Elliot II, who executed the appointment on behalf of the Board of Directors of Standard Automotive . . Corporation.  Defendant  Anthony  L.  Scialabba recommended his own appointment as Trustee to Defendant John E. Elliot II.

13.  On December 17, 2002, Defendant Anthony L. Scialabba, acting as Trustee of the Plan, approved payment by the Plan of the legal bills initially submitted to, but not paid by, Standard Automotive Corporation, for services purportedly performed by his law firm of Anthony L. Scialabba and Associates during the period September 2001 to November 2002. The bills were paid by the Plan following Defendant Scialabba's approval. The bills totaled $257,366.00.  The check drafted by the Plan for payment in the amount of $257,366.00 was made payable to "Anthony L. Scialabba."

14. During the period April 1, 2003 to July 31, 2003, Defendant Anthony L. Scialabba, acting as Trustee of the Plan, approved payment in an amount in excess of $145,000.00 for additional legal services provided to the Plan by the law firm Anthony L. Scialabba and Associates. Payment for these services was made by check drafted by the Plan payable to "Anthony L. Scialabba."

15. No member of the Board of Directors, including defendant John E. Elliot II, reviewed or approved the performance of or bills from the law firm of Defendant Anthony L. Scialabba for the periods September 2001 to November 2002, and April 1, 2003 to July 31, 2003, before Defendant Scialabba approved them for payment by the Plan.

16. Defendant Anthony L. Scialabba resigned as Trustee of the Plan on December 9, 2003. Defendant Morton Batt replaced him as Trustee on December 12, 2003. Defendant John E. Elliot II, in his capacity as the Chairman of the Board of Directors and Chief Restructuring Officer of Standard Automotive Corporation, authorized the appointment of Defendant Morton Batt as Trustee of the Plan.

17. In or about January 2004, Defendant Morton Batt appointed Defendant Anthony L. Scialabba and the law firm Anthony L. Scialabba and Associates as special counsel to the Plan, to be paid from Plan assets.

6

18.   During the period January to December 2004, Defendant Anthony L. Scialabba and several firms retained by the Plan at his recommendation, with the approval and authorization of Defendant Trustee Morton Batt, were paid by the Plan in the approximate amount of $339,000.00 for legal services purportedly performed for the Plan.

19.   At all relevant times, no member of the Board of Directors, including Defendant John E. Elliot II, reviewed or monitored the performance of Defendant Morton Batt as Trustee of the Plan.

20.   During the period December 1, 2002 to December 9, 2003, Defendant Anthony L. Scialabba caused or permitted the Plan to pay Anthony L. Scialabba and/or his law firm, Anthony Scialabba and Associates for services that (1) were performed but were not necessary for the operation of the Plan; and/or (2) were performed but were reimbursed by the Plan at unreasonable rates of compensation; or (3) were unreasonably costly given the level of assets in the Plan and the benefit of the services.

21.   During the period December 12, 2003 to December 2004, Defendant Trustee Morton Batt caused or permitted the Plan to pay Defendant Anthony L. Scialabba and/or his law firm, Anthony Scialabba and Associates, and other firms retained by the Plan at the recommendation of Anthony L. Scialabba, for alleged Plan-related services that: (1) were performed but were not necessary

for the operation of the Plan;  or (2)  were performed but were reimbursed by the Plan at unreasonable rates of compensation, or (3) were unreasonably costly given the level of assets in the Plan and the benefit of the services.

## ERISA VIOLATIONS

22.  By the conduct described in Paragraphs 9 - 18 and 20, Defendant Anthony L. Scialabba (1) failed to discharge his duties with respect to the Plan for the exclusive purpose of providing benefits to the Plan's participants and beneficiaries and defraying the reasonable expenses of administering the Plan under ERISA §§ 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); (2) failed to discharge his duty with respect to the Plan with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA §§ 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); (3) caused or permitted the furnishing of goods, services and/or facilities between the Plan and a party-in-interest in violation of ERISA § 406(a)(1)(C), 29 U.S.C. § 1106 (a)(1)(C);  (4) caused or permitted transfers of assets of the Plan to parties-in-interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); (5) acted in transactions involving the Plan on behalf of a party whose interests are adverse to those of the Plan and the participants in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2) and (6) dealt with plan assets in his own interest

8

and on his own account in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

23. By the conduct described in Paragraphs 13 to 14, 17 and 18, and 20, above, Defendant Anthony L. Scialabba, as owner of the law firm Anthony L. Scialabba and Associates, and a party-in-interest with respect to the Plan, received assets of the Plan as proceeds of transactions which he knew or should have known were prohibited by ERISA §406(a)(1)(D), 29 U.S.C. §1106 (a)(1)(D).

24. By the conduct described in Paragraphs 16 - 18 and 21, Defendant Morton Batt (1) failed to discharge his duties with respect to the Plan for the exclusive purpose of providing benefits to the Plan's participants and beneficiaries and defraying reasonable expenses of administering the Plan under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); (2) failed to discharge his duties with respect to the Plan with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); (3) caused or permitted the furnishing of goods, services and/or facilities between the Plan and a party-in-interest in violation of ERISA § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C); (4) caused or permitted transfers of assets of the Plan to parties-in-interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

9

are thus liable for those breaches of fiduciary duty committed by their co-fiduciaries pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2).

28. By failing to make reasonable efforts under the circumstances to remedy the above-described breaches of fiduciary duty by their co-fiduciaries despite having knowledge of such fiduciary breaches, Defendants Anthony L. Scialabba, Morton Batt, and John E. Elliot II are liable for those breaches of fiduciary duty committed by their co-fiduciaries pursuant to ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

## Prayer for Relief

**WHEREFORE**, the Secretary of Labor requests that the Court enter an Order:

1. Requiring the Defendant fiduciaries to restore losses incurred by the Funds as a result of their violations of ERISA plus interest or lost opportunity costs;

2. Permanently enjoining Defendant Schialabba from serving as a fiduciary or service provider to ERISA-covered Plans;

3. Permanently enjoining the Defendant fiduciaries from violating ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

4. Ordering Defendant parties-in-interest Anthony L. Scialabba to correct the prohibited transactions in which he engaged;

11

5.    Ordering the Plan to offset the benefits due to Defendant John E. Elliot II against the amount he owes to the Plan;

6.    Awarding the plaintiff Secretary of Labor the costs of this civil action; and

7.    Providing such other and future relief as is just.

DATED:    July 22 , 2005
          New York, New York

                              Respectfully submitted,

                              /s/ Howard M. Radzely
                              HOWARD M. RADZELY
                              Solicitor of Labor

                              /s/ Patricia M. Rodenhausen
                              PATRICIA M. RODENHAUSEN
                              Regional Solicitor

                              /s/ Jennifer D. Weekley
                              JENNIFER D. WEEKLEY
                              Attorney
                              JW(6254)

                              U.S. Department of Labor,
                              Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York  10014
Tel. (212) 337-2094

12