BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

———————————————————————
                                              )
In re Standard Automotive ERISA Litigation    )    MDL Docket No.
                                              )    1753
                                              )
———————————————————————

## BRIEF IN SUPPORT OF MOTION OF DEFENDANTS ANTHONY L. SCIALABBA, ANTHONY L. SCIALABBA & ASSOCIATES, P.C., MORTON C. BATT, AND JOHN E. ELLIOTT, II TO RECONSIDER THE MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. §1407

**Attorneys for Movants**
**Anthony L. Scialabba and Anthony**
**L. Scialabba & Associates, P.C.**

SCIALABBA & ASSOCIATES, P.C.
1002 Lincoln Drive West, Suite B
Marlton, NJ 08053
(856) 396-0499

CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

ARTHUR D. GOLDMAN, ESQ.
P.O. Box 115
Paoli, PA 19301
(484) 343-2856

**Attorneys for Movant**
**Morton C. Batt**

WHITE AND WILLIAMS LLP
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
(856) 317-3600

**Attorneys for Movant**
**John E. Elliott, II**

VAIRA & RILEY, P.C.
1600 Market Street
Suite 2650
Philadelphia, PA 19103
(215) 751-2700

## INTRODUCTION

Defendants Anthony L. Scialabba ("Scialabba"), Anthony L. Scialabba & Associates, P.C., Morton C. Batt ("Batt"), and John E. Elliott, II ("Elliott") hereby move the Judicial Panel on Multidistrict Litigation (the "Panel") to reconsider its decision pursuant to 28 U.S.C. §1407 to transfer and consolidate in Massachusetts the two related proceedings pending in different Districts (Massachusetts and New Jersey) and to transfer the consolidated action to New Jersey for coordinated or consolidated pretrial proceedings.

Upon review of the Panel's Decision of May 2, 2006 wherein the Panel decided to consolidate and transfer to Massachusetts, while the Defendants agree that consolidation was properly decided, the decision to transfer to Massachusetts is not properly supported as a result of errors of both fact and law. The Movants/Defendants have submitted herewith this supporting brief.

The Panel should reconsider its decision and require consolidation in New Jersey, not Massachusetts, because: (1) the Panel erroneously found that only one defendant supported transfer to New Jersey when in fact all defendants in New Jersey favor transfer and consolidation in New Jersey (except for Massachusetts defendant CitiStreet which took no position); (2) the Panel erroneously stated that pre-trial proceedings are under way in Massachusetts and disregarded that the proceedings were both more advanced and moving at a more accelerated pace in New Jersey; and (3) because both actions involve breaches of fiduciary duty and

2

related claims under the Employee Retirement Security Act of 1974, as amended ("ERISA"), against current plan trustee Batt, former plan trustee Scialabba, and third-party retirement plan service provider Citistreet, LLC, the only permissible venue under ERISA by both statutory and case law is New Jersey. It is significant to note that in its May 2, 2006 Order, the Court noted that "Claims in both actions arise out of allegations of breach of fiduciary duties in connection with the management of Standard Automotive's 401(k) plan subsequent to its bankruptcy and sale." Order, page 1.

The movants respectfully request an Order transferring the consolidated action from Massachusetts to New Jersey for pretrial consolidation and coordination in accordance with the proper venue requirements of ERISA.

## STATEMENT OF FACTS

A concise statement of the underlying facts is contained in the prior briefs filed in the initial consolidation papers. However, for purposes of this Motion, there are certain critical facts which have transpired since the previous filing. First, almost all of the Defendants advocated both consolidation and transfer to New Jersey, not Massachusetts. CitiStreet Associates, LLC espoused the position that consolidation was appropriate, but declined to advocate a particular venue. No defendants advocated Massachusetts for venue. The plaintiffs in the Massachusetts Action opposed both consolidation and transfer to New Jersey. Most interesting of all was the position of the Department of Labor,

3

which, although filing its complaint months after the Massachusetts Action had begun, filed its complaint in New Jersey and then advocated transfer to Massachusetts. An oral argument was held before the Judicial Panel on Multidistrict Litigation on March 30, 2006 in the United States District Court in Las Vegas, Nevada.

