UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>**Plaintiffs**,<br><br>v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC,<br>SCIALABBA & MORRISON, P.C.,<br><br>ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>**Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>**Plaintiff**,<br><br>v.<br><br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN<br>**Defendants/Third Party Plaintiffs**<br><br>v.<br><br>CITISTREET, LLC,<br>**Third Party Defendant** | Civil Action No. 05-cv-10355 NG |

**PLAINTIFFS' OBJECTION TO DISTRIBUTION TO DEFENDANT MORTON BATT**

Plaintiffs Mary Desmond, Thomas Ziobrowski, and Paul Watts object to the letter request

of Defendant Morton Batt dated May 1, 2006 to be allowed to use an additional $4,500 in 401(k) fund assets, assets which are the protected retirement savings of the Plaintiffs and the other participants whose interests they represent.  As grounds for this opposition, Plaintiffs state:

      1.     Prior to the injunction entered by this Court on Plaintiff's request, Mr. Batt personally authorized the expenditure of at least Three Hundred and Thirty-Eight Thousand Dollars ($338,000) in participants' 401(k) assets without any prior notice to, or consent from, participants.  See Affidavit of Mary Desmond dated February 22, 2005, ¶ 18 & Exhibit 15 (Docket # 5). These retirement funds were expended by Mr. Batt negligently and without conferring any benefit on the participants.  As such, Plaintiffs' complaint seeks restitution of these amounts from Mr. Batt personally (as well as attorneys fees and the lost appreciation these retirement assets would have earned but for Mr. Batt's negligence).  By his actions, Mr. Batt has placed hundreds of thousands of dollars of retirees' 401(k) plan assets in jeopardy.  It is not inequitable for Mr. Batt to delay any additional payment to Mr. Batt until resolution of this matter.

      2.     Mr. Batt retained the firm of Detweiler & Hershey, whom he now seeks to pay additional funds, despite the objections of Plaintiffs.  Plaintiffs suggested a reputable, independent firm to perform accounting work for the Plan.  Mr. Batt rejected Plaintiff's suggestion.  Plaintiffs are concerned because Detweiler & Hershey appear to have been involved with the Plan in that period prior to suit during which the Plan was looted of some $800,000 in retirement monies.

    In conclusion, any additional payments to Mr. Batt from Plan funds should wait until Plaintiffs have been able to conduct complete discovery.  Requests to the Court for

reimbursement can then be presented to the Court on a complete factual basis.


PLAINTIFFS MARY DESMOND, THOMAS ZIOBROWSKI, and
PAUL WATTS,

By their attorneys,


 /s/     Thomas P. Smith
Thomas P. Smith (BBO #555513)
Matthew A. Caffrey (BBO #558901)
 CAFFREY & SMITH, P.C.
 300 Essex Street
 Lawrence, MA 01840
 Telephone: (978) 686-6151
 Telecopy: (978) 686-3399


Certificate of Service

I, Thomas P. Smith, hereby certify that I served a true copy of the foregoing document, upon the other parties of record by employing the Court's ECF electronic filing system on this 25th Day of October 2006.


 /s/  Thomas P. Smith
Thomas P. Smith