UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>   **Plaintiffs**,<br><br>   v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC,<br>SCIALABBA & MORRISON, P.C.,<br><br>ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>   **Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>   **Plaintiff**,<br><br>   v.<br><br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN<br>   **Defendants/Third Party Plaintiffs**<br><br>   v.<br><br>CITISTREET, LLC,<br>   **Third Party Defendant** | Civil Action No. 05-cv-10355 NG |

### **MOTION FOR APPOINTMENT OF INDEPENDENT TRUSTEE**

Plaintiffs Mary Desmond, Thomas Ziobrowski, and Paul Watts, on their own behalf and

on behalf of other participants in the Standard Automotive 401(k) Plan (the "Plan"), respectfully move that the Court appoint Jacqueline M. Carmichael as an independent fiduciary to administer and terminate the Plan.  The grounds for the Motion are set forth in the memorandum and supporting materials submitted herewith.

Attached is a proposed Order for the consideration of the Court.


PLAINTIFFS MARY DESMOND, THOMAS ZIOBROWSKI, and
PAUL WATTS,

By their attorneys,


 /s/ Thomas P. Smith
Thomas P. Smith (BBO #555513)
Matthew A. Caffrey (BBO #558901)
 CAFFREY & SMITH, P.C.
 300 Essex Street
 Lawrence, MA 01840
 Telephone: (978) 686-6151
 Telecopy: (978) 686-3399


Local Rule 7.1(2)  Certificate

I, Thomas P. Smith, certify that I conferred with opposing counsel to attempt to resolve or narrow the issues set forth in the foregoing motion at the status conference of October 4, 2006 and otherwise.


  /s/  Thomas P. Smith
Thomas P. Smith

Certificate of Service

I, Thomas P. Smith, hereby certify that I served a true copy of the foregoing document, upon the other parties of record on November 17, 2006 as indicate below:

Joseph Buttafuoco, Esq.
2509 Park Avenue, Suite 1C
South Plainfield, NJ 07080 (By Mail)

Henry C. Dinger, Esq.
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109 (By ECF)

Arthur D. Goldman, Esq.
P.O. Box 115
Paoli, PA 19301 (By Mail)

Ronald M. Jacobs, Esq.
Conn, Kavanaugh
Ten Post Office Square
4th Floor
Boston, MA 02109 (By ECF)

Michael O. Kassak, Esq.
White & Williams, LLP
Liberty View
457 Haddonfield Road, Suite 400
Cherry Hill, NH 08002  (By ECF)

William J. Murray, Jr., Esq.
Vaira & Riley, P.C.
1600 Market Street, Suite 2650
Philadelphia, PA 19103  (By Mail)

Jennifer D. Weekley, Esq.
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014  (By Mail)

                /s/  Thomas P. Smith
              Thomas P. Smith

Attachment 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans )<br>**Plaintiffs**, )<br>)<br>v. ) | Civil Action No. 05-cv-10355 NG |
| MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C. THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN, **Defendants**. ) |  |
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, **Plaintiff**, )<br>v. ) | Proposed Order |
| MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN **Defendants/Third Party Plaintiffs** )<br>v. )<br>CITISTREET, LLC, **Third Party Defendant** ) |  |

**PROPOSED ORDER FOR APPOINTMENT OF INDEPENDENT TRUSTEE**

- 4 -

After Hearing, It Is Hereby ORDRED And ADJUDGED:

1.  Pursuant to equitable power conferred on this Court by ERISA, 29 U.S.C. § 1001, *et seq.*, to remove and appoint ERISA fiduciaries, the Court hereby removes Morton Batt as trustee of the Standard Automotive 401(k) Plan (the "Plan") and appoints Jacqueline M. Carmichael as Independent Fiduciary of the Plan.

2.  Jacqueline M. Carmichael as Independent Fiduciary shall have authority to administer the Plan and implement its orderly termination. In performing her duties, she shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate. The Independent Fiduciary will not settle or compromise the claims stated in these pending actions without the consent of all parties or the further order of the Court.

3.  The Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interest of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by any current or historic procedures or policies of the Plan which conflict with her duties under ERISA. The Independent Fiduciary shall present her plan to the Court for approval prior to implementation .

4.  The Independent Fiduciary is empowered to require CitiStreet to deliver or otherwise make available to the Independent Fiduciary any information concerning the Plan that is reasonably necessary to perform the duties of Independent Trustee.

5.  The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or which existed, arose , matured or vested prior the appointment of the Independent Fiduciary.

6.  The Independent Fiduciary shall receive such compensation as the Court may from time to time approve, in addition to reimbursement of expenses actually incurred. With notice to the Court and parties, and approval from the Court, the Independent Fiduciary may retain the assistance of other professionals. The Independent Fiduciary will charge in accordance with her published fee schedule, and will endeavor to deliver her services in accordance with her professional estimate (understanding that changed circumstances may require a change in the estimate).

7.  The Independent Fiduciary shall report to the Court no less frequently than on a quarterly basis concerning all significant actions taken and all Plan assets expended. The first report shall be submitted 60 days from the entry of this Order. This provision is not intended to

preclude the Independent Fiduciary from bringing any appropriate matter to the Court's attention at any time.

IT IS SO ORDERED,

_____
UNITED STATES DISTRICT JUDGE NANCY GERTNER

Date: