UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>**Plaintiffs**,<br><br>v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>**Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>**Plaintiff**,<br><br>v.<br><br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN<br>**Defendants/Third Party Plaintiffs**<br><br>v.<br><br>CITISTREET, LLC,<br>**Third Party Defendant** | Civil Action No. 05-cv-10355 NG |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND COMMENCMENT OF SETTLEMENT NOTICE PROCESS**

Now come the plaintiffs Mary Desmond, Thomas Ziobrowski and Paul Watts (the

- 1 -

"Representative Plaintiffs"), on their own behalf and on behalf of the other participants in the Standard Automotive 401(k) Plan, and seek preliminary approval of a proposed settlement and commencement of the notice process.

### I.   Introduction

This matter was mediated with the assistance of Magistrate Judge Judith Dein on March 22 and March 23, 2007.   The parties have reached a settlement of these consolidated actions.

ERISA Section 502(a) appears to allow the representative plan participants to bring suit and settle fiduciary claims on a plan-wide basis. However, the recent Second Circuit case of <u>Coan v. Kaufmann</u>, 457 F.3d 250 (2d Cir. 2006) suggests that the Court should engage in a procedure akin to Fed. R. Civ. P. 23 to ensure procedural fairness to ERISA plan participants who have not actively participated in the litigation, but will be bound by the settlement.

### II.   Background

In February 2005, the Representative Plaintiffs, participants in the Standard Automotive Corporation 401(k) Plan (the "Plan"), filed this action alleging that the Plan fiduciaries and service providers enriched themselves at the expense of Plan participants by charging excessive and unreasonable fees to the Plan.  During the pendency of this action, the Representative Plaintiffs have (1) secured an injunction prohibiting further depletion of the Plan; (2) recovered approximately $37,313.17 paid as a retainer from Plan assets by Morton Batt; (3) secured the removal of Mr. Batt as Plan fiduciary, and (4) secured the appointment of an independent fiduciary for the Plan, Jacqueline Carmichael.

In August 2005, the Department of Labor instituted a suit based on some of the same issues in the District of New Jersey in August 2005.   The Judicial Panel on Multidistrict

Litigation has consolidated both actions in this Court.  The consolidation was effected by an order of this Court on October 4, 2006.

### III.    Settlement Terms

The proposed settlement will result in payment by the Defendants of $675,000 (in addition to the $37,313.17 previously restored to the Plan) in full settlement of the claims against them by the Plan, Plan participants, and the Secretary of Labor.  The settlement will be evidenced by two documents: (i)  a Stipulation of Settlement and Compromise settling Participant and Plan claims (proposed draft attached as Exhibit 1); and  (ii) a Consent Judgment settling the Secretary of Labor's claims (to be submitted to the Court by the DOJ under separate cover).

### IV.    Settlement on behalf of All Participants in the Plan is Appropriate

#### A.    ERISA Section 502(a)(2) Permits Representatives to Obtain Plan-Wide Relief

It is well established that plan participants may bring actions against plan fiduciaries for breaches of fiduciary duty. *See* ERISA §§ 409 and 502(a)(2); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985).  The relief afforded by ERISA for breach of fiduciary duty is plan-wide, not individual.  *See* Russell, 473 U.S. at 144 ("The entire text of § 409 persuades us that Congress did not intend that section to authorize any relief except for the plan itself.").  The relief obtained in this action is relief to the Plan itself; the named representatives will obtain no relief other than relief due to them as participants in the Plan.

#### B.    The Proposed Settlement Class Meets the Requirements Of Fed. R. Civ. P. 23

Although arguably not required for settlement of ERISA claims (because the ERISA

statute specifically allows participants to bring suit and settle cases in a representative capacity), the proposed settlement meet the requirements of Fed. R. Civ. P. 23.

**1.    The Requirements of Rule 23(a) are Satisfied in this Action.**

Rule 23(a) requires:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the representative parties; (4) the representative parties will fairly and adequately protect the interests of the class.

The proposed class (all participants in the Standard Automotive 401(k) Plan) meets all of these requirements. The proposed class contains more than 200 members and thus meets the "numerosity" test. *See, e.g.*, Holton v. L.F. Rothschild, 118 F.R.D. 280, 282 (D. Mass. 1987)(class of 50 or 60 sufficiently large).

The questions of law or fact common to the class involve allegations of breach of fiduciary duty under ERISA that have affected all participants with retirement savings. As such, the 'commonality' requirement is met. *See, e.g.*, Banyai v. Mazur, 205 F.R.D. 160, 163 (S.D.N.Y. 2002); In re IKON Office Solutions, Inc., 191 F.R.D. 457, 464 (E.D. Pa. 2000)("given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief. There is also risk of inconsistent dispositions that would prejudice the Defendants"). For this same reason – the fact that the Representative Plaintiffs seek plan-wide relief – the Court should find "typicality."

