UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>　　　　**Plaintiffs**,<br><br>　　　　v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC,<br>SCIALABBA & MORRISON, P.C.,<br>ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN,<br>THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>　　　　**Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br>　　　　**Plaintiff**,<br><br>　　　　v.<br><br>MORTON BATT, JOHN E. ELLIOTT II,<br>ANTHONY L. SCIALABBA, and the<br>THE STANDARD AUTOMOTIVE 401(K) PLAN<br>　　　　**Defendants/Third Party Plaintiffs**<br><br>　　　　v.<br><br>CITISTREET, LLC,<br>　　　　**Third Party Defendant** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-cv-10355 NG |

**MOTION FOR APPROVAL OF PAYMENT OF REPRESENTATIVE
<u>PLAINTIFFS' ATTORNEY'S FEES AND EXPENSES</u>**

- 1 -

Now comes counsel for Representative Plaintiffs and seeks approval of payment of their fees in the amount of $100,000 and expenses in the amount of $2,978.80.   A proposed order for approval is attached as Exhibit 1.

**Factual Background**

This action arose from claims of breach of fiduciary duty in connection with the Standard Automotive 401(k) Plan.   Counsel for representative plaintiffs was retained on February 18, 2005 pursuant to a contingent fee agreement providing for a 33.33% contingent fee.  This contingent fee arrangement was signed by approximately 50 plan participants.   Affidavit of Thomas P. Smith, Exhibit 1

Counsel for the representative plaintiffs filed this action in February 2005 and, since that time,  (1) secured an injunction prohibiting further depletion of the Plan; (2) recovered approximately $37,313.17 paid as a retainer from Plan assets by defendant Morton Batt; (3) secured the removal of Mr. Batt as Plan fiduciary, and (4) secured the appointment of an independent fiduciary for the Plan, Jacqueline Carmichael.

In addition, in conjunction with the Department of Labor (which filed an action in August 2005) and with the assistance of Magistrate Judge Dein, counsel for the representative plaintiffs negotiated a settlement that will result in payment by the Defendants of $675,000 for a total monetary benefit (with the monies previously recovered) of over $712,000.

As part of the settlement negotiations among the representative plaintiffs, the Department of Labor and Defendants, counsel for the representative plaintiffs agreed to seek fees of not more than $100,000 (rather than 33.33% of the full $712,000 recovery, *i.e.* a fee of $237,310)

**Argument**

Where settlement of a litigation has produced a "common fund" to be distributed among beneficiaries, attorney's fees may be awarded from that fund so as to avoid unjust enrichment of the benefited class.  See <u>In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel. Fire Litig.</u>, 56 F.3d 295, 307 (1st Cir. 1995); <u>Nilsen v. York County</u>, 400 F.Supp.2d 266, 268 (D. Me. 2005)(Hornby, J.).  In awarding fees from a common fund, courts in the First Circuit may proceed "either on a percentage of the fund basis or by fashioning a lodestar" with a percentage of the fund basis being the preferred approach.  <u>In re Thirteen Appeals</u>, 56 F.3d at 307.[1]

The First Circuit has not adopted an explicit test for determining a "reasonable fee" in a common fund case.  <u>York County</u>, 400 F.Supp.2d at 273; <u>In re Relafin Antitrust Litigation</u>, 231 F.R.D. 52, 79 (D. Mass. 2005)("The First Circuit has not endorsed a specified set of factors to be used in determining whether a fee request is reasonable") .  A number of circuits have adopted multifactor tests.  See, e.g., <u>Goldberg v. Integrated Res., Inc.</u>, 209 F.3d 43, 50 (2d. Cir. 2000)(six-factor test); <u>Gunter v. Ridgewood Energy Corp.</u>, 223 F.33d 190, 195 (3d. Cir. 2000)(seven-factor test); <u>Ramey v. Cincinnati Enquirer, Inc.</u>, 508 F.2d 1188, 1196 (6th Cir. 1974)(six-factor test); <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) (twelve-factor test).   As Judge Hornby noted:

> The multifactor tests largely overlap.  Almost all include factors related to . . . time and

