UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>    **Plaintiffs**,<br><br>    v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC,<br>SCIALABBA & MORRISON, P.C.,<br><br>ANTHONY L. SCIALABBA & ASSOCIATES, P.C.<br>THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>    **Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>    **Plaintiff**,<br><br>    v.<br><br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN<br>    **Defendants/Third Party Plaintiffs** | Civil Action No. 05-cv-10355 NG |

**AFFIDAVIT OF THOMAS P. SMITH IN SUPPORT OF REQUEST FOR**
<u>**ATTORNEY'S FEES AND COSTS**</u>

I, Thomas P. Smith, state the following under the penalties of perjury:

1.    I am an attorney admitted to practice before the Courts of the Commonwealth of

Massachusetts, this honorable Court, the Court of Appeals for the First Circuit, and the Court of Appeals for the District of Columbia Circuit. I am eligible to practice in all the courts in which I am a member, and have never been the subject of a disciplinary proceeding.

    2.    I have practiced law without interruption since 1989 when I graduated from Georgetown University Law Center, *magna cum laude* and as a member of the Order of the Coif honors society. I was a member of the editorial board of the Georgetown Law Journal.

    3.    I am currently a principal in the law firm of Caffrey & Smith, P.C., a position I have held since 1997. I represent individuals and businesses in civil and criminal litigation before state and federal courts and agencies located in Massachusetts. Prior to joining Caffrey & Smith, I was associated with the Boston law firm of Ropes & Gray from 1989 to 1997. I am experienced in employment and ERISA litigation, and have represented both employers and employees in numerous such litigations over the past ten years through verdict or settlement. A number of employment/ERISA cases in which I acted as trial and appellate counsel have been reported over the past few years including, Cariglia v. Hertz, 363 F.3d 77 (1st Cir. 2004); White v. Massachusetts State Police, 17 Mass. L. Rep. 200 (Suffolk Superior Court, 2003); Cariglia v. Hertz, 343 F. Supp. 2d 50 (D. Mass. 2004); Harrison v. Merrimac Paper Company, Inc., 420 F.3d 53 (1st Cir. 2005); Partners Healthcare System, Inc. v. Massachusetts Commission Against Discrimination, 2007 Lexis 45712 (D. Mass Docket No. Civ. Action No. 06-11436-JLT, June 25, 2007)(Tauro, J.).

    4.    I came to represent the representative plaintiffs in this action when a number of employees at a client approached me about significant amounts that had been deducted from their 401(k) retirement savings plan (maintained by a former employer) without their approval or

any explanation.  Upon review of the available information and their extensive correspondence with fiduciaries, I spoke to some fifty participants in the plan and they retained me on a 1/3 contingent fee arrangement.  A copy of the contingent fee agreement is attached as Exhibit 1.

     5.     I have devoted approximately 355 hours to work on this case over the past two and one-half years in reliance on the contingent fee arrangement.  In my opinion, all such time was necessary to securing the favorable result in this case and included success in (i) fending off motions to dismiss and transfer, (ii) obtaining an injunction against further depletion of the 401k funds, (iii) securing appointment of an independent fiduciary, (iv) obtaining an order from the Judicial Panel on Multidistrict Litigation consolidating related proceedings in this Court, and (v) assisting in negotiation of a favorable settlement for all plan participants.  I have advanced expenses in the amount of $2,978.80.  An accounting of expenses is attached hereto as Exhibit 2.

     6.     I currently charge my hourly clients $250 per hour.  My hourly clients pay me when invoiced on a monthly basis.  I would require a much higher hourly rate if payment were to be (i) contingent upon success and (ii) delayed for periods exceeding two years.

     7.     In the course of settlement negotiations in this matter, I agreed (somewhat to the chagrin of my law partners) with the representative plaintiffs and in consultation with the Department of Labor to reduce the contingent fee to a flat fee of  $100,000 to make the settlement work.   In my opinion, attorneys' fees of $100,000 are more than reasonable in light of the time expended and results achieved.

Signed under the penalties of perjury on this 27th Day of June, 2007


    /s/ Thomas P. Smith
Thomas P. Smith

# EXHIBIT 1

# FEE AGREEMENT
(Modified Contingent Fee)

To be Executed in Duplicate.

The Client, Mary Desmond, Thomas Ziobrowski and those other participants in the Standard Automotive 401(k) Plan and Standard Automotive Employer Contribution Plan (together, the "Plans") who have signed below (collectively, the "Client"), hereby retain the Attorney, Caffrey & Smith, P.C., 300 Essex Street, Lawrence, MA 01840, to perform the legal services mentioned in paragraph 1 below.  The attorney agrees to perform them faithfully and with due diligence.

1. The claim, controversy, and other matters with reference to which the services are to be performed are recovery of damages and equitable relief for violations of ERISA or other state of federal law with respect to the Plans, including without limitation, breach of fiduciary duty, failure to provide plan benefits, negligence and/or fraud.

2. Compensation will consist of: (1) a flat fee retainer of $15,000 of which $10,000 will be paid herewith and $5,000 will be paid within a reasonable time of request by the attorney; **and** (2) a contingent fee to consist of the **greater** of (a) 33.33% of the gross amount recovered for the Plans and participants to include any damages, multiple or punitive damages, interest, costs and any attorney's fee awarded **or** (b) the award of statutory attorneys fees.  For purposes of billing against the retainer and for calculating statutory attorneys fees, the Attorney will bill at the rate of $250 per hour.

3. The Client understands that the Attorney currently acts as outside general counsel for Ranor, Inc. in a variety of legal matters.  The Attorney sees no conflict between representation of the Client in connection with ERISA claims arising out the Plans established by their former employer Standard Automotive Corp. and the Attorney's general representation of Ranor. Ranor has consented to this representation after disclosure.  By signing below, the Client consents to the representation and waives any claim of conflict of interest based on the Attorney's representation of Ranor on matters not substantially related to ERISA claims arising from the Standard Automotive Corp. Plans.

4. In addition to the agreed fees, the Client is responsible for reasonable out-of-pocket expenses and disbursements of the Attorney (such as expert witness fees, court filing fees, court reporter fees and travel fees) and shall pay the same upon request.  In the event that local counsel is required in a jurisdiction outside of Massachusetts, the Attorney and Client will come to an arrangement for payment of such local counsel fees.

5. Attorney reserves the right to withdraw from representation with the consent of the Client or, for good cause, without it.  Good cause may include (without limitation) Client's failure to pay amounts billed in a timely manner, Client's failure to cooperate or follow Attorney's advice on a material matter, or discovery which reveals that proof of essential

Page -2-

elements of Client's claim is unlikely.

     6. This agreement does not include or obligate Attorney to pursue any appeal from a judgment, whether adverse or not adverse to Client, or any writs or proceedings to execute on a judgment. In such event, Attorney will meet with Client to review the matter and determine whether Attorney will be willing to proceed and, if necessary, negotiate an new arrangement for fees and charges.

     7. Attorney will communicate with Client through Mary Desmond and Thomas Ziobrowski (who will continue to coordinate with the other participants in the Plans).

     This agreement and its performance are subject to Rule 1.5(F) of the Massachusetts Rules of Professional Conduct.

CAFFREY & SMITH, P.C.

Date: 2/22/05

By _____
Thomas P. Smith

Client

_____
Mary Desmond

Name: _____

_____  2/18/05
Tom Ziobrowski

Name: _____

Name: _____

Name: _____

Name: _____

Name: _____

| Name | Name | Date |
|---|---|---|
| Raymond McInnis | Jack Nordman | 2/18/05 |
| Harold Swenson | Glen Radigan | |
| George Morin  2-18-05 | Raymond Dembek  2-18-05 | |
| Edward Guichard | Don Waszkiewicz  2-18-05 | |
| David Lucier | Doug Newton  2-18-05 | |
| John Cody | Joseph Quinn | |
| Randy Ouellette | Wallace Teto | |
| Eric Neff | Robert Wilcox | |
| Jeff Cummings | Thomas Roberge | |
| Richard Freeman | Walter Woodman  2-18-05 | |
| Richard Hamel | Benjamin Staples  2-18-05 | |
| Doug Stevens | Jeff Magnum  2-18-05 | |

| Signature / Date | Signature / Date |
|---|---|
| _Wayne Hurlbut_ 2-18-05<br>Name: Wayne Hurlbut | _[signature]_ 2-18-05<br>Name: Thomas Jankauskas |
| _Gerald Parsons_ 2-18-05<br>Name: Gerald Parsons | _Steven Osolin_ 2-18-05<br>Name: Steve Osolin |
| _Bernard J LaRoche_<br>Name: Bernie LaRoche | _Joe Duval_ 2-18-05<br>Name: Joe Duval |
| _[signature]_<br>Name: William Hitchock | _Marc Allegrezza_ 2-18-05<br>Name: Marc Allegrezza |
| _Norman Banville_ 2/18/05<br>Name: Norman Banville | _Lawrence Mauriello_ 2/18/05<br>Name: Lawrence Mauriello |
| _Louis Poirier_<br>Name: Louis Poirier | _Dennis A. Jolicoeur_ 4/18/05<br>Name: Dennis Jolicoeur |
| _Rose-Marie Cormier_ 2/18/05<br>Name: Rose-Marie Cormier | _Stanley A. Youtt_<br>Name: Stan Youtt |
| _James Bosselait_ 2/18/05<br>Name: James Bosselait | _Paul Watts_ 2-18-05<br>Name: Paul Watts |
| _Michael Duval_<br>Name: Michael Duval | _Salvatore Isgro_<br>Name: Sam Isgro |
| _Mark Dupuis_ 2/18/05<br>Name: Mark Dupuis | _Phil Weeks_ 2-18-05<br>Name: Phil Weeks |
| _Jacob V. Poirier_ 2/18/05<br>Name: Jacob Poirier | _Timothy Morkavage_<br>Name: TIMOTHY MORKAVAGE |
| _Craig A. Phelps_<br>Name: Craig Phelps | _David G. Arsenault_<br>Name: DAVID H ARSENAOLT |

# EXHIBIT 2

Standard 401K Expenses

| Date | Item | Cost |
|---|---|---|
| various dates | Mail/Delivery Charges (including notice to class) | 212.87 |
| various | Photocopies (2470 pages @ .19 per page) (including notice to class) | 468.75 |
| 2/23/2005 | Filing Fee, USDC | 250 |
| 2/23/2005 | Service of Process, Camden NJ Sheriff | 62.84 |
| 2/24/2005 | Service of Process, Burlington County Sheriff | 50.84 |
| 3/3/2005 | UPS Overnight Charges | 70.36 |
| 3/7/2005 | Service of Process, Suffolk County Sheriff | 42 |
| 3/10/2005 | Lexis/Nexis charges | 194.35 |
| 3/11/2005 | LocatePlus services (asset and witness location) | 42 |
| 3/23/2005 | Parking | 17 |
| 4/6/2005 | UPS Overnight Charges | 17.25 |
| 4/13/2005 | LocatePlus services (asset and witness location) | 15 |
| 4/26/2005 | Pacer charges for access and downloading | 65.92 |
| 5/12/2005 | Lexis/Nexis charges | 144.76 |
| 5/18/2005 | Telephone conferencing charges (Budget Conference) | 23.36 |
| 6/8/2005 | Lexis/Nexis Charges | 37.11 |
| 7/20/2005 | Pacer charges for access and downloading | 41.44 |
| 10/17/2005 | Pacer charges for access and downloading | 62.48 |

| | | |
|---|---|---|
| 1/19/2006 | UPS Overnight Charges | 16.63 |
| 1/26/2006 | Pacer charges for access and downloading | 52.32 |
| 2/15/2006 | Lexis/Nexis | 77 |
| 4/01/2006 | Parking (Airport) | 72 |
| 4/01/2006 | Lodging (Judicial Panel on Multidistrict Litigation in Nevada) | 216.96 |
| 4/01/2006 | Airfare (Judicial Panel on Multidistrict Litigation in Nevada) | 427.59 |
| 4/12/2006 | Lexis/Nexis | 11.72 |
| 4/26/2006 | Pacer charges for access and downloading | 37.84 |
| 7/7/2006 | UPS Overnight Charges | 17.15 |
| 11/15/2006 | Lexis/Nexis | 33.63 |
| 4/3/2007 | UPS overnight Charges | 13.17 |
| 4/19/2007 | Telephone conferencing charges (Budget Conference) | 35.28 |
| 4/19/2007 | Lexis/Nexis | 115.18 |
| 5/23/2007 | Downtown Boston Parking | 34 |
| Total | | 2978.80 |