UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, PAUL WATTS on their own behalf and on behalf of other participants in the defendant ERISA Plans<br>**Plaintiffs**,<br><br>v.<br><br>MORTON C. BATT, ANTHONY L. SCIALABBA, CITISTREET, LLC, SCIALABBA & MORRISON, P.C., ANTHONY L. SCIALABBA & ASSOCIATES, P.C. THE STANDARD AUTOMOTIVE 401(K) PLAN, THE STANDARD AUTOMOTIVE EMPLOYER CONTRIBUTION PLAN,<br>**Defendants**.<br><br>ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>**Plaintiff**,<br><br>v.<br><br>MORTON BATT, JOHN E. ELLIOTT II, ANTHONY L. SCIALABBA, and the THE STANDARD AUTOMOTIVE 401(K) PLAN<br>**Defendants/Third Party Plaintiffs**<br><br>v.<br><br>CITISTREET, LLC,<br>**Third Party Defendant** | Civil Action No. 05-cv-10355 NG |

### PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT

Now come the plaintiffs Mary Desmond, Thomas Ziobrowski and Paul Watts (the

"Representative Plaintiffs"), on their own behalf and on behalf of the other participants in the

Standard Automotive 401(k) Plan, and seek the Court's final approval of settlement preliminarily approved by the Court on May 23, 2007.

## I. Introduction

As set forth in the Motion for Preliminary Approval, this matter was mediated with the assistance of Magistrate Judge Judith Dein on March 22 and March 23, 2007. The parties have reached a settlement of these consolidated actions. The proposed settlement will result in payment by the Defendants of $675,000 (in addition to the $37,313.17 previously restored to the Plan) in full settlement of the claims against them by the Plan, Plan participants, and the Secretary of Labor. The settlement will be evidenced by two documents: (i) a Stipulation of Settlement and Compromise settling Participant and Plan claims; and (ii) a Consent Judgment settling the Secretary of Labor's claims.

Pursuant to the Court's May 23 order, mailed notice has been sent to all participants in the plan (based on the plan records) notifying the participants of the proposed settlement, of the Independent Fiduciary's plan for distribution, and of the July 11, 2007 fairness hearing.

## II   Argument

ERISA Section 502(a) appears to allow the representative plan participants to bring suit and settle fiduciary claims on a plan-wide basis. However, the recent Second Circuit case of Coan v. Kaufmann, 457 F.3d 250 (2d Cir. 2006) suggests that the Court should engage in a procedure akin to Fed. R. Civ. P. 23 to ensure procedural fairness to ERISA plan participants who have not actively participated in the litigation, but will be bound by the settlement.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court "may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a

hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C).   As recently noted by Judge Hornby,

> there is no single test in the First Circuit for determining the fairness, reasonableness, and adequacy of a proposed class action settlement. In making this assessment, other circuits generally consider the negotiating process by which the settlement was reached and the substantive fairness of the terms of the settlement compared to the result likely to be reached at trial. Specifically, the appellate courts consider some or all of the following factors: (1) comparison of the proposed settlement with the likely result of litigation; (2) reaction of the class to the settlement; (3) stage of the litigation and the amount of discovery completed; (4) quality of counsel; (5) conduct of the negotiations; and (6) prospects of the case, including risk, complexity, expense and duration.

In re Compact Disc Minimum Advertised Price Antitrust Litig., 216 F.R.D. 197, 206 (D. Me. 2003) (citing, among other cases the seminal case of City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974)).

The proposed settlement in this litigation -- reached after mediation sessions with two Magistrate Judges of this Court and with the active participation of the Department of Labor – compares favorably to the likely result should this case proceed to judgment.   The result is achieved with all defendants participating in providing funds to settle the action.  Should the matter proceed, one defendant, Citistreet, intends to aggressively pursue its claim that it was not an ERISA fiduciary with respect to the Standard Automotive Plan.   If successful in this argument, Citistreet (which has made a substantial contribution to the settlement) would not have been available as a source of funds regardless of the verdict.   As the other remaining defendants were individuals without clear insurance coverage for the claims in this action, there would have been a significant issue of collectibility of any judgment.  Also, the costs of continued litigation (increased expenses and attorneys' fees) make settlement at this juncture advisable.   Although the parties had not completed discovery, settlement was reached on a substantial factual basis

...

and after a intensive factual investigation by the Department of Labor.

## Conclusion

For the foregoing reasons, the representative plaintiffs respectfully request that the Court approve the settlement agreement as fair and execute the Stipulation of Settlement and Compromise previously submitted as an order of this Court.

                          Plaintiffs,

                          By their attorneys,

                          /s/ Thomas P. Smith
                          Thomas P. Smith (BBO #555513)
                          CAFFREY & SMITH, P.C.
                          300 Essex Street
                          Lawrence, MA 01840
                          Telephone: (978) 686-6151
                          Telecopy: (978) 686-3399

Date:   June 28, 2007

CERTIFICATE OF SERVICE

    I, Thomas P. Smith, served a copy of the foregoing document on those parties whose counsel have registered with the Court′s ECF service by employing such service for filing this document.


Date: June 28, 2007                 /s/ Thomas P. Smith
                                                     Thomas P. Smith