

June 21, 2007

Honorable Judge Nancy Gertner
United States District Court
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA  02210

    RE:    Chao v. Standard Automotive 401(k) Plan
            Civil Action File No. 05-cv-10355 NG

Dear Judge Gertner:

I am pleased to report that after reviewing the available plan and trust records for the Standard Automotive 401(k) Plan, I am now in a position to begin distributing the plan assets to participants. Pursuant to Item 3 of Your Honor's order dated November 25, 2006, I hereby submit my distribution plan for the Court's review and approval.

The custodian of the plan assets and record keeper is Citistreet, LLC, which is named as a Third Party Defendant in the above referenced civil action. The assigned account number is 42557K. The plan assets will not be assessed a surrender fee upon liquidation and termination of the plan. Citistreet will assess $25 per participant account as a fee for processing distribution of participant's account balance.

There are sufficient trust assets (valued at $2,708,946 on December 31, 2006) to terminate the plan and distribute the assets to the 249 plan participants and/or beneficiaries of the plan. (see footnote one). My fee and expenses (see footnote two) will be withdrawn from trust assets. Certain monies already deducted from participant account balances were held in escrow by the law firm White and Williams, LLP, for future expenses. The escrowed amount was $37,313.17. I am in receipt of these escrowed funds which have been deposited in an interest bearing account at Mercantile Potomac Bank. I request these funds be utilized as payment in full for my fees and expenses, which will avoid further reduction of participant account balances.

Citistreet has submitted invoice 060442557K, dated May 1, 2006 for annual recordkeeping and compliance fees for period October 2005 – September 2006 in the amount of $5,380. I believe Citistreet is maintaining an account within the plan titled "Standard Automotive Takeover" which has a current balance of $7,433.16. It is my intention to negotiate with Citistreet to use this balance as payment in full for its annual recordkeeping and compliance fees for the period mentioned above as well as through September 2007, when it is anticipated all plan assets will be withdrawn from Citistreet.

I hereby propose to disburse participant's account balance maintained by Citistreet within 30 days of Court's approval of this distribution plan. Each participant will be given the opportunity to keep his plan assets qualified by rolling over the monies into an Individual Retirement Account or another qualified plan. If the participant

---

| JM Pension Advisory, Inc. | Voice: | 301/417-0099 |
| --- | --- | --- |
| 15807 Crabbs Branch Way | Fax: | 301/417-2929 |
| Suite B | E-mail: | info@jmpension.com |
| Derwood, Maryland 20855 | Website | www.jmpension.com |

Honorable Judge Gertner
June 21, 2007
Page 2

       Chao v. Standard Automotive 401(k) Plan
       Civil Action File No. 05-cv-10355 NG

prefers, he may take a lump sum distribution, minus federal withholding taxes. If participants cannot be found or do not respond to my letter within a reasonable amount of time, (approximately sixty days), an Individual Retirement Account will be established for their benefit.

Any funds collected as a result of the proposed settlement (fairness hearing is scheduled for July 11, 2007) will be held in an interest bearing account at Mercantile Potomac Bank. The funds will be allocated proportionally to each participant account. For example, assume Participant A's account balance is $12,550. This represents .46% of the total trust ($12,550 / $2,708,946). Assume the proposed settlement is approved and all required installments are received less attorney fees and expenses ($675,000-$100,000-$6,000 = $569,000). Participant A's account balance will be credited $2,617.40 ($569,000 x .46%). Disbursement of these funds is anticipated to be paid by February 2008.

On May 30, 2007, participants were informed of the proposed distribution plan including my fees. A copy of that correspondence is attached.

I am ready to provide the Court with any additional information that it may require.

Respectfully Submitted,

Jacqueline M. Carmichael

Footnotes:
1. The specific account balance for each participant that will be distributed is available to the Court upon demand.
2. My fee and expenses are as initially disclosed to the court via Thomas Smith's "Memorandum in Support of Plaintiffs' Motion for Appointment of Independent Trustee", item 7; namely $38,100.

Distribution to:

John Campbell
US Department of Labor
Office of the Solicitor
201 Varick Street
New York NY   10014

Jennifer Weekley
US Department of Labor
Office of the Solicitor
201 Varick Street
New York NY   10014

Arthur D. Goldman
Attorney for Defendant Scialabba
Post Office Box 115
Paoli, PA   19301

Michael Kassak
Attorney for Defendant Batt
457 Haddonfield Road, Suite 400
Cherry Hill NJ   08002

Peter Vaira, Attorney for Defendant Elliot II
1600 Market Street, Suite 2650
Philadelphia PA   19103

Henry Dinger, Attorney for Citistreet
Goodwin, Procter LLP
Exchange Place
53 State Street
Boston MA   02109

Thomas Caffrey
Caffrey & Smith
300 Essex Street
Lawrence MA   01842

Ronald M. Jacobs, Esq.
Conn, Kavanaugh
Ten Post Office Square
4th Floor
Boston, Massachusetts 02109

Joseph Buttafuoco, Esq.
Buttafuoco, Arce & Price
2509 Park Avenue
South Plainfield, New Jersey 07080



May 30, 2007

Dear Standard Automotive 401(k) Plan Participant:

I have been appointed by Judge Nancy Gertner (United States District Court, District of Massachusetts) to serve as Independent Fiduciary for the Standard Automotive 401(k) Plan. This means I have been given the authority to terminate your plan and proceed with the distribution of your Account Balance maintained by Citistreet.

In accordance with my appointment, I must submit a distribution plan to the court for approval prior to disbursing any funds. I expect to submit said distribution plan to the court within the next five business days. My proposed plan is to disburse your Account Balance maintained by Citistreet based on your written instruction. You will have the opportunity to choose a lump sum payment (minus federal income tax), roll the amount to an Individual Retirement Account, or roll the amount to your new employer's plan (assuming your new employer's plan accepts rollovers). Any funds collected as a result of the proposed settlement (a fairness hearing is scheduled for July 11, 2007) will be held in an interest bearing account at Mercantile Potomac Bank and disbursed pursuant to your written instruction upon receipt of those funds, anticipated to be paid by February 2008.

Within thirty (30) days of court approval of said distribution plan, you will receive another letter from me along with distribution forms to affect your disbursement of your Account Balance maintained by Citistreet. As previously mentioned, a second disbursement will occur when monies pursuant to the settlement agreement have been collected.

My estimated fees for serving as Independent Fiduciary and executing the duties assigned to me are $40,000. Certain monies already deducted from your Account Balance maintained by Citistreet were held in escrow by the law firm White and Williams, LLP, for future expenses. The escrowed amount was $37,313.17. I am in receipt of these escrowed funds which have been deposited in an interest bearing account at Mercantile Potomac Bank. My proposed distribution plan will include a provision whereby I ask the court's permission to use these funds as payment in full for my fees, so that your current Account Balance will not be affected. Additionally, all fees of the Independent Fiduciary will be approved by the Court prior to payment.

Since my appointment in November 2006, I have worked with Internal Revenue Service and Department of Labor to waive certain expensive regulatory requirements so that those expenses will not be paid by the Plan. I expect to attend the fairness hearing scheduled for July 11th. In the meantime, if you have any questions, please do not hesitate to contact me at the address/phone number below, or email me – Jackie@jmpension.com.

Sincerely,

Jacqueline M. Carmichael

JM Pension Advisory, Inc.  
15807 Crabbs Branch Way  
Suite B  
Derwood, Maryland 20855  

Voice: 301/417-0099  
Fax: 301/417-2929  
E-mail: info@jmpension.com  
Website: www.jmpension.com