UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY DESMOND, THOMAS ZIOBROWSKI, ) <br> PAUL WATTS on their own behalf and on ) <br> behalf of other participants in the defendant ERISA ) <br> Plans ) <br>      **Plaintiffs,** ) <br> ) <br>      v. ) <br> ) <br> MORTON C. BATT, ANTHONY L. SCIALABBA,) <br> CITISTREET, LLC, ) <br> SCIALABBA & MORRISON, P.C., ) <br> ANTHONY L. SCIALABBA & ASSOCIATES, ) <br> P.C. ) <br>   THE STANDARD AUTOMOTIVE 401(K) PLAN,) <br> THE STANDARD AUTOMOTIVE EMPLOYER ) <br> CONTRIBUTION PLAN, ) <br>      **Defendants.** ) <br> _____) <br> ELAINE L. CHAO, Secretary of Labor, ) <br> United States Department of Labor, ) <br>      **Plaintiff,** ) <br> ) <br>      v. ) <br> ) <br> MORTON BATT, JOHN E. ELLIOTT II, ) <br> ANTHONY L. SCIALABBA, and the ) <br> THE STANDARD AUTOMOTIVE 401(K) PLAN ) <br>      **Defendants/Third Party Plaintiffs** ) <br> ) <br>      v. ) <br> ) <br> CITISTREET, LLC, ) <br>      **Third Party Defendant** ) <br> _____) | Civil Action No. 05-cv-10355 NG |

## STIPLUATION OF SETTLEMENT AND COMPROMISE

WHEREAS, in February 2005 Plaintiffs Mary Desmond Thomas Ziobrowski and Paul

Watts (the "Representative Plaintiffs") filed an action in the District of Massachusetts, docket

- 1 -

no. 05-cv- 10355, (the "Massachusetts Action") alleging violations of ERISA duties by

Defendants Morton C. Batt, Anthony L. Scialabba, Anthony L. Scialabba and Associates P.C.,

Scialabba & Morrison, P.C., White & Williams, LLP and CitiStreet, LLC (with John E. Elliott,

III, "Defendants") in connection with the Standard Automotive 401(k) Plan (the "Plan");

WHEREAS, in August 2005, the Secretary of Labor filed an action in the District of New

Jersey, docket no 05-cv-03732, (the "New Jersey Action") alleging violations of ERISA by

Defendants Batt, Scialabba and Elliott and third party claims were lodged in the New Jersey

Action against CitiStreet, LLC;

WHEREAS, the Judicial Panel on Multidistrict Litigation consolidated the Massachusetts

Action and the New Jersey Action in Massachusetts effective October 2006;

WHEREAS, the Defendants deny all claims, and the Court has not ruled on the merits of

any claim or defense;

WHEREAS, the Court has appointed an independent fiduciary for the Plan, Jacqueline M

Carmichael (the "Independent Fiduciary"), to collect and distribute Plan assets and terminate the

Plan;

WHEREAS, the Representative Plaintiffs, the Secretary of Labor and the Defendants

have engaged in extensive settlement negotiations with the assistance of counsel and of

Magistrate Judge Dein and reached a proposed settlement based on the payment by Defendants

of $675,000 (in addition to the $37,313.17 previously recovered in the litigation from White &

Williams LLP);

WHERAS, said settlement amount has been divided between payments made pursuant to

a Consent Judgment between certain Defendants and the Secretary of Labor (the "DOL Consent

- 2 -

Judgment") and certain payments made pursuant to this Stipulation;

WHEREAS, settlement obligations are not joint and several, but divided between each Defendant on the following basis: Mr. Scialabba and affiliated entities to pay $360,000 ($259,000 paid in order to settle the claims of the DOL which relate to the DOL Consent Judgment and $101,000 paid under this Stipulation); Mr. Batt to pay $55,000 (paid under the DOL Consent Judgment); Mr. Elliot to pay $60,000 (paid under the DOL Consent Judgment); and CitiStreet LLC to pay $200,000 (paid under this Stipulation);

WHEREAS, regardless of whether payments are made pursuant to the DOL Consent Judgment or this Stipulation, the Representative Plaintiffs, the Independent Fiduciary and Defendants mutually agree and recognize that the intent, object and consideration of this Stipulation is the complete settlement, compromise, resolution, release, waiver and termination of all claims, lawsuits, demands or causes of action that were asserted, or could have been asserted, by the Plan or Plan participants against Defendants based on any conduct in connection with the Plan and also all claims that the Defendants may have against the Plan or against each other;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1.     The Representative Plaintiffs shall file a Motion for Preliminary Approval of Settlement seeking a fairness hearing before the Court to approve the settlement. Pursuant to the Court's instruction, the Representative Plaintiffs and Independent Fiduciary will cooperate to provide reasonable notice to all Plan participants of the proposed settlement and the fairness hearing.

2.     Upon approval of the Court, the Representative Plaintiffs and the Independent

- 3 -

Fiduciary, on their own behalf and on behalf of all Plan participants, remise, release, and forever discharge the Defendants (and their respective employees, officers, directors, successors, affiliates, attorneys, assigns and insurers) of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY, from the beginning of the world to the date of Court approval. This release includes without limitation all claims which were, or could have been, brought in the Massachusetts Action. Notwithstanding the foregoing, (i) the Defendants are not released from the obligations contained in this Stipulation or the DOJ Consent Judgment and (ii) Defendant CitiStreet is not released from its ongoing obligations under the Recordkeeping Services Agreement between CitiStreet and the Plan sponsor.

3.    Upon approval of the Court, the Defendants each remise, release, and forever discharge the Plan, the Independent Fiduciary and the Representative Plaintiffs (and their respective employees, officers, directors, successors, affiliates, attorneys and assigns and insurers) of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY, from the beginning of the world to the date of Court approval. This release includes without limitation all counterclaims which were, or could have been brought, in the Massachusetts Action. Notwithstanding the foregoing, (i) the Independent Fiduciary, Plan and Representative Plaintiffs are not released from the obligations contained in this Stipulation and (ii) the Plan is not released from its ongoing obligations to Defendant CitiStreet under the Recordkeeping Services Agreement between CitiStreet and the

- 4 -

Plan sponsor.

4.      Upon approval of the Court, the Defendants each remise, release, and forever
discharge each other Defendant (and their respective employees, officers, directors, successors,
affiliates, attorneys and assigns and insurers) of and from all debts, demands, actions, causes of
action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims,
demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY,
from the beginning of the world to the date of Court approval. This release includes without
limitation all cross-claims or third-party claims which were, or could have been brought against
another Defendant in the Massachusetts Action or the New Jersey Action and specifically
includes any claims for contribution or indemnity for settlement amounts. Notwithstanding the
foregoing, the Defendants are not released from the obligations contained in this Stipulation.

5.      Within 30 days after approval by the Court, Defendant CitiStreet will deliver a
check in the amount of $200,000 to Representative Plaintiffs' counsel made payable to
"Jacqueline Carmichael, Independent Fiduciary, f/b/o Standard Automotive Corp. 401(k) Plan."
 On or before January 31, 2008, Defendant Scialabba will deliver a check in the amount of
$101,000 to Representative Plaintiffs' counsel made payable to "Jacqueline Carmichael,
Independent Fiduciary, f/b/o. Standard Automotive Corp. 401(k) Plan." If any Defendant fails to
make a payment under this provision, that Defendant will be responsible for compound interest
at the annual rate of 25% and the costs of collection, including reasonable attorneys fees.

6.      This Stipulation does not constitute an admission of any liability or wrongdoing
by any party, and shall not be used as evidence of liability or wrongdoing by any party.

7.      This Stipulation shall bind and inure to the benefit of the parties and their

- 5 -

respective successors, and assigns.

    8.    This Stipulation shall be governed by, and construed as a contract in accordance

with, the laws of the Commonwealth of Massachusetts.


MARY DESMOND, THOMAS ZIOBROWSKI,
PAUL WATTS, Individually and as Representative
Plaintiffs for Plan Participants,

By their attorney,

Thomas P. Smith (BBO #555513)
Caffrey & Smith, P.C.
300 Essex Street
Lawrence, MA 01840
Tel. 978-686-6151
Fax 978-683-3399


STANDARD AUTOMOTIVE 401(K) PLAN


By:    Jacqueline Carmichael, Independent Trustee


Anthony L. Scialabba, individually and for
    Anthony L. Scialabba and Associates, P.C.

- 6 -

_____

Morton C. Batt


_____

John E. Elliott, II

CITISTREET, LLC


_____

By: duly authorized signatory

WHITE AND WILLIAM, LLP


_____

By: duly authorized signatory


Entered as an Order after fairness Hearing on _____ʋly  11_____, 2007:


_____
Nancy Gertner, District Judge

- 7 -

This Stipulation shall bind and inure to the benefit of the parties and their respective successors, and assigns

6.     This Stipulation shall be governed by and construed as a contract in accordance with the laws of the Commonwealth of Massachusetts

MARY DESMOND, THOMAS ZIOBROWSKI,
PAUL WATTS, Individually and as Representative
Plaintiffs for Plan Participants.

By their attorney.

_____ P Smith (BBO #555513)
Caffrey & Smith, P.C
300 Essex Street
Lawrence, MA 01840
Tel 975-686-6151
Fax 978-681-3399

STANDARD AUTOMOTIVE 401(K) PLAN

By     Jacqueline Carmichael, Independent Trustee

Anthony L. Scialabba, individually and for
Anthony L Scialabba and Associates, P C

6

Morton C. Batt

John E. Elliot, II

CITISTREET LLC

By: duly authorized signatory

WHITE AND WILLIAM, LLP

By: duly authorized signatory

Entered as an Order after fairness Hearing on _____, 200_

Nancy Gertner, District Judge

- 7 -