**U.S. Department of Labor**   Office of the Solicitor
201 Varick Street
New York, New York 10014



FILED
IN CLERKS OFFICE

2007 JUL 10  A 10: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

Reply to the Attention of:
SOL: JDW
212-337-2094

<u>By Facsimile and Overnight Mail 617-748-9096</u>

July 6, 2007

The Honorable Nancy Gertner
United States District Court for the
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

Re: <u>Department of Labor v. Elliot, et al.</u>, 06-CV-10812
    <u>Desmond, et al. v. Batt, et al.</u>, 05-CV-10355

Dear Judge Gertner:

Enclosed is a copy of the proposed consent judgment in the United States Department of Labor's case against defendants Scialabba, Batt and Elliot, case number 06-CV-10812, for the Court's information and reference in advance of the fairness hearing scheduled in the related <u>Desmond</u> litigation on July 11, 2007. All defendants have signed the proposed consent judgment and we anticipate submitting it to the Court for consideration and to be "so ordered" within the next approximately two weeks. The Department of Labor intends to send an attorney to attend the fairness hearing on July 11, 2007 before Your Honor.

As agreed by all parties during a court-ordered mediation before the Honorable Judith Dein, United States Magistrate Judge, resolution of both the Department of Labor's case and the <u>Desmond</u> litigation will entail payment of restitution in the total amount of $675,000 to or on behalf of the Standard Automotive Corporation 401(k) Plan and in satisfaction of a mandatory penalty pursuant to ERISA §502(l). Mr. Scialabba agreed to pay the sum of $360,000; Citistreet agreed to pay the sum of $200,000; Morton Batt agreed to pay the sum of $55,000 and John E. Elliot II agreed to pay the sum of $60,000. Those total sums will be paid as follows. In the Department of Labor litigation, Mr. Scialabba will pay a total of $225,000 in restitution to the Plan (which is reflected in the consent judgment) and an additional $34,000 in penalties pursuant to ERISA §502(l) (which is not reflected in the consent judgment). Also in the Department of Labor litigation, Mr. Batt will pay $55,000 and Mr. Elliot II $60,000 in

restitution to the Plan. In the <u>Desmond</u> litigation, Mr. Scialabba will pay $101,000 to or on behalf of the Plan and Citistreet will pay $200,000 to or on behalf of the Plan.

In addition, the proposed consent judgment permanently enjoins Mr. Batt and Mr. Scialabba from acting as fiduciaries to any ERISA-covered employee benefit plan, except that Mr. Scialabba may serve as a fiduciary to plans sponsored by businesses that he owns.

Thank you for your consideration.

Sincerely,


Patricia Rodenhausen
Regional Solicitor

By: *[signature]*
Jennifer Weekley


cc (by facsimile and regular mail):
Arthur D. Goldman, Esq.
Attorney for Defendant
   Anthony Scialabba, Esq.
P.O. Box 115
Paoli, Pennsylvania 19301
FAX 610-296-7730/610-296-7708

Michael O. Kassak, Esq.
Attorney for Defendant
Morton Batt
457 Haddonfield Rd., Suite 400
Cherry Hill, NJ 08002
FAX 856-317-1342

Peter F. Vaira, Esq.
Attorney for Defendant
       John E. Elliot II
1600 Market St., Suite 2650
Philadelphia, PA 19103
FAX 215-751-9420

Henry C. Dinger, Esq.
Attorney for Citistreet
Goodwin, Procter LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
FAX-617-523-1231

Ronald M. Jacobs, Esq.
Conn, Kavanaugh
Ten Post Office Square
4th Floor
Boston, Massachusetts 02109
FAX-617-482-6444

Thomas Caffrey, Esq.
Caffrey & Smith
P.O. Box 1317
300 Essex Street
Lawrence, Massachusetts 01842
FAX 978-683-3399

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,          :
United States Department of Labor,
                                             :
              Plaintiff,
                                             :
     v.
                                             :    Civil Action File
ANTHONY L. SCIALABBA, MORTON BATT,                No. 06-102812
JOHN E. ELLIOTT II, and STANDARD             :
AUTOMOTIVE CORPORATION 401(K) PLAN,
                                             :
              Defendants.
                                             :
     v.
                                             :
CITISTREET, LLC,
                                             :
              Third Party Defendant.
-----------------------------------------------------------

## CONSENT JUDGMENT

WHEREAS, Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("the Secretary"), has filed her Complaint in this action and Defendants Anthony Scialabba, Morton Batt, and John E. Elliot (sometimes collectively referred to hereafter as "defendants") have appeared by counsel and agree to entry of this Consent Judgment as a complete resolution of all issues; and

WHEREAS, defendant Standard Automotive 401(k) Plan ("the Plan") having agreed to entry of this Judgment, and

WHEREAS, this action was filed by the Secretary pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., alleging that defendant Anthony Scialabba violated ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C); §

406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); § 406(b)(1), 29 U.S.C. § 1106(b)(1); § 406(b)(2), 29 U.S.C. § 406(b)(2), defendant Morton Batt violated ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C); § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), and defendant John E. Elliot II violated ERISA sections § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D). The Plan was also named as a defendant under Fed. R. Civ. P. 19 to ensure that the Court could order complete relief among the parties; and

WHEREAS, the Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of Standard Automotive Corp., a defunct company; and

WHEREAS, defendant Scialabba was a trustee of the Plan and exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and

WHEREAS, defendant Scialabba was also a service provider of the Plan and was a party in interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A),(B) and (H), 29 U.S.C. §§ 1002(14)(A), (B) and (H); and

WHEREAS, defendant Morton Batt was a trustee of the Plan and exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21); and

WHEREAS, defendant John E. Elliot was a fiduciary of the Plan and exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets or respecting administration of the Plan and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21); and

WHEREAS, defendants Scialabba, Batt and Elliot admit that this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); that the venue of this action lies in this Court pursuant to the order of the Judicial Panel on Multidistrict Litigation, that this Court has personal jurisdiction over each of them for purposes relevant to this case including entry of this Consent Judgment; and that at all times relevant to this action, the Plan was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3); and

WHEREAS, defendants neither admit nor deny the allegations of the Complaint; and

WHEREAS, defendants agree to make restitution to the Plan in the amount of $340,000; and

WHEREAS, additional restitution to the Plan in the amount of $201,000 shall be made by defendants which amount was integral in reaching the amount of restitution to the Plan agreed to in the instant Consent Judgment; and

WHEREAS, additional restitution to the Plan in the amount of $37,313.17 was made after the commencement of this litigation; and

WHEREAS, an additional $100,000 will be paid by defendants in <u>Desmond, et al. v. Batt, et al.</u>, CV-05-10355 (D. Mass.) on behalf of the Plan; and

WHEREAS, Plaintiff Elaine L. Chao and Defendants Scialabba, Batt and Elliot have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of this Consent Judgment by the Court; and

Finding that the Court has (a) subject matter jurisdiction, (b) personal jurisdiction over the defendants, and (c) the authority to provide the relief hereinafter set forth, it is

**ORDERED, ADJUDGED AND DECREED** that:

1. Defendant Anthony Scialabba is permanently enjoined from acting as a fiduciary for any employee benefit plan subject to Title I of ERISA, except such plans as are sponsored by any entity in which Anthony Scialabba shall own a 50% or greater interest.

2. Defendant Morton Batt is permanently enjoined from acting as a fiduciary to any employee benefit plan subject to Title I of ERISA.

3. Within 30 days of the entry of this Consent Judgment by the Court,

(A) defendant Scialabba shall pay the Plan the sum of $146,000. On or before January 31, 2008, defendant Scialabba shall pay the Plan an additional sum of $79,000, for total payments to the Plan of $225,000;

(B) defendant Batt shall pay the Plan the first of two equal monthly installments of $27,500, for total restitution to the Plan of $55,000. Defendant Batt's second and final payment shall be made to the Plan no later than January 15, 2008; and

(C) defendant Elliott shall pay the Plan the total sum of $60,000 in restitution in nine consecutive monthly installment payments of $6,666.67 on the first day of each successive month.

4. All payments by defendants shall be by certified check subject to collection made payable to "Jacqueline Carmichael, Independent Fiduciary, f/b/o Standard Automotive Corp. 401(k) Plan" and delivered to her at JM Pension Advisory, Inc., 15807 Crabbs Branch Way, Suite B, Derwood, MD 20855, or any superceding address she may provide. A copy of each check shall be delivered to EBSA, attn: Matthew Sullivan, Senior Investigator, 33 Whitehall Street, Suite 1200, New York, New York 10004, (212) 607-8600.

5.   Nothing in this instrument is binding on any governmental agency other than the United States Department of Labor.

6.   Each party shall bear his own fees, expenses and costs in connection with any stage of this litigation. The defendants specifically waive any and all claims arising under the Equal Access to Justice Act ("EAJA"), Pub. L. No. 96-481 (1980), reenacted at Pub. L. No. 99-80 (1985), and amended at Pub. L. No. 104-121 (1996).

7.   The Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Judgment.

8.   Provided that each defendant complies with all applicable terms and conditions of this Consent Judgment, the consent Judgment shall be a complete resolution of all claims which were brought or could have been brought under the factual circumstances set forth under the Complaint. Notwithstanding the foregoing, it is agreed to and understood by all parties to this Consent Judgment that the injunctive relief set forth against Defendant Anthony Scialabba and Defendant Morton Batt within paragraphs one and two of this document is ongoing and permanent and shall not be affected by this paragraph eight.

9.      Neither the Secretary nor the Independent Fiduciary shall initiate any action or proceeding against the defendants or any one of them related to the allegations in the Complaint other than to enforce the terms of this Consent Judgment.

DATED:                    , 2007
         New York, New York

_____  6/18/07     JONATHAN L. SNARE
ANTHONY SCIALABBA       Date         Acting Solicitor of Labor


_____  _____    PATRICIA M. RODENHAUSEN
ARTHUR GOLDMAN, ESQ.    Date         Regional Solicitor
Attorney for Anthony Scialabba


_____  _____  BY: _____
MORTON BATT             Date          JENNIFER D. WEEKLEY
                                      Attorney

_____  _____    U.S. Department of Labor,
MICHAEL KASSAK, ESQ.    Date         Attorneys for Plaintiff.
Attorney for Morton Batt


_____  _____    POST OFFICE ADDRESS:
JOHN E. ELLIOT II       Date
                                     Patricia M. Rodenhausen
_____              Regional Solicitor
PETER VAIRA, ESQ.                    U.S. Department of Labor
Attorney for John E. Elliot II       201 Varick Street, Room 983
                                     New York, New York 10014
STANDARD AUTOMOTIVE 401(K) PLAN      Tel. (212) 337-2094


By:_____
    JACQUELINE CARMICHAEL
    as Independent Fiduciary of the
    Standard Automotive 401(k) Plan

DATED:                    , 2007    **SO ORDERED:**
         Boston, Massachusetts


                                    _____
                                    HON. NANCY GERTNER
                                    United States District Court Judge