UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

       v.

ANTHONY L. SCIALABBA, MORTON BATT,
JOHN E. ELLIOTT II, and STANDARD
AUTOMOTIVE CORPORATION 401(K) PLAN,

                Defendants.

       v.

CITISTREET, LLC,

                Third Party Defendant.
-----------------------------------------------------------

Civil Action File
No. 06-102812

05cv10355NG

**CONSENT JUDGMENT**

WHEREAS, Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("the Secretary"), has filed her Complaint in this action and Defendants Anthony Scialabba, Morton Batt, and John E. Elliot (sometimes collectively referred to hereafter as "defendants") have appeared by counsel and agree to entry of this Consent Judgment as a complete resolution of all issues; and

WHEREAS, defendant Standard Automotive 401(k) Plan ("the Plan") having agreed to entry of this Judgment, and

WHEREAS, this action was filed by the Secretary pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., alleging that defendant Anthony Scialabba violated ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C); §

406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); § 406(b)(1), 29 U.S.C. § 1106(b)(1); § 406(b)(2), 29 U.S.C. § 406(b)(2), defendant Morton Batt violated ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C); § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), and defendant John E. Elliot II violated ERISA sections § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D). The Plan was also named as a defendant under Fed. R. Civ. P. 19 to ensure that the Court could order complete relief among the parties; and

WHEREAS, the Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of Standard Automotive Corp., a defunct company; and

WHEREAS, defendant Scialabba was a trustee of the Plan and exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and

WHEREAS, defendant Scialabba was also a service provider of the Plan and was a party in interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A),(B) and (H), 29 U.S.C. §§ 1002(14)(A), (B) and (H); and

WHEREAS, defendant Morton Batt was a trustee of the Plan and exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21); and

2

WHEREAS, defendant John E. Elliot was a fiduciary of the Plan and exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets or respecting administration of the Plan and thus was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21); and

WHEREAS, defendants Scialabba, Batt and Elliot admit that this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); that the venue of this action lies in this Court pursuant to the order of the Judicial Panel on Multidistrict Litigation, that this Court has personal jurisdiction over each of them for purposes relevant to this case including entry of this Consent Judgment; and that at all times relevant to this action, the Plan was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3); and

WHEREAS, defendants neither admit nor deny the allegations of the Complaint; and

WHEREAS, defendants agree to make restitution to the Plan in the amount of $340,000; and

WHEREAS, additional restitution to the Plan in the amount of $201,000 shall be made by defendants which amount was integral in reaching the amount of restitution to the Plan agreed to in the instant Consent Judgment; and

WHEREAS, additional restitution to the Plan in the amount of $37,313.17 was made after the commencement of this litigation; and

WHEREAS, an additional $100,000 will be paid by defendants in Desmond, et al. v. Batt, et al., CV-05-10355 (D. Mass.) on behalf of the Plan; and

WHEREAS, Plaintiff Elaine L. Chao and Defendants Scialabba, Batt and Elliot have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of this Consent Judgment by the Court; and

Finding that the Court has (a) subject matter jurisdiction, (b) personal jurisdiction over the defendants, and (c) the authority to provide the relief hereinafter set forth, it is

**ORDERED, ADJUDGED AND DECREED** that:

1. Defendant Anthony Scialabba is permanently enjoined from acting as a fiduciary for any employee benefit plan subject to Title I of ERISA, except such plans as are sponsored by any entity in which Anthony Scialabba shall own a 50% or greater interest.

2. Defendant Morton Batt is permanently enjoined from acting as a fiduciary to any employee benefit plan subject to Title I of ERISA.

3. Within 30 days of the entry of this Consent Judgment by the Court,

(A) defendant Scialabba shall pay the Plan the sum of $146,000. On or before January 31, 2008, defendant Scialabba shall pay the Plan an additional sum of $79,000, for total payments to the Plan of $225,000;

(B) defendant Batt shall pay the Plan the first of two equal monthly installments of $27,500, for total restitution to the Plan of $55,000. Defendant Batt's second and final payment shall be made to the Plan no later than January 15, 2008; and

(C) defendant Elliott shall pay the Plan the total sum of $60,000 in restitution in nine consecutive monthly installment payments of $6,666.67 on the first day of each successive month.

4. All payments by defendants shall be by certified check subject to collection made payable to "Jacqueline Carmichael, Independent Fiduciary, f/b/o Standard Automotive Corp. 401(k) Plan" and delivered to her at JM Pension Advisory, Inc., 15807 Crabbs Branch Way, Suite B, Derwood, MD 20855, or any superceding address she may provide. A copy of each check shall be delivered to EBSA, attn: Matthew Sullivan, Senior Investigator, 33 Whitehall Street, Suite 1200, New York, New York 10004, (212) 607-8600.

5.  Nothing in this instrument is binding on any governmental agency other than the United States Department of Labor.

6.  Each party shall bear his own fees, expenses and costs in connection with any stage of this litigation. The defendants specifically waive any and all claims arising under the Equal Access to Justice Act ("EAJA"), Pub. L. No. 96-481 (1980), reenacted at Pub. L. No. 99-80 (1985), and amended at Pub. L. No. 104-121 (1996).

7.  The Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Judgment.

8.  Provided that each defendant complies with all applicable terms and conditions of this Consent Judgment, the consent Judgment shall be a complete resolution of all claims which were brought or could have been brought under the factual circumstances set forth under the Complaint. Notwithstanding the foregoing, it is agreed to and understood by all parties to this Consent Judgment that the injunctive relief set forth against Defendant Anthony Scialabba and Defendant Morton Batt within paragraphs one and two of this document is ongoing and permanent and shall not be affected by this paragraph eight.

9. Neither the Secretary nor the Independent Fiduciary shall initiate any action or proceeding against the defendants or any one of them related to the allegations in the Complaint other than to enforce the terms of this Consent Judgment.

DATED:           , 2007
       New York, New York

_____ 6/18/07
ANTHONY SCIALABBA    Date

JONATHAN L. SNARE
Acting Solicitor of Labor

_____
ARTHUR GOLDMAN, ESQ.    Date
Attorney for Anthony Scialabba

PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
MORTON BATT    Date

BY: _____
JENNIFER D. WEEKLEY
Attorney

_____
MICHAEL KASSAK, ESQ.    Date
Attorney for Morton Batt

U.S. Department of Labor,
Attorneys for Plaintiff.

_____
JOHN E. ELLIOT II    Date

POST OFFICE ADDRESS:

_____
PETER VAIRA, ESQ.
Attorney for John E. Elliot II

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (212) 337-2094

STANDARD AUTOMOTIVE 401(K) PLAN

By: _____
   JACQUELINE CARMICHAEL
   as Independent Fiduciary of the
   Standard Automotive 401(k) Plan

DATED: Aug 22, 2007
       Boston, Massachusetts

SO ORDERED:

_____
HON. NANCY GERTNER
United States District Court Judge

7

9. Neither the Secretary nor the Independent Fiduciary shall initiate any action or proceeding against the defendants or any one of them related to the allegations in the Complaint other than to enforce the terms of this Consent Judgment.

DATED: _____, 2007
New York, New York

| | |
|---|---|
| _____  Date<br>ANTHONY SCIALABBA | JONATHAN L. SNARE<br>Acting Solicitor of Labor |
| _____  Date<br>ARTHUR GOLDMAN, ESQ.<br>Attorney for Anthony Scialabba | PATRICIA M. RODENHAUSEN<br>Regional Solicitor |
| _____  Date<br>MORTON BATT | BY: _____<br>JENNIFER D. WEEKLEY<br>Attorney |
| _____  Date<br>MICHAEL KASSAK, ESQ.<br>Attorney for Morton Batt | U.S. Department of Labor,<br>Attorneys for Plaintiff. |
| _____  Date<br>JOHN E. ELLIOT II | POST OFFICE ADDRESS: |
| _____<br>PETER VAIRA, ESQ.<br>Attorney for John E. Elliot II | Patricia M. Rodenhausen<br>Regional Solicitor<br>U.S. Department of Labor<br>201 Varick Street, Room 983<br>New York, New York 10014<br>Tel. (212) 337-2094 |

STANDARD AUTOMOTIVE 401(K) PLAN

By: _____
JACQUELINE CARMICHAEL
as Independent Fiduciary of the
Standard Automotive 401(k) Plan

DATED: _____, 2007
Boston, Massachusetts

SO ORDERED:

_____
HON. NANCY GERTNER
United States District Court Judge

7

9. Neither the Secretary nor the Independent Fiduciary shall initiate any action or proceeding against the defendants or any one of them related to the allegations in the Complaint other than to enforce the terms of this Consent Judgment.

DATED:                , 2007
           New York, New York

| | |
|---|---|
| _____<br>ANTHONY SCIALABBA       Date | JONATHAN L. SNARE<br>Acting Solicitor of Labor |
| _____<br>ARTHUR GOLDMAN, ESQ.    Date<br>Attorney for Anthony Scialabba | PATRICIA M. RODENHAUSEN<br>Regional Solicitor |
| _____<br>MORTON BATT      6/9/07 Date | BY: |
| _____ 6/18/07<br>MICHAEL KASSAK, ESQ.    Date<br>Attorney for Morton Batt | _____<br>JENNIFER D. WEEKLEY<br>Attorney<br><br>U.S. Department of Labor,<br>Attorneys for Plaintiff. |
| _____<br>JOHN E. ELLIOT II       Date | POST OFFICE ADDRESS: |
| _____<br>PETER VAIRA, ESQ.<br>Attorney for John E. Elliot II | Patricia M. Rodenhausen<br>Regional Solicitor<br>U.S. Department of Labor<br>201 Varick Street, Room 983<br>New York, New York 10014<br>Tel. (212) 337-2094 |
| STANDARD AUTOMOTIVE 401(K) PLAN | |
| By:_____<br>    JACQUELINE CARMICHAEL<br>    as Independent Fiduciary of the<br>    Standard Automotive 401(k) Plan | |
| DATED:              , 2007<br>       Boston, Massachusetts | **SO ORDERED:**<br><br>_____<br>HON. NANCY GERTNER<br>United States District Court Judge |

7

9. Neither the Secretary nor the Independent Fiduciary shall initiate any action or proceeding against the defendants or any one of them related to the allegations in the Complaint other than to enforce the terms of this Consent Judgment.

DATED: _____, 2007
New York, New York

_____
ANTHONY SCIALABBA    Date

_____
ARTHUR GOLDMAN, ESQ.    Date
Attorney for Anthony Scialabba

_____
MORTON BATT    Date

_____
MICHAEL KASSAK, ESQ.    Date
Attorney for Morton Batt

_____
JOHN E. ELLIOT II    Date

_____
PETER VAIRA, ESQ.
Attorney for John E. Elliot II

STANDARD AUTOMOTIVE 401(K) PLAN

By: _____
JACQUELINE CARMICHAEL
as Independent Fiduciary of the
Standard Automotive 401(k) Plan

DATED: _____, 2007
Boston, Massachusetts

JONATHAN L. SNARE
Acting Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

BY: _____
JENNIFER D. WEEKLEY
Attorney

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (212) 337-2094

SO ORDERED:

_____
HON. NANCY GERTNER
United States District Court Judge