

March 24, 2008

Honorable Judge Nancy Gertner
United States District Court
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA   02210

      RE:    Chao v. Standard Automotive 401(k) Plan
               Civil Action File No. 05-cv-10355 NG

Dear Judge Gertner:

Pursuant to Item 7 of the Order, I respectfully report the following as significant actions taken on behalf of the Plan since the Court approved the Settlement Agreement and my Distribution Plan (Attachment "A"):

1. I notified Participants and/or Beneficiaries of the Court's approval of the Distribution Plan on August 1, 2007. This letter included forms and instructions to obtain a distribution of the account balance domiciled at Citistreet. (Attachment "B")

2. As of this date, approximately 100 of the 196 Participants and/or Beneficiaries requested and received a distribution of their account balance at Citistreet, totaling $ 2,015,362.

3. I have received $518,023 in satisfaction of the Settlement Agreement. Three installment payments remain, totaling $20,000. (Attachment "C"). The funds are on deposit with PNC Bank (PNC Bank purchased Mercantile Potomac Bank in the fall of 2007).

4. On July 31, 2007, I received $3,750 from Mr. Batt, which represents unused portions of administrative costs related to the preparation of Form 5500. He stated he is not holding any additional funds belonging to the Plan. This money will be allocated to Participants and/or Beneficiaries in the same manner as the funds collected pursuant to the Settlement Agreement.

5. I have withdrawn $ 13,324.92 of the earmarked funds as outlined in the Distribution Plan for Independent Fiduciary services and fees on September 14, 2007. An additional $10,111.25 for services and fees will be withdrawn on or before April 1, 2008. One final withdrawal will occur at the time of the third distribution to Participants and/or Beneficiaries. Any remaining monies otherwise earmarked for Independent Fiduciary services and fees unused will be allocated to Participants and/or Beneficiaries in the same manner as the funds collected pursuant to the Settlement Agreement.

---

| | | |
|---|---|---|
| JM Pension Advisory, Inc. | Voice: | 301/417-0099 |
| 15807 Crabbs Branch Way | Fax: | 301/417-2929 |
| Suite B | E-mail: | info@jmpension.com |
| Derwood, Maryland 20855 | Website | www.jmpension.com |

Honorable Judge Nancy Gertner
Chao v. Standard Automotive 401(k) Plan
March 24, 2008
Page 2

6.  Pursuant to the Distribution Plan, a distribution to Participants and/or Beneficiaries representing their proportional share of collected Settlement Agreement funds is now in process. Participants and/or Beneficiaries were notified of their ability to obtain a distribution of these monies, which included forms and instructions. (Attachment "D").

Please contact me if you have any questions or require additional information.

Respectfully Submitted,

*(signature)*

Jacqueline M. Carmichael

Attachments

Distribution to:

John Campbell
US Department of Labor
Office of the Solicitor
201 Varick Street
New York NY   10014

Jennifer Weekley
US Department of Labor
Office of the Solicitor
201 Varick Street
New York NY   10014

Arthur D. Goldman
Attorney for Defendant Scialabba
Post Office Box 115
Paoli, PA   19301

Michael Kassak
Attorney for Defendant Batt
457 Haddonfield Road, Suite 400
Cherry Hill NJ   08002

Peter Vaira, Attorney for Defendant Elliot II
1600 Market Street, Suite 2650
Philadelphia PA   19103

Henry Dinger, Attorney for Citistreet
Goodwin, Procter LLP
Exchange Place
53 State Street
Boston MA   02109

Thomas Caffrey
Caffrey & Smith
300 Essex Street
Lawrence MA   01842

Ronald M. Jacobs, Esq.
Conn, Kavanaugh
Ten Post Office Square
4th Floor
Boston, Massachusetts 02109

Joseph Buttafuoco, Esq.
Buttafuoco, Arce & Price
2509 Park Avenue
South Plainfield, New Jersey 07080

ATTACHMENT "A"



June 21, 2007

Honorable Judge Nancy Gertner
United States District Court
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA  02210

    RE:    Chao v. Standard Automotive 401(k) Plan
               Civil Action File No. 05-cv-10355 NG

Dear Judge Gertner:

I am pleased to report that after reviewing the available plan and trust records for the Standard Automotive 401(k) Plan, I am now in a position to begin distributing the plan assets to participants. Pursuant to Item 3 of Your Honor's order dated November 25, 2006, I hereby submit my distribution plan for the Court's review and approval.

The custodian of the plan assets and record keeper is Citistreet, LLC, which is named as a Third Party Defendant in the above referenced civil action. The assigned account number is 42557K. The plan assets will not be assessed a surrender fee upon liquidation and termination of the plan. Citistreet will assess $25 per participant account as a fee for processing distribution of participant's account balance.

There are sufficient trust assets (valued at $2,708,946 on December 31, 2006) to terminate the plan and distribute the assets to the 249 plan participants and/or beneficiaries of the plan. (see footnote one). My fee and expenses (see footnote two) will be withdrawn from trust assets. Certain monies already deducted from participant account balances were held in escrow by the law firm White and Williams, LLP, for future expenses. The escrowed amount was $37,313.17. I am in receipt of these escrowed funds which have been deposited in an interest bearing account at Mercantile Potomac Bank. I request these funds be utilized as payment in full for my fees and expenses, which will avoid further reduction of participant account balances.

Citistreet has submitted invoice 060442557K, dated May 1, 2006 for annual recordkeeping and compliance fees for period October 2005 – September 2006 in the amount of $5,380. I believe Citistreet is maintaining an account within the plan titled "Standard Automotive Takeover" which has a current balance of $7,433.16. It is my intention to negotiate with Citistreet to use this balance as payment in full for its annual recordkeeping and compliance fees for the period mentioned above as well as through September 2007, when it is anticipated all plan assets will be withdrawn from Citistreet.

I hereby propose to disburse participant's account balance maintained by Citistreet within 30 days of Court's approval of this distribution plan. Each participant will be given the opportunity to keep his plan assets qualified by rolling over the monies into an Individual Retirement Account or another qualified plan. If the participant

---

JM Pension Advisory, Inc.
15807 Crabbs Branch Way
Suite B
Derwood, Maryland 20855

Voice:    301/417-0099
Fax:      301/417-2929
E-mail:  info@jmpension.com
Website  www.jmpension.com

Honorable Judge Gertner
June 21, 2007
Page 2

        Chao v. Standard Automotive 401(k) Plan
        Civil Action File No. 05-cv-10355 NG

prefers, he may take a lump sum distribution, minus federal withholding taxes. If participants cannot be found or do not respond to my letter within a reasonable amount of time, (approximately sixty days), an Individual Retirement Account will be established for their benefit.

Any funds collected as a result of the proposed settlement (fairness hearing is scheduled for July 11, 2007) will be held in an interest bearing account at Mercantile Potomac Bank. The funds will be allocated proportionally to each participant account. For example, assume Participant A's account balance is $12,550. This represents .46% of the total trust ($12,550 / $2,708,946). Assume the proposed settlement is approved and all required installments are received less attorney fees and expenses ($675,000-$100,000-$6,000 = $569,000). Participant A's account balance will be credited $2,617.40 ($569,000 x .46%). Disbursement of these funds is anticipated to be paid by February 2008.

On May 30, 2007, participants were informed of the proposed distribution plan including my fees. A copy of that correspondence is attached.

I am ready to provide the Court with any additional information that it may require.

Respectfully Submitted,

Jacqueline M. Carmichael

Footnotes:
1. The specific account balance for each participant that will be distributed is available to the Court upon demand.
2. My fee and expenses are as initially disclosed to the court via Thomas Smith's "Memorandum in Support of Plaintiffs' Motion for Appointment of Independent Trustee", item 7; namely $38,100.

ATTACHMENT "B"



August 1, 2007

Participant Name

    Re:    Standard Automotive Corporation 401(k) Plan

Dear:

As you are aware, I am the Court-appointed Independent Fiduciary for the Standard Automotive Corporation 401(k) Plan with CitiStreet. According to the records provided to me by CitiStreet, (the Custodian and Record keeper for the plan) you are a participant in this plan with an account balance. Pursuant to ERISA Section 204, you are hereby notified of the intention to terminate the Plan effective immediately.

After reviewing all the available plan records and taking steps to preserve the tax-qualified status of the plan, I am now ready to distribute the plan assets to the participants. Prior to distributing the plan assets, the Court required me to submit a distribution plan for its approval. As I previously mentioned in my letter of May 30, 2007, my plan included a provision to distribute available funds now. Then, at a later date (anticipated no later than February 2008), a second distribution would occur for any funds collected as a result of the settlement agreement. I am pleased to announce that Judge Nancy Gertner (United States District Court, District of Massachusetts) has approved my proposed distribution plan. Therefore, I can proceed with the distribution of your current account balance at CitiStreet.

Enclosed you will find several items to read and/or complete to receive a distribution from the Plan. Instructions for completing the form are also enclosed. Please read these items carefully and seek tax advice if you do not understand the impact of receiving a distribution from your plan. Please be advised that taking a distribution of your account balance now will **NOT** affect your ability to receive your proportional share of any monies that may be collected as a result of the settlement agreement at a later date.

For your convenience, a copy of your most recent statement from Citistreet is enclosed. The amount you ultimately receive will depend on the value of the stock & bond funds you may be invested in at the time your account is liquidated. CitiStreet is responsible for processing your distribution request, withholding taxes (if applicable) and reporting the transaction to the Internal Revenue Service. Be advised, CitiStreet reserves the right to assess a $50 distribution-processing fee.

Please feel free to contact my assistant, Kristeen Biss, or me if you have any questions about the enclosed material.

Sincerely,


Jacqueline M. Carmichael
Independent Fiduciary for the
Standard Automotive Corporation 401(k) Plan

---

| JM Pension Advisory, Inc. | Voice: | 301/417-0099 |
|---|---|---|
| 15807 Crabbs Branch Way | Fax: | 301/417-2929 |
| Suite B | E-mail: | info@jmpension.com |

ATTACHMENT "C"

**STANDARD AUTOMOTIVE**
Settlement Agreement
Approved July 11 2007
Persuant to DOL & Stipulation

Summary:

| | | |
|---|---|---|
| Citistreet | $200,000 | |
| Scialabba | $360,000 | |
| Batt | $55,000 | |
| Elliott | $60,000 | |
| TOTAL | $675,000 | |
| Attny Fees | ($100,000) | |
| Attny Exp | ($2,979) | |
| DOL 502 | ($34,000) | |
| NET DUE | $538,021 | |

Adjusted:

| | |
|---|---|
| Citistreet | $97,021 | ← $200,000 less attorney fees and expenses |
| Scialabba | $326,000 | ← $360,000 less $34,000 due DOL 502 penalty |
| Batt | $55,000 |
| Elliott | $60,000 |
| TOTAL | $538,021 |

Installments:

| Receive By | Amount | From | Received | Amount | Check # |
|---|---|---|---|---|---|
| 08/11/07 | $97,021 | Smith for Citistreet | 08/10/07 | $97,021 | 21122 |
| 08/11/07 | $146,000 | Scialabba | 09/28/07 | $146,000 | 205242 |
| 08/11/07 | $27,500 | Batt | 08/04/07 | $27,500 | 2355627896 |
| 09/01/07 | $6,667 | Elliott | 10/03/07 | $6,667 | 2399 |
| 10/01/07 | $6,667 | Elliott | 10/29/07 | $6,667 | 2435 |
| 11/01/07 | $6,667 | Elliott | 11/26/07 | $6,667 | 2461 |
| 12/01/07 | $6,667 | Elliott | 12/07/07 | $6,667 | 1178 |
| 01/01/08 | $6,667 | Elliott | 01/30/08 | $6,667 | 1230 |
| 01/31/08 | $180,000 | Scialabba | 01/31/08 | $180,000 | 217827, 31 |
| 01/31/08 | $27,500 | Batt | 01/01/00 | $27,500 | 397308745 |
| 02/01/08 | $6,667 | Elliott | 02/26/08 | $6,667 | 1274 |
| 03/01/08 | $6,666 | Elliott | | | |
| 04/01/08 | $6,666 | Elliott | | | |
| 05/01/08 | $6,666 | Elliott | | | |
| TOTAL | $538,021 | | | $518,023 | |

ATTACHMENT "D"



March 24, 2008

RE: Standard Automotive Corporation 401(k) Plan

Dear :

As you are aware, I am the Court-appointed Independent Fiduciary for the Standard Automotive Corporation 401(k) Plan with Citistreet. Pursuant to my letter to you dated August 3, 2007, I have collected funds on the plan's behalf as a result of the settlement agreement approved by the Court last year. I am prepared to make a distribution of these funds to you now.

A small amount of monies are owed to the plan. Final payment of these funds is anticipated by May 31, 2008. Therefore, a third and final distribution will be made to you mid summer.

Enclosed you will find several items to read and/or complete to receive a distribution from the Plan. Instructions for completing the form are also enclosed. Please read these items carefully and seek tax advice if you do not understand the impact of receiving a distribution from your Plan. Please be advised that taking a distribution of your account balance now will NOT affect your ability to receive your proportional share of any monies that may be collected as a result of the settlement agreement at a later date.

Please feel free to contact my assistant, Kristeen Biss, or me if you have any questions about the enclosed material.

Sincerely,


Jacqueline M. Carmichael
Independent Fiduciary for the
Standard Automotive Corporation 401(k) Plan

---

JM Pension Advisory, Inc.          Voice:   301/417-0099
15807 Crabbs Branch Way             Fax:     301/417-2929
Suite B                             E-mail:  info@jmpension.com
Derwood, Maryland 20855

**DISTRIBUTION REQUEST FORM**
**STANDARD AUTOMOTIVE CORPORATION 401(k) PLAN**

**Participant Information**

  Name          &lt;Merge Participant Name&gt;
  Social Security Number _____
  Date of Birth _____
  Marital Status _____
  Mailing Address _____
  Daytime Telephone Number _____
  Email Address (optional) _____

**Distribution Amount**        &lt;$Merge Distributable Amount&gt;

**Form of Distribution**
  [ ] Lump Sum Distribution (20% federal taxes automatically withheld)
  [ ] Direct Rollover to IRA (please complete below)
  [ ] Direct Rollover to Qualified Plan (please complete below)

  Name and Mailing Address of Qualified Plan/IRA Financial Institution
  _____
  _____
  _____

  Account # _____

**Participant/Payee Certification & Signature**
I have read and understand the information on this form and the attached "Notice Regarding Your Distribution", and certify that the information provided is correct. I understand that in the event that any section of this form is incomplete, my distribution will be delayed until all information is received. I also understand that once this request is processed, this transaction is irrevocable. If divorced, I hereby certify that there are no Plan benefits payable to a former spouse under a qualified domestic relations order.

  Signature: _____   Date: _____

**Spousal Consent: (Required if your Vested Account Balance is > $5,000)**
I hereby certify that I am the spouse of the above named Participant and that I consent to the distribution/withdrawal as indicated above. I also understand that by consenting to this distribution/withdrawal, I waive all rights to arranged payments I would have been entitled to upon the Participant's death, with respect to the distribution/withdrawal as described above. I further understand that this election is irrevocable.

  Spouse's Signature: _____   Date: _____
  Note: Spouse must sign this form in the presence of a Notary Public.

  Notary Public Certification: State of _____, County of _____.
  The spouse whose signature appears above is either known to me or proved to me on the basis of satisfactory evidence to be said person, and acknowledged to me that he/she executed the same in his/her authorized capacity and signed this document as a free and voluntary act.
  Witness my hand and official seal: _____.
  Address: _____
  My commission expires: _____

## NOTICE REGARDING YOUR DISTRIBUTION

SUMMARY

A payment from the Plan that is eligible for "Rollover" can be taken in two ways. You can have **all or any portion** of your payment either (1) paid in a DIRECT ROLLOVER; or (2) paid to you. The choice will affect the tax you owe.

If you choose a DIRECT ROLLOVER, your payment will:
NOT be taxed in the current year and no income tax will be withheld.

Be made directly to your IRA, or to another employer plan that accepts your rollover.

Be taxed later when you take it out of the IRA or the new employer plan.

If you choose to have your Plan benefits PAID TO YOU:
You will receive only 80% of the payment, because the Plan Administrator is required to withhold 20% of the payment and send it to the IRS as federal income tax withholding to be credited against your taxes.

Your payment will be taxed in the current year, unless you roll it over. You may be able to use special tax rules that could reduce the tax you owe. However, if you receive the payment before age 59 1/2, you also may have to pay an additional 10% tax.

You can roll over the payment by paying it to your IRA or to another employer plan that accepts your rollover within 60 days of receiving the payment. The amount rolled over will not be taxed until you take it out of the IRA or employer plan.

If you want to roll over 100% of the payment to an IRA or an employer plan, you must find other money to replace the 20% that was withheld. If you roll over only the 80% that you received, you will be taxed on the 20% that was withheld and that is not rolled over.

MORE ABOUT DIRECT ROLLOVERS

### DIRECT ROLLOVER TO AN IRA

You can open an IRA to receive the direct rollover. If you choose to have your payment made directly to an IRA, contact an IRA Sponsor (usually a financial institution) to find out how to have your payment made in a direct rollover to an IRA at that institution. See IRS Publication 590, Individual Retirement Arrangements for more information on IRAs (including limits on how often you can rollover between IRAs).

### DIRECT ROLLOVER TO A PLAN

If you are employed by a new employer that has a plan, and you want a direct rollover to that plan, ask the administrator of that plan whether it will accept your rollover. An employer plan is not legally required to accept a rollover. If you new employer's plan does not accept a rollover, you can choose a direct rollover to an IRA.

### DIRECT ROLLOVER OF A SERIES OF PAYMENTS

If you receive eligible rollover distributions that are paid in a series for less than ten years, your choice to make or not make a direct rollover for a payment will apply to all later payments in the series until you change your election. You are free to change your election for any later payment in the series.

INCOME TAX WITHHOLDING
Remember, if you have the payment MADE TO YOU, it is subject to 20% Federal Income Tax withholding. The payment is taxed in the year you receive it unless, within 60 days, you roll it over to an IRA or another plan that accepts rollovers. If you do not roll it over, special tax rules may apply.

### MANDATORY WITHHOLDING

If any portion of the payment to you is an eligible rollover distribution, the Plan is required by law to withhold 20% of that amount for Federal taxes. This amount is sent to the IRS as income tax withholding.

For example, if your eligible rollover distribution is $10,000, only $8,000 will be paid to you because the Plan must withhold $2,000 as income tax. However, when you prepare your income tax return for the year, you will report the full $10,000 as a payment from the Plan. You will report the $2,000 as tax withheld, and it will be credited against any income tax you owe for the year.

### VOLUNTARY WITHHOLDING

If any portion of your payment is not an eligible rollover distribution but is taxable, the mandatory withholding rules described above do not apply. In this case, you may elect not to have withholding apply to that portion. To elect out of withholding, ask the Plan Administrator for the election form and related information.

### SIXTY-DAY ROLLOVER OPTION

If you have an eligible rollover distribution paid to you instead of directly to another Plan or IRA, you can still decide to roll over all or part of it to an IRA or another employer plan that accepts rollovers. If you decide to roll it over, <u>you must make the rollover within 60 days after you receive the payment</u>. The portion of your payment that is rolled over will not be taxed until you withdraw it from the IRA or new employer plan. You can roll over up to 100% of the eligible rollover distribution, including an amount equal to the 20% that was withheld. On the other hand, if you roll over only the 80% that you received, you will be taxed on the 20% that was withheld.

> For example: Your eligible rollover distribution is $10,000, and you choose to have it paid to you. You will receive $8,000 and $2,000 will be sent to the IRS as income tax withholding. Within 60 days after receiving the $8,000, you may roll over the entire $10,000 to an IRA or employer plan. To do this, you will have to provide the $2,000 from other sources (your savings, etc). In this case, the entire $10,000 is not taxed until you take it out of the IRA or new employer plan. If you roll over the entire $10,000, when you file your income tax return you may get a refund of the $2,000 withheld.
>
> If, instead, you roll over only $8,000, the $2,000 you did not roll over is taxed in the year it was withheld. When you file your income tax return you may get a refund of part of the $2,000 withheld. However, any refund is likely to be larger if you roll over the entire $10,000.

### ADDITIONAL 10% TAX IF YOU ARE UNDER AGE 59 1/2

If you receive a payment before you reach age 59 1/2 and you do not roll it over, then, in addition to the regular income tax (20%), you may have to pay an extra tax equal to 10% of the taxable portion of the payment. The additional tax does not apply to your payment if it is:

1. Paid to you because you separate from service with your employer during or after the year you reach age 55
2. Paid because you retire due to disability
3. Paid to you as equal (or almost equal) payments over your life or life expectancy (or you and your beneficiary's lives or life)
4. Used to pay certain medical expenses.

See IRS Form 5329 for more information on the additional 10% tax.

### SPECIAL TAX TREATMENT

If your Eligible Rollover Distribution is not rolled over, it will be taxed in the year you receive it. However, if it qualifies as a "Lump Sum Distribution", it may be eligible for special tax treatment. A lump sum distribution is a payment, within one year, of your entire balance under the Plan (and certain other similar plans of the employer) that is payable to you because you have reached age 59 1/2 or have separated from service with your employer. For a payment to qualify as a lump sum distribution, you must have been a participant in the Plan for at least five years. The special tax treatment is described below:

### FIVE-YEAR AVERAGING

If you receive a lump sum distribution after you are age 59 1/2, you may be able to make a one-time election to figure the tax on the payment by using "five-year averaging". Five year averaging often reduces the tax you owe because it treats the payment much as if it were paid over 5 years.

### TEN-YEAR AVERAGING

If you were born before January 1, 1936, you can make a one-time election to figure the tax on the payment by using "ten year averaging". Like the five year averaging rules, 10 year averaging often reduces the tax you owe.

### CAPITAL GAIN TREATMENT

If you were born before January 1, 1936, you may elect to have the part of your payment that is attributable to your pre-1974 participant in the Plan (if any) taxed as long-term capital gains at a rate of 20%.

There are other limits on the Special Tax Treatment for lump sum distributions. For example, you can generally elect this special tax treatment only once in your lifetime, and the election applies to all lump sum distributions that you receive in that same year. Additional information and restrictions are described in IRS Form 4972.

**INSTRUCTIONS FOR COMPLETING THE DISTRIBUTION REQUEST FORM**

| Heading | What to Do |
|---|---|
| Participant Information | Complete name, SSN, marital status, mailing address and daytime telephone number (email address optional) |
| Form of Distribution | Select how you want your account balance distributed. If you are "rolling over" to an IRA or another qualified plan, you must provide mailing instructions and account number. Or, if you prefer, the check can be made payable to the institution but mailed to you. This will NOT create a taxable event for you. |
| Participant/Payee Certification and Signature | Your distribution request cannot be processed without your signature. |
| Spousal Consent | Spousal consent is required if you are married AND your account balance is $5,000 or greater. Your spouse's signature must be notarized. |

After you've completed the form, MAIL it to:
    JM Pension Advisory, Inc.
    15807 Crabbs Branch Way
    Suite B
    Derwood Maryland   20855

If you have any questions, please contact us at 301/417-0099 or email Kristeen Biss at kristeen@jmpension.com