In the meantime, litigation in the Massachusetts Action has not proceeded beyond the mediation stage and has not involved any discovery, including Rule 26 disclosures. In contrast, in the New Jersey action, to date, Rule 26 disclosures were exchanged and the discovery process has been repeatedly stayed pending the resolution of the consolidation motion. Moreover, two motions to dismiss filed by Cit Street are also currently pending in the New Jersey Action.

By Order dated May 2, 2006, the Panel determined to consolidate and transfer both actions to Massachusetts. In reaching its conclusion, the Panel made two fundamental errors of fact and one critical error of law, which form the basis for this Motion for Reconsideration. With respect to the facts, the Panel erroneously found that only one defendant had advocated New Jersey as the proper venue while in fact, all defendants had advocated New Jersey. Moreover, the Panel had the mistaken belief that the Massachusetts action was more advanced than the New Jersey Action because it was the first-filed. Most critical, however, was its error in finding venue appropriate in Massachusetts, even though the two matters are ERISA-based breach of fiduciary duty cases–these claims may

4

only be brought in New Jersey.

## ARGUMENT

### I. DEFENDANTS SUPPORT NEW JERSEY AS THE MOST APPROPRIATE FORUM

In the May 2, 2006 Order, the Panel relied on its position that "most defendants and the responding plaintiffs" support Massachusetts as the proper venue and that only one "defendant in the New Jersey Action favors selection of the New Jersey district as transferee forum." This is a misperception of the Defendants' positions.

While it is true that only one Defendant had absolutely opposed consolidation in Massachusetts, it is also true that virtually all of the Defendants—Anthony L. Scialabba, Anthony L.Scialabba and Associates, P.C., Morton C. Batt, and John E. Elliott, II had argued for New Jersey as the appropriate venue, with only CitiStreet Associates, LLC taking no position on the issue. None of the defendants advocated for Massachusetts as the appropriate venue. Therefore, the inaccurate perception of the defendants' positions was significant enough that the decision merits reconsideration on this basis alone.

### II. PRETRIAL PROCEEDINGS ARE MORE ADVANCED IN THE DISTRICT COURT IN NEW JERSEY

In reaching its determination to transfer the matter to Massachusetts, the Panel noted that pretrial proceedings were underway in Massachusetts, which was the first-filed action. However, while the New Jersey Action was filed several

5

months after the Massachusetts Action, it has proceeded at a more rapid place than New Jersey. While discovery has not even begun in Massachusetts, Rule 26 disclosures were made in New Jersey and the continuation of discovery has been repeatedly stayed pending the outcome of the consolidation motion. Moreover, two Motions to Dismiss filed by CitiStreet in response to the third party complaints of Mr. Scialabba and Mr. Batt have been pending before the District Court of New Jersey for months. Therefore, contrary to the Panel's apparent misperception, New Jersey, not Massachusetts is the more advanced of the two actions.

### III. VENUE UNDER ERISA IS ONLY PROPER IN NEW JERSEY

The position taken by the Department of Labor with respect to views on transfer and consolidation presents an interesting paradox. In its papers supporting transfer, the Department strongly advocates Massachusetts as the proper venue. Yet, the Department provides no explanation whatsoever as to why it brought suit in New Jersey, not Massachusetts, months after it was aware that a suit had been filed in Massachusetts. The explanation is simple–in cases involving the breach of fiduciary duty under ERISA–as the Panel correctly characterized the New Jersey and Massachusetts Actions–venue is only proper in New Jersey. The reason why the Department did not file suit in Massachusetts was because it could not file suit in Massachusetts. A brief review of the statutory and case law confirms that only New Jersey is the appropriate forum for cases

6

such as these.

Venue is addressed under ERISA at 29 U.S.C. §1132(e)(2) which states as follows:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

It is incontrovertible that the Plan was administered in New Jersey, not Massachusetts, so under the first prong of the test, only New Jersey would be appropriate. With respect to the third prong, where a defendant resides or may be found, with respect to the New Jersey action, none of the defendants reside or may be found in Massachusetts, and with respect to the Massachusetts action, only CitiStreet has any nexus to the forum state (although almost all of its work in connection with the plan took place in New Jersey). Accordingly, in a consolidated matter, since the Department of Labor could not have brought suit in Massachusetts, then only New Jersey would be the proper forum state. The only remaining inquiry is whether Massachusetts or New Jersey is the state where the breach took place according to the second prong of the venue test. The case law is clear, that in breach of fiduciary duty cases, only New Jersey is the place of the breach.

The federal case law has developed two sub-categories of cases, each of which deals with separate causes of action, of where the "breach" took place in

7

ERISA cases. One line of cases governs causes of actions based on what may be properly characterized as the "denial of benefits.". The other line of cases, applicable to the present situation, involves causes of actions containing allegations of "fiduciary misconduct." The distinction was first articulated in Brown Schools, Inc. v. Florida Power Corporation, 806 F.Supp. 146 (W.D.Tex. 1992). In that case, the court noted that in some instances the place where the ERISA plan beneficiary (plaintiff) is located, i.e., where he or she would receive benefits, is the place where the breach occurs; these are the wrongful denial of benefits cases. 806 F.Supp. at 149. However, in cases involving the breach of fiduciary duty, i.e., where the defendants commit or fail to commit the actions their duties require, the proper forum is where the defendants acted or failed to act, not where the plaintiff is located. Id. This second type of breach involves wrongdoing that does not directly concern the denial of plan benefits, but involves other matters concerned with administrating the plan; the breach occurs where the duties imposed were to be performed. See, also, Moore v. St. Paul Companies, Inc., 1995 WL 11187, at *8-9 (D.N.J. 1995).

The Massachusetts and New Jersey actions involve allegations of the breach of fiduciary duty, i.e., plan misconduct, rather than the wrongful denial of benefits. With respect to the defendants in both the New Jersey and Massachusetts actions, their conduct in New Jersey, not Massachusetts, is at issue. As detailed in the initial brief filed before the Panel, virtually all of the conduct at

issue took place in New Jersey. As the Panel accurately noted in the May 2, 2006 Order, both the Massachusetts and New Jersey Actions are breach of fiduciary duty cases. Accordingly, venue is only proper in New Jersey.

## CONCLUSION

For the reasons set forth above, the movants respectfully request an Order transferring the Massachusetts Action to New Jersey for pretrial

consolidation and coordination with the New Jersey Action. The Movants request

such other relief as the Panel deems just, proper and equitable.

| MORTON C. BATT | ANTHONY L. SCIALABBA, and ANTHONY L. SCIALABBA & ASSOCIATES, P.C. |
|---|---|
| By his attorneys, | By their attorneys, |
| *signature* | *signature* |
| Michael O. Kassak, Esq.<br>Elizabeth A. Venditta, Esq.<br>WHITE AND WILLIAMS LLP<br>LibertyView<br>457 Haddonfield Road, Suite 400<br>Cherry Hill, NJ 08002-2220<br>(856) 317-3600 | Anthony L. Scialabba, Esq.<br>Geoffrey M. Strunk, Esq.<br>SCIALABBA & ASSOCIATES, P.C.<br>1002 Lincoln Drive West, Suite B<br>Marlton, NJ 08053<br>(856) 396-0499<br><br>-and-<br><br>*signature*<br>Ronald M. Jacobs, Esq.<br>(BBO# 561535)<br>CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP<br>Ten Post Office Square<br>Boston, MA 02109<br>(617) 482-8200 |
| JOHN E. ELLIOTT II | |
| By his attorneys, | |
| *signature*<br>William J. Murray, Jr., Esq.<br>VAIRA & RILEY, P.C.<br>1600 Market Street<br>Suite 2650<br>Philadelphia, PA 19103 | -and-<br><br>*signature*<br>Arthur D. Goldman, Esq.<br>(Atty. I.D. 56983)<br>P.O. Box 115<br>Paoli, PA 19301<br>(484) 343-2856 |

10