Finally, the representative plaintiffs have provided "adequate representation" to the class by, *inter alia*: (i) obtaining ERISA counsel, (ii) obtaining injunctive relief which prevented further depletion of the Plan, (iii) securing the return of over $37,000 to the Plan on an immediate basis; (iv) obtaining the appointment of an experienced independent fiduciary for the

Plan; and (v) negotiating a settlement securing restoration of $675,000 to the Plan.

For these reasons, the Court should find that the requirements of Rule 23(a) are met in this case.

**2       The Requirements of Rule 23(b)(1) and 23(b)(2) are Satisfied in this Action**

Rule 23(b)(1) permits maintenance of a class action where "the prosecution of separate actions by or against individual members of the class would create the risk of (A) inconsistent or varying adjudications . . . or (B) adjudications . . . which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."   Again, in the circumstances of an ERISA action for breach of fiduciary duties seeking plan-wide relief, certification is generally appropriate.   In re IKON Office Solutions, Inc., 191 F.R.D. 457, 464 (E.D. Pa. 2000)("given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief.  There is also risk of inconsistent dispositions that would prejudice the Defendants").

Likewise, maintenance of a class action is permissible in this action under Rule 23(b)(2) where the defendants allegedly "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."   The claims in this case are that defendants violated their ERISA fiduciary duties to all participants of the Plan.   Preliminary and permanent injunctive relief has been obtained.

For these reasons, the Court should find the requirements of Fed. R. Civ. P. Rule 23(b)(1)

- 5 -

and 23(b)(2) are met in this action.

### V.     The Proposed Notice Provides Adequate Notice to the Participants

The proposed notice to the plan Participants, which will be mailed to all of the approximately 200 plan participants, will be mailed by the independent fiduciary based on the records available to her at plan expense.  The proposed notice is "appropriate notice" as required under Rule 23(c)(2)(A) and "notice in a reasonable manner" as required by Rule 23(e)(1)(B).  A copy of the Proposed Notice is attached as Exhibit 2.

### VI.    Fees of Plaintiffs' Class Counsel

Representative Plaintiffs retained the firm of Caffrey & Smith, P.C. as counsel on a contingent fee basis with a fee agreement providing for a fee of one-third of amounts recovered on behalf of the Plan.  While counsel could have sought court approval of a fee based on this percentage of all amounts recovered on behalf of the Plan,[1] counsel agreed in the course of settlement negotiations to seek court approval of a fee of $100,000.  Counsel will also seek approval of costs and expenses of no more than $6,000.   Notice of this motion for approval of fees is set forth in the proposed notice to the participants and accords with Rule 23(h)(1).

---

1     Over $712,000 has been recovered for the Plan.  This sum would yield a 1/3 contingent fee of over $237,000.

**Conclusion**

For the foregoing reasons, plaintiffs respectfully request that the Court preliminarily approve the settlement agreement, approve the proposed settlement notice process and set dates for the filings of objections to the proposed settlement and a fairness hearing.

        Plaintiffs,

        By their attorneys,


        /s/ Thomas P. Smith_____
        Thomas P. Smith (BBO #555513)
        CAFFREY & SMITH, P.C.
        300 Essex Street
        Lawrence, MA 01840
        Telephone: (978) 686-6151
        Telecopy: (978) 686-3399


Date:   May 14, 2007

# EXHIBIT 1

Case 1:05-cv-10355-NG    Document 83    Filed 05/14/2007    Page 8 of 19

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>**Plaintiffs**,<br><br>v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC,<br>SCIALABBA & MORRISON, P.C.,<br>ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN,<br>THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>**Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br>**Plaintiff**,<br><br>v.<br><br>MORTON BATT, JOHN E. ELLIOTT II,<br>ANTHONY L. SCIALABBA, and the<br>THE STANDARD AUTOMOTIVE 401(K) PLAN<br>**Defendants/Third Party Plaintiffs**<br><br>v.<br><br>CITISTREET, LLC,<br>**Third Party Defendant** | Civil Action No. 05-cv-10355 NG |

## STIPLUATION OF SETTLEMENT AND COMPROMISE

WHEREAS, in February 2005 Plaintiffs Mary Desmond Thomas Ziobrowski and Paul

Watts (the "Representative Plaintiffs") filed an action in the District of Massachusetts, docket

- 1 -

no. 05-cv- 10355, (the "Massachusetts Action") alleging violations of ERISA duties by Defendants Morton C. Batt, Anthony L. Scialabba, Anthony L. Scialabba and Associates P.C., Scialabba & Morrison, P.C., White & Williams, LLP and CitiStreet, LLC (with John E. Elliott, III,  "Defendants") in connection with the Standard Automotive 401(k) Plan (the "Plan");

WHEREAS, in August 2005, the Secretary of Labor filed an action in the District of New Jersey, docket no 05-cv-03732, (the "New Jersey Action") alleging violations of ERISA by Defendants Batt, Scialabba and Elliott and third party claims were lodged in the New Jersey Action against CitiStreet, LLC;

WHEREAS, the Judicial Panel on Multidistrict Litigation consolidated the Massachusetts Action and the New Jersey Action in Massachusetts effective October 2006;

WHEREAS, the Defendants deny all claims, and the Court has not ruled on the merits of any claim or defense;

WHEREAS, the Court has appointed an independent fiduciary for the Plan, Jacqueline M Carmichael (the "Independent Fiduciary"), to collect and distribute Plan assets and terminate the Plan;

WHEREAS, the Representative Plaintiffs, the Secretary of Labor and the Defendants have engaged in extensive settlement negotiations with the assistance of counsel and of Magistrate Judge Dein and reached a proposed settlement based on the payment by Defendants of $675,000 (in addition to the $37,313.17 previously recovered in the litigation from White & Williams LLP);

WHERAS, said settlement amount has been divided between payments made pursuant to a Consent Judgment between certain Defendants and the Secretary of Labor (the "DOL Consent

Judgment") and certain payments made pursuant to this Stipulation;

WHEREAS, settlement obligations are not joint and several, but divided between each Defendant on the following basis: Mr. Scialabba and affiliated entities to pay $360,000 ($259,000 paid in order to settle the claims of the DOL which relate to the DOL Consent Judgment and $101,000 paid under this Stipulation); Mr. Batt to pay $55,000 (paid under the DOL Consent Judgment); Mr. Elliot to pay $60,000 (paid under the DOL Consent Judgment); and CitiStreet LLC to pay $200,000 (paid under this Stipulation);

WHEREAS, regardless of whether payments are made pursuant to the DOL Consent Judgment or this Stipulation, the Representative Plaintiffs, the Independent Fiduciary and Defendants mutually agree and recognize that the intent, object and consideration of this Stipulation is the complete settlement, compromise, resolution, release, waiver and termination of all claims, lawsuits, demands or causes of action that were asserted, or could have been asserted, by the Plan or Plan participants against Defendants based on any conduct in connection with the Plan and also all claims that the Defendants may have against the Plan or against each other;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. The Representative Plaintiffs shall file a Motion for Preliminary Approval of Settlement seeking a fairness hearing before the Court to approve the settlement. Pursuant to the Court's instruction, the Representative Plaintiffs and Independent Fiduciary will cooperate to provide reasonable notice to all Plan participants of the proposed settlement and the fairness hearing.

2. Upon approval of the Court, the Representative Plaintiffs and the Independent

Fiduciary, on their own behalf and on behalf of all Plan participants, remise, release, and forever discharge the Defendants (and their respective employees, officers, directors, successors, affiliates, attorneys, assigns and insurers) of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY, from the beginning of the world to the date of Court approval.  This release includes without limitation all claims which were, or could have been, brought in the Massachusetts Action.  Notwithstanding the foregoing,  (i) the Defendants are not released from the obligations contained in this Stipulation or the DOJ Consent Judgment and (ii) Defendant CitiStreet is not released from its ongoing obligations under the Recordkeeping Services Agreement between CitiStreet and the Plan sponsor.

3.     Upon approval of the Court, the Defendants each remise, release, and forever discharge the Plan, the Independent Fiduciary and the Representative Plaintiffs (and their respective employees, officers, directors, successors, affiliates, attorneys and assigns and insurers) of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY,  from the beginning of the world to the date of Court approval.  This release includes without limitation all counterclaims which were, or could have been brought, in the Massachusetts Action.  Notwithstanding the foregoing,  (i) the Independent Fiduciary, Plan and Representative Plaintiffs are not released from the obligations contained in this Stipulation and (ii) the Plan is not released from its ongoing obligations to Defendant CitiStreet under the Recordkeeping Services Agreement between CitiStreet and the

Plan sponsor.

4.     Upon approval of the Court, the Defendants each remise, release, and forever discharge each other Defendant (and their respective employees, officers, directors, successors, affiliates, attorneys and assigns and insurers) of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY, from the beginning of the world to the date of Court approval.  This release includes without limitation all cross-claims or third-party claims which were, or could have been brought against another Defendant in the Massachusetts Action or the New Jersey Action and specifically includes any claims for contribution or indemnity for settlement amounts.  Notwithstanding the foregoing, the Defendants are not released from the obligations contained in this Stipulation.

5.     Within 30 days after approval by the Court, Defendant CitiStreet will deliver a check in the amount of $200,000 to Representative Plaintiffs' counsel made payable to "Jacqueline Carmichael, Independent Fiduciary, f/b/o Standard Automotive Corp. 401(k) Plan."  On or before January 31, 2008, Defendant Scialabba will deliver a check in the amount of $101,000 to Representative Plaintiffs' counsel made payable to "Jacqueline Carmichael, Independent Fiduciary, f/b/o. Standard Automotive Corp. 401(k) Plan."  If any Defendant fails to make a payment under this provision, that Defendant will be responsible for compound interest at the annual rate of 25% and the costs of collection, including reasonable attorneys fees.

6.     This Stipulation does not constitute an admission of any liability or wrongdoing by any party, and shall not be used as evidence of liability or wrongdoing by any party.

7.     This Stipulation shall bind and inure to the benefit of the parties and their

respective successors, and assigns.

      8.      This Stipulation shall be governed by, and construed as a contract in accordance with, the laws of the Commonwealth of Massachusetts.

MARY DESMOND, THOMAS ZIOBROWSKI,
PAUL WATTS, Individually and as Representative
Plaintiffs for Plan Participants,

By their attorney,

_____
Thomas P. Smith (BBO #555513)
  Caffrey & Smith, P.C.
  300 Essex Street
  Lawrence, MA 01840
  Tel. 978-686-6151
  Fax  978-683-3399

STANDARD AUTOMOTIVE 401(K) PLAN

_____
By:    Jacqueline Carmichael, Independent Trustee

_____
Anthony L. Scialabba, individually and for
   Anthony L. Scialabba and Associates, P.C.

_____

Morton C. Batt


_____

John E. Elliott, II


CITISTREET, LLC


_____

By: duly authorized signatory


WHITE AND WILLIAM, LLP


_____

By: duly authorized signatory


Entered as an Order after fairness Hearing on _____, 2007:


_____

Nancy Gertner, District Judge

# EXHIBIT 2

Case 1:05-cv-10355-NG    Document 83    Filed 05/14/2007    Page 16 of 19

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans )<br>**Plaintiffs**, )<br> )<br>v. )<br> )<br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C. THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN, )<br>**Defendants**. )<br> )<br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, )<br>**Plaintiff**, )<br> )<br>v. )<br> )<br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN )<br>**Defendants/Third Party Plaintiffs** )<br> )<br>v. )<br> )<br>CITISTREET, LLC, )<br>**Third Party Defendant** ) | Civil Action No. 05-cv-10355 NG |

**[PROPOSED] NOTICE TO PARTICIPANTS**

- 1 -

**TO:    ALL PARTICIPANTS IN THE STANDARD AUTOMOTIVE 401(K) PLAN**

A proposed settlement has been reached with Defendants Morton Batt, John E. Elliott II, Anthony Scialabba, Anthony L. Scialabba and Associates, P.C. White and Williams, P.C. and CitiStreet, LLC regarding claims of ERISA violations.

Plaintiffs Mary Desmond, Thomas Ziobrowski and Paul Watts on behalf of themselves and other participants in the Standard Automotive 401(k) Plan (the "Plan") filed suit in February 2005 in the District of Massachusetts alleging, among other things, that certain defendants had violated their fiduciary duties under ERISA in taking or allowing excessive fees to be paid from the Plan in the amount of approximately $700,000.  In August 2005, the Secretary of Labor filed suit in the District of New Jersey making similar allegations of ERISA violations against certain of the Defendants.  The Judicial Panel on Multidistrict Litigation consolidated the actions in this Court effective October 4, 2006.

The Defendants deny the allegations, and deny any liability relating to Plaintiffs' claims.  The Court has yet to make any ruling on the merits of Plaintiffs' claims or Defendants' defenses.

The parties, including the Secretary of Labor, have reached a proposed settlement of the actions that will result in restitution to the Plan of approximately $713,000.   Of this amount, Plaintiffs' counsel has moved for attorney's fees of  $100,000 and expenses of no more than $6,000.  In addition, $34,000 will be paid to the Department of Labor as a mandatory government assessment.  The remaining amounts will be returned to the Plan, and the Independent Fiduciary will use those amounts to defray the costs of termination and distribution of the Plan and distribute the remaining amounts pro rata to the existing Plan participants.

The Court has granted preliminary approval to the proposed settlement. A fairness hearing is scheduled for June ___, 2007 at ___ p.m. in the United States District Court for the District of Massachusetts. You do not need to attend, but may attend and be heard orally. If you have any comments or objections regarding the proposed settlement, they must be received in writing at the United States District Court, John Joseph Moakley Courthouse, 1 Courthouse Way, Boston, MA 02210 no later than June __, 2007.

BY ORDER OF THE COURT

    Date

 

_____
Nancy Gertner, District Judge