---

[1] Had the case proceeded to judgment, the Court would award fees under ERISA's fee-shifting provision based on a lodestar method.  However, common fund principles govern when a fee-shifting case settles before judgment. <u>Staton v. Boeing, Co.</u>, 327 F.3d 938, 967-68(9th Cir. 2003)); <u>York County</u>, 400 F.Supp. at 271 and note 12.  Moreover, the fee award under ERISA controls only the amount of fees a defendant will pay the plaintiffs, not what the plaintiff class will pay its attorneys.  See <u>Venegas v. Mitchell</u>, 495 U.S.  82, 90(1990)(fee-shifting statute "controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer").

>labor, the complexity and difficulty of the case, the quality of the lawyers or the representation, the size of the fund, the risk of nonpayment or contingency . . .comparison to other awards in similar cases and whether there are objections.

York County, 400 F.Supp.2d at 275.  The Ninth Circuit has specifically adopted a benchmark of 25% for common fund cases (from which deviation is allowed for case-specific factors). Vizcaino v. Microsoft Corp., 290 F.3d, 1043, 1047-48 (9th Cir. 2002).  The Seventh Circuit adopted a market-based approach to award a fee that would mirror the "market price for legal services."  In re Synthroid Mktg. Litig., 264 F.3d. 712, 718 (7th Cir. 2001).

Under any of these tests, the requested fee of $100,000 (representing approximately 14% of the monetary recovery for the class) is within the range of reasonable fees awarded in other cases.  See, *e.g.*, York County, 400 F.Supp.at 283 (awarding fee of 25% of the common fund); In re Relafin, 231 F.R.D. at 81 (awarding 33.33% of common fund); Mazola v. May Dept Stores Co., 1999 WL 1261312 at 4 (D. Mass. 1999)(Gertner J.)("In this circuit, percentage fee awards range from 20% to 35% of the fund.  This approach mirrors that taken by the federal courts in other jurisdictions.")

The award is substantially less than the 33.33% agreed to by a substantial number of Plan participants at the outset of the litigation.  Such reduction was agreed to by representative plaintiffs' law firm to accomplish a settlement that plainly is in the best interests of Plan participants.  In addition, the award is close to what would be awarded under a lodestar analysis.  See Affidavit of Thomas P. Smith.

## Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court award payment of representative plaintiffs' attorney's fees in the amount of $100,000 and expenses in the amount of $2,978.80 to be paid by the Independent Fiduciary from amounts collected pursuant to the settlement of this action.

Representative Plaintiffs,

By their attorneys,


 /s/  Thomas P. Smith
Thomas P. Smith (BBO #555513)
CAFFREY & SMITH, P.C.
300 Essex Street
Lawrence, MA 01840
Telephone: (978) 686-6151
Telecopy: (978) 686-3399

Date:   June 27, 2007

CERTIFICATE OF SERVICE

    I, Thomas P. Smith, served a copy of the foregoing document on those parties whose counsel have registered with the Court's ECF service by employing such service for filing this document.

Date: June 27, 2007                        /s/ Thomas P. Smith
                                                      Thomas P. Smith

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>**Plaintiffs**,<br><br>v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC,<br>SCIALABBA & MORRISON, P.C.,<br><br>ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>**Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>**Plaintiff**,<br><br>v.<br><br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN<br>**Defendants/Third Party Plaintiffs**<br><br>v.<br><br>CITISTREET, LLC,<br>**Third Party Defendant** | Civil Action No. 05-cv-10355 NG<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Proposed Order |

**PROPOSED ORDER ON ATTORNEY'S FEES AND EXPENSES**

After Hearing, It Is Hereby ORDRED And ADJUDGED:

- 1 -

1. Attorneys fees in the amount of $100,000 and expenses of $2,978.80 are approved as fair and reasonable and the Independent Fiduciary may make payment of such amounts to Representative Plaintiff's law firm, Caffrey & Smith, P.C., from the settlement funds collected.


IT IS SO ORDERED,


---------------------------------------------------
UNITED STATES DISTRICT JUDGE NANCY GERTNER


Date: